Bruce L. Thall, Esquire
Heather Eichenbaum, Esquire
David B. Picker, Esquire [DP-9658]
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8888 / FAX- (215) 241-8844
*Lead Counsel For Plaintiffs*

Edward Finkelstein, Esquire [EF-2805]
TARTER, KRINSKY & DROGIN P.C.
1350 Broadway
New York, New York 10018
Tel: 212-216-8000 / FAX- 212-216-8001
*Local Counsel For Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| DREAMLAND AMUSEMENTS, INC., TOY CIRCUS, INC., CROSSROADS TRUCKING CORP., ROBERT DESTEFANO, and KATHRYN DESTEFANO, <br><br> Plaintiffs, <br><br> v. <br><br> THE HONORABLE ANDREW M. CUOMO, ATTORNEY GENERAL, OFFICE OF THE ATTORNEY GENERAL, STATE OF NEW YORK, <br><br> Defendant. | C. A. No. 08-Civ-6321(JGK) |

---

**MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION**

Dreamland Amusements, Inc., Toy Circus, Inc., Crossroads Trucking Corp., Robert DeStefano and Kathryn DeStefano (hereinafter "Plaintiffs"), by and through their undersigned counsel, respectfully pray that this Honorable Court enter an injunction in the form

attached hereto. In support of their motion, filed pursuant to Fed.R.Civ.P. 65, the following facts are averred:

1. The New York State Attorney General has represented orally and in writing that its investigation, as well as the violations that it has thus far found, are premised solely upon its contention that Dreamland did not pay to its H-2B alien, seasonal employees the "actual prevailing wage" as is set forth on the preprinted United States Department of Labor Form ETA-750, Alien Employment Certification, at paragraph 23(b), which form is submitted to and approved by the United States Departments of Labor and Homeland Security.

2. The State Attorney General deems preprinted paragraph 23(b) of the Form ETA-750 of the United States Department of Labor to be a condition of Dreamland's contract with the United States Departments of Labor and Homeland Security, which Dreamland has breached through not paying the "actual prevailing wage," which failures the Attorney General deems "repeated fraudulent and illegal acts" and/or "persistent fraud and illegality" under New York Executive Law 63(12), and other New York statutes and laws.

3. Plaintiffs, including Dreamland, contend that they have paid their H-2B alien, seasonal employees all wages required under federal law.

4. Plaintiffs, including Dreamland, contend that the "actual prevailing wage" per the certification in the Form ETA-750 preprinted at paragraph 23(b) does not contemplate nor can it require the incorporation of wages, hours, and overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., because the sole Plaintiff entity that employs H-2B alien, seasonal workers -- Dreamland -- is an amusement establishment specifically exempted from the FLSA requirements. 29 U.S.C. § 213(a)(3)(B).

5.  At the hearing in connection with the instant motion, Plaintiffs will submit proofs that they are an exempt amusement establishment under 29 U.S.C. § 213(a) in that, pursuant to subsection (3)(B) thereunder, Dreamland's average receipts for any six months of the preceding calendar year were not more than 33 1/3 percentum of its average receipts for the other six months of the year.

6.  Regardless, this fact is not essential to this Court's disposition of Plaintiffs' motion.

7.  Plaintiffs respectfully submit that the Supremacy Clause of the United States Constitution in *haec verba* commands that the laws of the United States shall be the "supreme law of the land." U.S. Const. Art. VI, cl. 2. It is well established that Congress possesses the power to preempt state law. Such preemption may be made by an explicit mandate contained in a federal enactment or by the contents and substance and breadth of the federal law and regulatory scheme itself, which evidence an intent to occupy the field of regulation, and thereby displace any and every state law on the same subject. Thus, it has long been the law that the exercise by Congress of its power to make laws based upon the commerce and immigration clauses of the Constitution have the effect of barring even complementary state law claims for relief or remedies, once the federal government has acted to occupy the field. See, e.g., Hines v. Davidowitz, 312 U.S. 52, 66-67 (1941).

8.  The United States Departments of Homeland Security and Labor, and the Attorney General of the United States have had vested in them by Congress the "administration and enforcement of the chapter and all other laws relating to the immigration and naturalization

3

of aliens." 8 U.S.C. § 1102(a). The powers so vested are virtually coextensive with the power to regulate immigration. See, 8 U.S.C. § 1103, including (g) thereunder; 8 U.S.C. § 1324(a)(h)(2).

9. A subset of that broad grant of power is found within 8 U.S.C. § 1184, headed "Admission of Non-Immigrants." Pursuant to that statute, at subsection (a), the admission of any alien as a non-immigrant "for such time and other such conditions" as the Federal Executive Branch may prescribed is squarely-bottomed. Within that section are provisions imposing fraud prevention and detection fees upon any employer filing a false Form ETA-750, and other petitions. 8 U.S.C. § 1184(c)(13)(A) and (B).

10. This statute also empowers the Secretary of the Department of Homeland Security to hold hearings and, after notice and an opportunity to be heard, impose fines and penalties upon an employer who submits false or fraudulent applications in order to obtain and/or retain H-2B employees. See, e.g., 8 U.S.C. § 1184(c)(14)(A).

11. The United States Code of Federal Regulations contains more than thirty (30) pages addressing only seasonal alien temporary workers. 8 C.F.R. § 214.2(h)(1), et seq., sets forth the obligations of employers of H-2B workers as well as the effects and consequences of breaching the terms and conditions of such employer's certification on the Form ETA-750, or contracts resulting therefrom, or wages paid to the H-2B workers. In this regard, under C.F.R. § 214.2(h)(11)(B), the Secretary may revoke a petition at any time even after its expiration, based upon the petitioner's statement of facts contained in the petition being "not true and correct" or, if the petitioner has "violated the terms and conditions of the approved petition", or any of the other standards set forth therein.

12. Moreover, were the conduct of a petitioner deemed sufficiently offensive, egregious, inexcusable, or otherwise unlawful, the petitioner, such as Dreamland, faces investigation and potential criminal prosecution by the United States Department of Justice for, inter alia, false statements under 18 U.S.C. § 1001; mail fraud, under 18 U.S.C. § 1341, wire fraud under 18 U.S.C. § 1343, or even RICO, under 18 U.S.C. § 1961.

13. Plaintiffs respectfully submit that the federal statutory and regulatory scheme and mechanisms are designed to and do provide exclusive Federal jurisdiction over the matters which the State Attorney General claims he is investigating. Thus, preemption precludes the New York State Attorney General from investigating and thereafter prosecuting any claim based in whole or in part upon any and every state statutory or common law claim for relief arising from the alleged failure of Dreamland to pay its H-2B employees the "actual prevailing wage" regardless of the State Attorney General's contention regarding the computation of the actual prevailing wage.

14. As an additional ground for requiring preemption, Plaintiffs respectfully submit that the determination of the "actual prevailing wage" to be paid to H-2B alien, seasonal employees by an organization such as Dreamland which is or claims that it is an amusement establishment specifically exempted from the FLSA's requirements regarding wages, hours and overtime, is in and of itself a federal question which preemption compels be answered solely by the federal authorities, in this case, the United States Departments of Labor and Homeland Security, through the mechanisms set forth above.

15. Plaintiffs respectfully submit that the Immigration and Naturalization Act and the federal regulations enacted in furtherance thereof provide a complete and total procedural and substantive framework through and within which any aggrieved person may raise a claim sounding in breach of contract or fraud of any employer or petition in connection with either the Certification for Alien Employment [Form ETA-750] or the subsequent term and conditions of the employment of the alien with respect to wages, hours and overtime, including administrative, civil, and criminal sanctions.

16. The New York State Attorney General is without the power, jurisdiction or standing to pursue any such claim under state statutory law or state common law. The New York State Attorney General lacks the power, jurisdiction or standing to pursue any such claims under federal law.

17. Plaintiffs submit that they have established a likelihood of success on the merits of their claim; their lack of an adequate remedy at law in view of the 11th Amendment and the immunity clothing the actions of the Defendant; their irreparable harm through the investigation and subsequent prosecution; and that the public interest is served through the submission to the appropriate federal authorities of the questions here raised by the State Attorney General.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter an Order in the form attached hereto, precluding on grounds of preemption the New York State

Attorney General from investigating and prosecuting Dreamland or any of the Plaintiffs arising from the Alien Employment Certificate Form ETA-750 with respect to wages, hours and overtime due or paid to H-2B workers, or wages, hours and overtime payments to or otherwise due to H-2B workers.

                Respectfully submitted,

                TARTER KRINSKY & DROGIN, PC

                Edward Finkelstein, Esquire [EF-2805]
                1350 Broadway
                New York, NY 10018
                212-216-8000/FAX - 212-216-8801
                *Local counsel for Plaintiffs*

Bruce L. Thall, Esquire
Heather M. Eichenbaum, Esquire
David B. Picker, Esquire [DP-9658]
SPECTOR GADON & ROSEN, PC
1635 Market Street, 7th Floor
Philadelphia, PA 19103
214-241-8888/FAX - 215-241-8844
*Counsel for Plaintiffs*