UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DREAMLAND AMUSEMENTS, INC.,
TOY CIRCUS, INC., CROSSROADS
TRUCKING CORP., ROBERT DESTEFANO,
and KATHRYN DESTEFANO,

     Plaintiffs,

     -- against --

THE HONORABLE ANDREW M. CUOMO,
ATTORNEY GENERAL OF THE STATE OF
NEW YORK, OFFICE OF THE ATTORNEY
GENERAL,

     Defendant.

No. 08 Civ. 6321 (JGK)
ECF Case

AFFIDAVIT IN SUPPORT
OF DEFENDANT'S MOTION
TO DISMISS THE COMPLAINT

STATE OF NEW YORK   )
                    ) :ss.
COUNTY OF NEW YORK )

Julian R. Birnbaum, being duly sworn, deposes and says:

     1.    I am a Section Chief in the Civil Rights Bureau in the office of Andrew M.

Cuomo, Attorney General of the State of New York ("Attorney General"), defendant in

this proceeding, and am fully familiar with the facts and circumstances set forth.

     2.    I submit this affidavit in support of the defendant's motion, pursuant to

Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the Complaint of plaintiffs Robert F.

DeStefano, Jr., Kathryn L. DeStefano, Dreamland Amusements Inc., Toy Circus, Inc.,

and Crossroads Trucking Corp. ("plaintiffs").

     3.    On July 29, 2008, the Attorney General filed a state court action to compel

plaintiffs' compliance with subpoenas duces tecum and ad testificandum issued pursuant

to Executive Law §63(12) in connection with an investigation into alleged fraudulent

and/or illegal business practices of plaintiffs, <u>Cuomo v. Dreamland Amusements Inc.</u>, Index No. 401816/08 (S. Ct. N. Y. Cty.), filed July 29, 2008.

4.    In support of the Attorney General's state court action, Assistant Attorney General Andrew J. Elmore submitted an affidavit setting forth the nature and basis of the investigation and the events leading up to plaintiffs' noncompliance. Attached hereto as Exhibit A is the Affidavit of Assistant Attorney General Andrew J. Elmore, sworn to July 29, 2008.

5.    In further support of the Attorney General's state court action, the Attorney General filed in state court a brief explaining the state court's authority to order plaintiffs to comply with the subpoenas.    Attached hereto as Exhibit B is the Memorandum in Support of Petitioners' Motion to Compel Respondents to Comply with Subpoenas.

6.    On July 30, 2008, Justice Joan B. Lobis entered an Order to Show Cause why an order should not be made to compel plaintiffs to comply with subpoenas <u>duces tecum</u> and <u>ad testificandum</u>, with a return date of August 12, 2008. Attached hereto as Exhibit C is the entered Order to Show Cause.

*Julian R. Birnbaum*

Julian R. Birnbaum

Sworn to before me
this 6th day of August, 2008

Notary

JUDITH MARBLESTONE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02MA6156908
Qualified In Kings County
My Commission Expires December 04, 2010

2

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

IN THE APPLICATION OF ANDREW M. CUOMO, ATTORNEY GENERAL OF THE STATE OF NEW YORK,

                                  Petitioner,

for an Order under C.P.L.R. § 2308(b) to enforce compliance with subpoenas

               --against--

DREAMLAND AMUSEMENTS INC.; TOY CIRCUS, INC.; CROSSROADS TRUCKING CORP.; ROBERT F. DESTEFANO, JR.; KATHRYN L. DESTEFANO; and any other owners and corporate officers of Dreamland Amusements Inc., Toy Circus, Inc., and/or Crossroads Trucking Corp.,

                               Respondents.

Index No.

**AFFIDAVIT**

---

STATE OF NEW YORK    )
                       ) :ss.
COUNTY OF NEW YORK  )

Andrew J. Elmore, being duly sworn, deposes and says:

1.     I am an Assistant Attorney General in the office of Andrew M. Cuomo, Attorney General of the State of New York ("Attorney General"), petitioner in this proceeding, and am fully familiar with the facts and circumstances set forth.

2.     I submit this affidavit in support of the application, pursuant to C.P.L.R. § 2308(b), to compel compliance with five subpoenas issued by the Attorney General and duly served upon respondents Robert F. DeStefano, Jr., Kathryn L. DeStefano, Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp., (collectively referred to as "Respondents").

3.     The aforementioned subpoenas were issued pursuant to Executive Law § 63(12) in connection with an investigation into alleged fraudulent and/or illegal business practices of Respondents for (a) failure to pay proper wages to employees, (b) failure to comply with statutory record-keeping requirements, (c) discriminatory employment practices, and (d) maintenance and operation of unsafe and unsanitary housing for employees.

4.     As more fully set forth in the accompanying memorandum of law, the Attorney General has the authority to issue subpoenas for alleged illegality and fraud and Respondents have not and cannot demonstrate any legitimate basis for refusing to comply with the subpoenas.

### STATUTORY FRAMEWORK

5.     Executive Law § 63(12) provides that "[w]henever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, the Attorney General may apply, [inter alia] . . . for an order enjoining the continuance of such business activity [and] . . . directing restitution and damages."

6.     Executive Law § 63(12) also provides that in connection with such application, "the Attorney General is authorized to take proof and make a determination of the relevant facts and to issue subpoenas in accordance with the civil practice law and rules[.]"

7.     Under the Labor Law, it is illegal to fail to pay full wages, regardless of the basis for determining the wages. See Labor Law §§ 190(1), 198(3). At a minimum, all employees, with certain exceptions not relevant here, are entitled to the state

minimum wage and overtime at the rate of one and one half-times an employee's regular rate of pay (and in no circumstances less than the rate of one and one-half times the state minimum wage) for hours worked in excess of 40 per week. See Labor Law §§ 651-652; 12 N.Y.C.R.R. §§ 142-2.1, 142-2.2, 142-2.14. The Labor Law also requires that employers keep certain records of, inter alia the wages paid to and hours worked by employees. See Labor Law §§ 161, 195, 661; 12 N.Y.C.R.R. § 142-2.6.

8.    The New York State Human Rights Law, Executive Law § 296.1(a), and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-107.1(a), prohibit discrimination in the terms and conditions of employment, including compensation paid to employees, on the basis of race, color, alienage and national origin.

9.    Regulations promulgated under the New York State Sanitary Code, 10 N.Y.C.R.R. Subpart 7-3, require that certain owners and operators of trailers used for housing meet hygienic standards, including, inter alia, functional showers and waste systems and preventing and eliminating insect infestations.

## SUBJECTS OF THE INVESTIGATION

10.   Upon information and belief Robert F. DeStefano, Jr. and Kathryn L. DeStefano (collectively referred to as "the DeStefanos") are the owners, officers, and/or operators of three carnival and amusement companies doing business in New York: Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp. (collectively referred to as "Dreamland"). Upon information and belief, the DeStefanos reside at 2 Olympia Lane, Stony Brook, New York 11790.

3

11.   Dreamland Amusements Inc., EIN 37-1462629, was incorporated in 2002 in the State of New York. Toy Circus, Inc., EIN 11-3547009, was incorporated in 1999 in the State of New York. In 2002, Crossroads Trucking Corp., EIN 37-1431719, was incorporated in the State of New York. The principal office of each of these three corporations is located at 2 Olympia Lane, Stony Brook, New York 11790, which also serves as the mailing address for the DeStefanos. Certified copies of the Certificates of Incorporation of Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp. that were filed with the New York State Department of State ("NYS DOS"), as well as printouts from the NYS DOS website showing that each of these three corporations is an active New York corporation, are attached hereto as Exhibit A. Certified copies of biennial statements of Toy Circus, Inc. and Crossroads Trucking Corp. are also attached hereto as Exhibit A.

12.   The Attorney General's preliminary investigation has revealed that Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp. jointly operate the traveling carnival business known as Dreamland and, for all intents and purposes, these corporate entities appear to operate as a single enterprise.

## BASIS OF THE INVESTIGATION

13.   Beginning on or around May 2007, the Attorney General's Office began receiving complaints that Respondents were engaging in unlawful conduct including but not limited to failing to pay lawful wages and subjecting certain employees to discriminatory treatment.

4

14.  Respondents operate fairs throughout New York State for as much as one half of the approximately nine months they operate each calendar year.    Since April 2008, Respondents have operated their traveling carnival in Richmond, Rockland, Suffolk, New York, Westchester, and Nassau counties, and by September 2008, likely will have operated in Ulster, St. Lawrence, Richmond, Essex, Westchester, and Nassau counties as well.

15.  Based upon documents and other information received by the Attorney General, since at least January 2007, it appears that Dreamland has employed up to one hundred twenty five (125) employees each year, up to one third of whom are foreign nationals from Mexico hired on a seasonal basis as employees under the H-2B visa program, for temporary, nonagricultural work ("H-2B employees"). The H-2B employees work as ride operators, carnival laborers, and/or amusement attendants, the primary duties of which include unpacking and assembling rides, games, and concession stands upon arrival at a new venue, testing rides and maintaining the fair grounds and equipment before and after fair hours, operating rides while the fair is in operation, disassembling the rides, games and concession stands and packing them into commercial vehicles after the fair is complete, and traveling to Dreamland's next fair venue.

16.  Employers seeking to hire employees on H-2B visas must first submit an application for temporary labor certification, known as an Application for Alien Employment Certification (referred to as an "ETA 750"), to the State Workforce Agency having jurisdiction over the area of intended employment, here the New York State Department of Labor ("NYS DOL"). See 20 C.F.R. 655.2; 70 Fed.

Reg. 41,430 (U.S. Dep't of Labor July 19, 2005); Foreign Labor Certification Training and Employment Guidance Letter No. 21-06, Change 1 (U.S. Dep't of Labor June 25, 2007) ("TEGL 21-06, Change 1"). The NYS DOL, among other responsibilities, makes a determination of the prevailing wage and supervises recruitment of U.S. workers. See TEGL 21-06, Change 1.

17.    Employers must offer and subsequently pay for the entire period of employment a wage that is equal to or exceeds the prevailing wage and must provide terms and conditions of employment that are not less favorable than those offered to the H-2B guest workers.    Only fulltime employment qualifies for temporary employment under the H-2B program. See TEGL 21-06, Change 1.

18.    The NYS DOL transmits complete ETA 750s that meet these qualifications to the U.S. Department of Labor ("US DOL") for certification. See 20 C.F.R. § 655.3; TEGL 21-06, Change 1. The labor certification is filed along with the employer's petition for an H-2B visa (referred to as an I-129 Petition for A Nonimmigrant Worker) submitted to the United States Citizenship and Immigration Services ("US CIS") of the U.S. Department of Homeland Security for a determination whether the employer's petition to employ individuals under an H-2B visa is approved. Id.

19.    Each employer is required to make a number of certifications on the ETA 750 under penalty of perjury. These employer certifications include that:

   a.    The employer has enough funds available to pay the wage and salary offered to the alien;

b.  The wage offered equals or exceeds the prevailing wage and the employer guarantees that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work;

c.  The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship;

d.  The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law; and,

e.  The job opportunity has been and is clearly open to any qualified U.S. worker.

A copy of a blank ETA 750 is attached hereto as Exhibit B.

20.  When employers utilize agents to assist with ETA 750s, employers must sign the ETA 750 stating that "I HEREBY DESIGNATE the agent below to represent me for purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent." See Exhibit B.

21.  Employers are required to make these representations and certifications on ETA 750s subject to criminal penalties.  On the top right corner of the first page, it states "To knowingly furnish any false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by $10,000 fine or 5 years in the penitentiary, or both (18 U.S.C. 1001)." See Exhibit B.  It also states, on the second page directly above the signature of the employer, "Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct." Id.

22.  Since on or around July 2005, Dreamland has submitted three ETA 750s to the NYS DOL that were certified by the US DOL to temporarily employ 40, 45, and 55 alien employees under the H-2B classification for the 2006, 2007, and 2008 seasons, respectively. Copies of these three ETA 750s, along with the US DOL certification letters, are attached hereto as Exhibit C.

23.  Robert DeStefano signed Dreamland Amusements Inc.'s ETA 750s dated July 13, 2005 and September 12, 2006, for the 2006 and 2007 seasons, respectively, and Kathryn DeStefano signed Dreamland Amusements Inc.'s ETA 750s dated August 8, 2007, for the 2008 season. See Exhibit C. The prevailing wage rates listed in each of these ETA 750s is higher than New York minimum wage, and each includes the certifications listed in paragraphs 19 and 20 above. Id.

24.  The Attorney General's preliminary investigation indicates that, based on these sworn representations and certifications, Dreamland Amusements Inc. was granted authorization to hire and did hire H-2B employees during the 2006, 2007, and 2008 seasons as ride operators, and that the wage Respondents actually paid its employees has been lower than both the prevailing wage represented in the ETA 750s, and than that required under State minimum wage and overtime laws.

25.  The Attorney General has received documents from Dreamland that purport to be payroll records from 2006 to the present that indicate that Dreamland has failed to pay its employees' wages as required by Articles 6 and 19 of the Labor Law, and regulations promulgated thereunder, during this period. For example, employee complaints and surveillance of the worksite indicate that employees regularly worked well over 40 hours per week, but were paid the same amount per week

regardless of the hours worked.    Dreamland's payroll records provided corroborate that since at least 2006, Dreamland employees have been paid the same amount each week, and that the amounts are far less than the full wage payment required under the Labor Law.

26.    Furthermore, Respondents have not produced records of the daily and weekly hours worked by employees. If Respondents failed to keep time records, it would violate the recordkeeping requirements of the Labor Law and raise questions about whether Respondents misrepresented the hours per week in the ETA 750s.

27.    The complaints to the Attorney General also allege disparate treatment of H-2B employees based on race, color, alienage, and national origin, and unhygienic and overcrowded housing for employees by Respondents.

28.    Based on this information and a preliminary investigation conducted by the Attorney General's Office ("the Office"), there is evidence that the Respondents have engaged and may continue to be in engaging in repeated and persistent fraudulent and illegal conduct under Executive Law § 63(12) by violating, inter alia, Articles 6 and 19 of the Labor Law; 12 N.Y.C.R.R. Part 142; Executive Law §§ 290 et seq.; the New York City Human Rights Law, New York Administrative Code §§ 8-101 et seq.; and 10 N.Y.C.R.R. Subpart 7-3 by:

    a.    failing to pay the full wages required under the law, including the H-2B prevailing wage;

    b.    failing to pay overtime compensation, at the rate of one and one-half times the employees' regular rate for hours worked in excess of 40 in a given week, or at least at the rate of one and one-half times the minimum wage;

c.    conducting discriminatory employment practices by paying employees differently based on their race, color, alienage or national origin;

d.    failing to provide safe and hygienic housing to employees;

e.    failing to comply with record-keeping and other requirements under the Labor Law; and,

f.    misrepresenting to New York State the wages and working conditions of Dreamland employees.

### THE SUBPOENAS

29.    Subpoenas ad testificandum and duces tecum dated May 23, 2008 were served on Robert F. DeStefano, Jr. and Kathryn L. DeStefano on May 27, 2008 by personal service, and on Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp., on May 28, 2008 by service upon the New York State Secretary of State. Copies of these subpoenas and affidavits of service are attached hereto as Exhibit D (only one copy of the subpoena duces tecum is attached because the same subpoena duces tecum was served on all five respondents).

30.    The subpoenas ad testificandum dated May 23, 2008 and served on Robert F. DeStefano, Jr. and Kathryn L. DeStefano ordered them to produce certain documents by June 5, 2008 and to appear and testify at the New York State Attorney General's Office, Civil Rights Bureau, 120 Broadway, 3rd Floor, New York, NY 10271 on June 17, 2008. See Exhibit D.

31.    The subpoenas duces tecum dated May 23, 2008 and served on Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp. ordered them to produce certain documents by June 5, 2008 and to appear and testify (via a

10

corporate representative(s)) at the New York State Attorney General's Office, Civil Rights Bureau, 120 Broadway, 3rd Floor, New York, NY 10271 on June 10, 2008. See Exhibit D.

32.    Supplemental subpoenas duces tecum dated July 8, 2008 were served on Robert F. DeStefano, Jr., Kathryn L. DeStefano, Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp. A copy of the supplemental subpoena duces tecum (which was served on all five respondents) is attached hereto as Exhibit E. The supplemental subpoenas duces tecum ordered Respondents to produce certain documents by July 15, 2008. Respondents' counsel, Bruce Thall of Spector Gadon & Rosen P.C., agreed to accept service of the supplemental subpoenas duces tecum on behalf of his clients; they were also served on Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp. via the New York State Secretary of State. A copy of an electronic mail from Thall dated July 8, 2008 indicating his acceptance of service of the supplemental subpoenas duces tecum is also attached hereto as Exhibit E. Copies of affidavits of service of the subpoenas duces tecum on the New York State Secretary of State are also attached hereto as Exhibit E.

33.    The subpoenas duces tecum dated May 23, 2008 and July 8, 2008 all requested documents related to, inter alia, corporate ownership, revenue, expenses, and assets, payroll records, time records, representations of work hours and wage rates, tax records, and fair schedules and permits, workers compensation policies, employee information, anti-discrimination policies, procedures, practices, and complaints, and vehicle information from 2002 through the present.

## RESPONDENTS' FAILURE TO COMPLY WITH THE SUBPOENAS

34.　On May 29, 2008, I spoke with Robert DeStefano who represented that Respondents would fully cooperate with this investigation.

35.　On June 2, 2008, I spoke with Respondents through their newly-retained attorney, Bruce Thall of Spector Gadon & Rosen, P.C. At that time, Mr. Thall indicated that Respondents had responsive documents, and requested additional time with which to produce them. I indicated that Respondents should produce as many of the documents as possible by the return date, and he represented that Respondents would comply. I sent to Mr. Thall a confirming letter, which elicited no response from Mr. Thall. A copy of this letter dated June 2, 2008 is attached hereto as Exhibit F.

36.　By June 5, 2008, Respondents had not produced any documents responsive to the subpoenas duces tecum.

37.　On June 6, 2008, I received a letter dated June 5, 2008 from Mr. Thall in which he stated his intention to "ensure compliance with [the] subpoena," and that he was reviewing relevant documents from Respondents. A copy of Thall's letter dated June 5, 2008 is attached hereto as Exhibit G. I spoke with Mr. Thall, who indicated that Respondents would produce documents on a rolling basis (which he began to produce on June 9), and asked to postpone the June 10, 2008 hearing until the following week.

38.　By electronic mail dated June 13, 2008, the Office agreed to postpone the subpoena duces tecum hearing to June 19, 2008, and the subpoena ad

testificandum hearing to June 23, 2008. A copy of this June 13, 2008 electronic mail is attached hereto as Exhibit H.

39.    On Wednesday, June 18, 2008, the day before the re-scheduled hearing, Mr. Thall called and stated that Respondents could not appear to testify on June 19, 2008 or June 23, 2008. He stated that he and Respondents would make themselves available on June 26 and 27, 2008 to discuss a settlement proposal and for his clients to testify if no settlement were forthcoming.

40.    On June 23, 2008, I sent an electronic mail to confirm the second adjournment of Respondents' subpoena hearing to June 26, 2008, and to explain the procedures of a subpoena hearing. A copy of this June 23, 2008 electronic mail is attached hereto as Exhibit I.

41.    On June 24, 2008, Mr. Thall sent a letter to me asserting that the Attorney General lacked jurisdiction over Respondents' alleged repeated fraudulent and illegal conduct. Further, Mr. Thall stated "my clients will not appear for your oral examination pursuant to Executive Law Section 63(12). . . ." A copy of Thall's letter dated June 24, 2008 is attached hereto as Exhibit J.

42.    On June 26, 2008, Mr. Thall appeared at a settlement conference without Respondents. The Attorney General provided to Mr. Thall ETA 750 forms signed by the DeStefanos and filed by Dreamland Amusements Inc. with the NYS DOL for the 2006, 2007, and 2008 seasons. Copies of Dreamland Amusements Inc.'s ETA 750s for the 2006, 2007, and 2008 seasons that were provided to Thall are attached hereto as Exhibit C. We also informed Mr. Thall that employee complaints, surveillance of the worksite, and the documents produced by

Respondents support the allegations that Dreamland and the DeStefanos failed to pay the prevailing wages, discriminated against H-2B employees, and maintained substandard and unsanitary housing for employees.

43. Later on June 26, 2008, Mr. Thall requested that I provide to him the Attorney General's authority to investigate this matter. A copy of an email from Thall on June 26, 2008 is attached hereto as Exhibit K. On June 27, 2008, the Office responded to Mr. Thall's request in writing, describing non-exclusive bases of jurisdiction – persistent and repeated unlawful conduct under Executive Law § 63(12) by fraudulently and/or illegally (a) failing to pay full wages and overtime required under the law, (b) making material misrepresentations to the NYS DOL regarding the wages Respondents intended to pay their employees, and (c) violating civil rights laws and the state sanitary code. The letter also stated that Respondents have a continuing obligation to provide testimony pursuant to Executive Law Section 63(12), and that the Attorney General would move to compel Respondents' testimony if they refused to appear for a hearing. A copy of the Office's letter dated June 27, 2008 is attached hereto as Exhibit L.

44. On July 1, 2008, Mr. Thall contradicted his earlier position (see paragraph __ above) that he would not allow his clients to testify and stated that "I would have to advise them to assert their Fifth Amendment rights." A copy of Thall's July 1, 2008 electronic mail is attached hereto as Exhibit M.

45. On July 1, 2008, the Office wrote again to Mr. Thall, noting that he had not contacted me regarding his clients' response to our settlement offer, providing his clients a final deadline of July 15, 2008 to provide testimony pursuant to the

14

subpoenas <u>ad testificandum</u>, and again stating that if Respondents failed to appear, that the Attorney General would move to compel their testimony. A copy of the Office's letter dated July 1, 2008 is attached hereto as Exhibit N. I again informed Mr. Thall of the Attorney General's practice of permitting counsel to appear at the hearing, and his clients' rights at the hearing, including personal privileges such as the privilege against self-incrimination.

46. On July 2, 2008, Mr. Thall wrote again to the Attorney General, asserting that the subpoena hearings would violate Respondents' rights, and now stating that "should . . . you proceed to an office subpoena on July 15, or any other date, I will instruct my clients not to testify[.]" A copy of Thall's July 2, 2008 letter is attached hereto as Exhibit O.

47. On July 3, 2008, the Office provided Mr. Thall with authority for the Attorney General's hearing procedures, and repeated that it is our practice to permit counsel to be present at subpoena hearings. A copy of the Office's July 3, 2008 letter is attached hereto as Exhibit P.

48. On July 8, 2008, the Attorney General served Respondents with the aforementioned supplemental subpoena <u>duces tecum</u>, service of which was accepted by their counsel, Mr. Thall. <u>See</u> Exhibit E.

49. On July 8, 2008, Mr. Thall responded to the Attorney General's settlement offer by stating that the Attorney General lacks the jurisdiction to conduct this investigation, repeating his assertion that his clients qualify for an exemption to federal and state wage and hour law,[1] and for the first time asserting that the

---

[1] Despite producing documentation responsive to wage and hour issues, Respondents claim that Dreamland employees fall within the federal Fair Labor Standards Act

Attorney General is preempted from enforcing fraudulent and illegal practices involving documents filed with the US DOL. A copy of Thall's letter dated July 8, 2008 is attached hereto as Exhibit Q.

50. On July 9, 2008, I spoke with Mr. Thall and asked if Respondents intended to attend the July 15, 2008 hearing. He stated that he had not yet read the cases cited in the Office's July 3, 2008 letters authorizing the Attorney General's subpoena hearing procedures, but that he would respond when he had. During this conversation I also asked Mr. Thall to respond regarding a proposed production schedule for the supplemental subpoenas, which he had agreed to comply with in a letter dated July 10, 2008, although he had requested a fourth adjournment of the hearings. A copy of Thall's letter dated July 10, 2008 is attached hereto as Exhibit R.

51. Shortly before 4:00 p.m. on July 14, 2008, the day before the final scheduled subpoena hearing, Mr. Thall sent a letter to the Attorney General, stating that Respondents would not appear for testimony at a subpoena hearing in connection

---

("FLSA") exemption from minimum wage and overtime that applies to "any employee employed by an establishment which is an amusement or recreational establishment . . . if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33 1/3 per centum of its average receipts for the other six months of such year. . ." 29 U.S.C. § 213(a)(3); see also 29 C.F.R. § 779.385. Even assuming this exemption were to apply to Respondents, FLSA expressly permits states to enact minimum wage and maximum hour laws that are more protective of employees than the federal minimum wage and overtime laws, see 29 U.S.C. § 218; 29 C.F.R. § 778.5, which New York has done by (a) enacting a minimum wage higher than the federal minimum wage that does not exempt from its coverage employees of amusement establishments, see Labor Law §§ 651-652; 12 N.Y.C.R.R. § 142-2.1, 142-2.14, and (b) requiring that employees subject to certain FLSA exemptions, including the amusement exemption, be paid overtime at no less than the reduced rate of one and one-half times the state minimum wage, see 12 N.Y.C.R.R. § 142-2.2. Moreover, to date Dreamland has failed to produce sufficient evidence that it falls within this FLSA exemption.

with this matter or produce further documents pursuant to the subpoenas <u>duces</u> <u>tecum</u> absent a court ruling. In this letter, he also informed us – for the first time – that Respondents "are sending out today for filing a complaint for declaratory judgment and injunctive relief" in federal court seeking to enjoin this investigation on the grounds that the Attorney General "lacks jurisdiction and standing in view of preemption and the overriding federal question." A copy of Thall's letter dated July 14, 2008 is attached hereto as Exhibit S. Also, a copy of Dreamland's complaint filed July 14, 2008 in the U.S. District Court for the Southern District of New York is attached hereto as Exhibit T. In this letter, Mr. Thall again requested a fourth postponement of the testimony. <u>Id</u>.

52.    Notwithstanding Respondents' purported intent to cooperate with the subpoenas <u>duces</u> <u>tecum</u>, their lack of intent to comply is evidenced by a reference in the federal complaint to documents responsive to the subpoenas but which Respondents have not produced. <u>See</u> Exhibit T.

53.    The Attorney General is preparing and will shortly file in federal court a motion to dismiss Dreamland's federal complaint, on the bases that, <u>inter alia</u>: (a) a motion to quash a subpoena in New York Supreme Court pursuant to C.P.L.R. § 2308(b) is the exclusive remedy for the relief that Respondents seek but failed to avail themselves of; (b) even assuming that Respondents did not choose the wrong forum, there is no federal jurisdiction; and (c) even assuming federal jurisdiction did existed, the federal court should abstain from deciding a complaint that seeks to enjoin an ongoing state proceeding, such as this investigation by the Attorney General.

## RESPONDENTS SHOULD BE COMPELLED TO COMPLY
## WITH THE SUBPOENAS

54.   Respondents Robert DeStefano and Kathryn DeStefano never appeared for examination pursuant to their subpoenas ad testificandum, nor did respondents Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp produce corporate representatives for examination pursuant to the subpoenas duces tecum.

55.   Contrary to repeated representations by Respondents that they would comply with requests for production of documents, Respondents have failed to produce documents pursuant to the subpoenas duces tecum dated May 23, 2008 and July 8, 2008 or to state when they will produce said documents.

56.   As set forth in the accompanying memorandum of law, there is no basis in fact or law for Respondents' failure to appear or produce documents pursuant to the aforementioned subpoenas.

57.   For the foregoing reasons, the Court should compel Respondents to appear and produce documents pursuant to the subpoenas.

58.   No previous application has been made for the relief sought in the motion to compel.

Dated: New York, New York
      July 29, 2008

                                              ANDREW J. ELMORE
                                              Assistant Attorney General

Sworn to before me
this 29th day of July, 2008

Notary

JUDITH MARBLESTONE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02MA6156908
Qualified in Kings County
My Commission Expires December 04, 2010

18

# EXHIBITS TO EXHIBIT A - PART ONE

# EXHIBIT

# A

# *STATE OF NEW YORK*

# *DEPARTMENT OF STATE*

I hereby certify that the annexed copy has been compared with the original document in the custody of the Secretary of State and that the same is a true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on June 25, 2008.

Paul LaPointe
Special Deputy Secretary of State

Rev. 06/07



F021219000068

## CERTIFICATE OF INCORPORATION

OF

## DREAMLAND AMUSEMENTS INC.

Pursuant to Section 402 of the Business Corporation Law

I, the undersigned, a natural person of at least 18 years of age, for the purpose of forming a corporation under Section 402 of the Business Corporation Law of the State of New York hereby certify:

FIRST:　　The name of the corporation is:

## DREAMLAND AMUSEMENTS INC.

SECOND:　The purpose of the corporation is to engage in the business of operating a carnival and amusement activities and any lawful act or activity for which corporations may be organized under Article IV of the Business Corporation Law, except that it is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained.

THIRD:　　The office of the corporation is to be located in the County of **SUFFOLK**, State of New York.

FOURTH:　The aggregate number of shares which the corporation shall have the authority to issue is **TWO HUNDRED**, each of which shall be common stock with no par value.

FIFTH:　　The Secretary of State is designated as agent of the corporation upon whom process against it may be served. The post office address to which the Secretary of State shall mail a copy of any process against the corporation served upon him is:

**C/O THE CORPORATION**
**2 OLYMPIA LANE**
**STONY BROOK, NY 11790**

SIXTH:    No director of the corporation shall have personal liability to the corporation or to its shareholders for damages for any breach of duty in such capacity, provided, however, that the provision shall not eliminate or limit:

(a)    the liability of any director of the corporation if a judgment or other final adjudication adverse to him establishes that his acts or omissions were in bad faith or involved intentional misconduct or a knowing violation of law or that he personally gained in fact a financial profit or other advantage to which he was not legally entitled or, with respect to any director of the corporation, that his acts violated Section 719 of the Business Corporation Law of the State of New York, or

(b)    the liability of a director for any act or omission prior to the final adoption of this article.

SEVENTH:    The holders of any of the corporation's equity shares shall be entitled to preemptive rights in accordance with the provisions of BCL section 622.

IN WITNESS WHEREOF, the undersigned incorporator has executed this certificate of incorporation.

12/19/02

*Sharon Babala*

Sharon Babala, Incorporator
BlumbergExcelsior Corporate Services, Inc.
52 South Pearl Street
Albany, New York 12207

2

F021219000(8

**Certificate of Incorporation**

**of**

**DREAMLAND AMUSEMENTS INC.**

**Pursuant to Section 402 of the Business Corporation Law**

FILED 2002 DEC 19 PH 2: 23

# BLU-39
# DRAWDOWN

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED DEC 1 9 2002
TAX $ 19
BY:

Filed By:
BlumbergExcelsior Corporate Services, Inc.
52 South Pearl Street, 2nd Floor
Albany, NY 12207

3

DEC 19 12 50 PH. '02

RECEIVED

711

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: DREAMLAND AMUSEMENTS INC.

Selected Entity Status Information

**Current Entity Name:** DREAMLAND AMUSEMENTS INC.
**Initial DOS Filing Date:** DECEMBER 19, 2002
**County:** SUFFOLK
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
DREAMLAND AMUSEMENTS INC.
2 OLYMPIA LANE
STONY BROOK, NEW YORK, 11790

**Registered Agent**

NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# STATE OF NEW YORK

# DEPARTMENT OF STATE

I hereby certify that the annexed copy has been compared with the original document in the custody of the Secretary of State and that the same is a true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on June 25, 2008.

Paul LaPointe
Special Deputy Secretary of State

Rev. 06/07



990325000552

# CERTIFICATE OF INCORPORATION
## OF
## TOY CIRCUS, INC.
### under Section 402 of the Business Corporation Law

The undersigned incorporator, being a natural person of at least 18 years of age, for the purpose of forming a corporation (hereinafter referred to as the "Corporation") under the Business Corporation Law, hereby adopts the following Articles of Incorporation and certified that:

Article I:          The name of the corporation is:    TOY CIRCUS, INC.

Article II:          The corporation is formed for the following purpose or purposes:
To engage in any lawful act or activity for which corporations may be organized under the Business Corporation Law, provided that the corporation is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained.

Article III:          The office of the corporation is to be located in the County of Suffolk.

Article IV:          The aggregate number of shares which the corporation shall have the authority to issue is 200, all of which are without par value and classified as Common shares.

Article V:          The Secretary of State is designated as the agent of the corporation upon whom process against the corporation may be served and the post office address within the State of New York to which the Secretary of State shall mail a copy of any process against the corporation served upon him is 2 Olympia Lane, Stoney Brook, New York 11790.

Article VI:          The corporation shall, to the fullest extent legally permissible under the provisions of Article 7 of the Business Corporation Law, as the same may be amended and supplemented, shall indemnify and hold harmless any and all persons whom it shall have power to indemnify under said provisions from and against any and all liabilities (including expenses) imposed upon or reasonably incurred by him in connection with any action, suit or other proceeding in which he may be involved or with which he may be threatened, or other matters referred to in or covered by said provisions both as to action in his official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director or officer of the corporation. Such indemnification provided shall not be deemed exclusive of any other rights to which those indemnified may be entitled under any Bylaw, Agreement or Resolution adopted by the shareholders entitled to vote thereon after notice.

Article VII:          The personal liability of all of the directors of the corporation is hereby eliminated to the fullest extent allowed as provided by the Business Corporation Law, as the same may be supplemented and amended.

Article VIII:          The period of duration of the corporation shall be perpetual.

The preceding statements are subscribed and affirmed by me to be true under the penalties of perjury on this 25th of March, 1999.

Intercounty Clearance Corporation
111 Washington Ave., 6th Floor
Albany, NY 12210

*Kathryn Taylor*
Kathryn Taylor, Incorporator

BILLED |   Intercounty - ?

990325000 552

**CERTIFICATE OF INCORPORATION OF**

**TOY CIRCUS, INC.**

Pursuant to Section 402 of the Business Corporation Law

Filed By:     David Paul Weiss
              406 Bedford Avenue
              Bellmore, New York  11710

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED MAR 2 5 1999
TAXS
BY:

Intercounty - 18

FILLED 2

990325000 571

# *STATE OF NEW YORK*

# *DEPARTMENT OF STATE*

I hereby certify that the annexed copy has been compared with the original document in the custody of the Secretary of State and that the same is a true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on June 25, 2008.

Paul LaPointe
Special Deputy Secretary of State

Rev. 06/07

NYS DEPARTMENT OF STATE - DIVISION OF CORPORATIONS

**Biennial Statement, Part B**

| | FILING PERIOD | FEE |
|---|---|---|
| 2360428 | 03/2001 | $9.00 |

CORPORATION NAME
TOY CIRCUS, INC.

(1)    NAME AND BUSINESS ADDRESS OF THE CHIEF EXECUTIVE OFFICER

NO ADDRESS ON FILE

*Same as above - Kathryn De Stefano 2 Olympia Lane Stoney Brook, NY 11790*

9*-
01032600  349

(2)    ADDRESS OF THE PRINCIPAL EXECUTIVE OFFICE

NO ADDRESS ON FILE

*Same as above - 2 Olympia Lane Stoney Brook, NY 11790*

(3)    SERVICE OF PROCESS ADDRESS

TOY CIRCUS, INC.
2 OLYMPIA LANE
STONEY BROOK NY 11790

MAKE NO MARKS BELOW THIS LINE          (YOU MUST SIGN ON REVERSE)          DOS 1157 (06/99)

Biennial Statement, Part C – Signing

Kathryn L. DeStefano
PRINT OR TYPE NAME OF SIGNER

President
PRINT OR TYPE THE TITLE OR CAPACITY OF THE SIGNER

*Kathryn L. DeStefano*
SIGNATURE

STATE OF NEW YORK
DEPARTMENT OF STATE

FILED MAR 2 0 2001

BY: _____

MAKE NO MARKS BELOW THIS LINE

2349
0103z600

2349
0103z600

# NYS Department of State

## Division of Corporations

## Entity Information

Selected Entity Name: TOY CIRCUS, INC.

Selected Entity Status Information

**Current Entity Name:** TOY CIRCUS, INC.
**Initial DOS Filing Date:** MARCH 25, 1999
**County:** SUFFOLK
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

TOY CIRCUS, INC.
2 OLYMPIA LANE
STONEY BROOK, NEW YORK, 11790

**Chairman or Chief Executive Officer**

KATHRYN DESTEFANO
2 OLYMPIA LANE
STONEY BROOK, NEW YORK, 11790

**Principal Executive Office**

TOY CIRCUS, INC.
2 OLYMPIA LANE
STONEY BROOK, NEW YORK, 11790

**Registered Agent**

NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results                         New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# *STATE OF NEW YORK*

# *DEPARTMENT OF STATE*

I hereby certify that the annexed copy has been compared with the original document in the custody of the Secretary of State and that the same is a true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on June 25, 2008.

Paul LaPointe
Special Deputy Secretary of State

Rev. 06/07

*£0 2 0 5 2 9 0 0 0 336*

# CERTIFICATE OF INCORPORATION
## OF
## CROSSROADS TRUCKING CORP.
### under Section 402 of the Business Corporation Law

The undersigned incorporator, being a natural person of at least 18 years of age, for the purpose of forming a corporation (hereinafter referred to as the "Corporation") under the Business Corporation Law, hereby adopts the following Articles of Incorporation and certified that

Article I.    The name of the corporation is    CROSSROADS TRUCKING CORP

Article II    The corporation is formed for the following purpose or purposes
To engage in any lawful act or activity for which corporations may be organized under the Business Corporation Law, provided that the corporation is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained

Article III    The office of the corporation is to be located in the County of Suffolk

Article IV    The aggregate number of shares which the corporation shall have the authority to issue is 200, all of which are without par value and classified as Common shares

Article V    The Secretary of State is designated as the agent of the corporation upon whom process against the corporation may be served and the post office address within the State of New York to which the Secretary of State shall mail a copy of any process against the corporation served upon him is 2 Olympia Lane, Stony Brook, NY 11790

Article VI    The corporation shall, to the fullest extent legally permissible under the provisions of Article 7 of the Business Corporation Law, as the same may be amended and supplemented, shall indemnify and hold harmless any and all persons whom it shall have power to indemnify under said provisions from and against any and all liabilities (including expenses) imposed upon or reasonably incurred by him in connection with any action, suit or other proceeding in which he may be involved or with which he may be threatened, or other matters referred to in or covered by said provisions both as to action in his official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director or officer of the corporation    Such indemnification provided shall not be deemed exclusive of any other rights to which those indemnified may be entitled under any Bylaw, Agreement or Resolution adopted by the shareholders entitled to vote thereon after notice

Article VII    The personal liability of all of the directors of the corporation is hereby eliminated to the fullest extent allowed as provided by the Business Corporation Law, as the same may be supplemented and amended

Article VIII    The period of duration of the corporation shall be perpetual

The preceding statements are subscribed and affirmed by me to be true under the penalties of perjury on this 28th day of May, 2002

Intercounty Clearance Corporation
111 Washington Ave , 6th Floor
Albany, NY  12210

Careen Fields, Incorporator

DRAWDOWN            Intercounty - 18

*C* 020529000336

---

# CERTIFICATE OF INCORPORATION OF

# CROSSROADS TRUCKING CORP.

### Pursuant to Section 402 of the Business Corporation Law

---

Filed By.    David Paul Weiss
406 Bedford Avenue
Bellmore, NY 11710

STATE OF NEW YORK
DEPARTMENT OF STATE

MAY 29 2002

FILED
TAX S. *10*
BY: *PEM*

*SUFF. 6.*

020529000 *347*

DRAWDOWN

Intercounty - 18

RECEIVED
2002 MAY 29 AM 9: 07

*2*

# *STATE OF NEW YORK*

# *DEPARTMENT OF STATE*

I hereby certify that the annexed copy has been compared with the original document in the custody of the Secretary of State and that the same is a true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on June 25, 2008.

Paul LaPointe
Special Deputy Secretary of State

Rev. 06/07

NYS DEPARTMENT OF STATE - DIVISION OF CORPORATIONS

*Biennial Statement, Part A*

CORPORATION NAME

**CROSSROADS TRUCKING CORP.**

| | | | 2772156 | FILING PERIOD 05/2006 | FEE $9.00 |

| 1 FARM CORPORATION | | The corporation is a corporation engaged in the production of crops, livestock, and livestock products on land used in agricultural production (Agriculture and Markets Law Section 301) It is not required to report |
|---|---|---|

| 2 NAME AND BUSINESS ADDRESS OF THE CHIEF EXECUTIVE OFFICER | NAME *Crossroads Trucking Corp* | | | |
| | ADDRESS *2 Olympia lane* | | | |
| | CITY *Stony Brook, NY 11790* | | STATE | ZIP + 4 |
| 3 ADDRESS OF THE PRINCIPAL EXECUTIVE OFFICE | NAME *Kathryn L Destefano* | | | |
| | ADDRESS *2 Olympia lane* | | | |
| | CITY *Stony Brook, ny 11790* | | STATE | ZIP + 4 |
| 4 SERVICE OF PROCESS ADDRESS | NAME | | | |
| | ADDRESS | | | |
| | CITY | | STATE | ZIP + 4 |

NYS DEPARTMENT OF STATE - DIVISION OF CORPORATIONS

*Biennial Statement, Part B*

CORPORATION NAME
CROSSROADS TRUCKING CORP

| | | 2772156 | FILING PERIOD 05/2006 | FEE $9.00 |

(1)   NAME AND BUSINESS ADDRESS OF THE CHIEF EXECUTIVE OFFICER

NO ADDRESS ON FILE

(2)   ADDRESS OF THE PRINCIPAL EXECUTIVE OFFICE

NO ADDRESS ON FILE

(3)   SERVICE OF PROCESS ADDRESS
CROSSROADS TRUCKING CORP
2 OLYMPIA LANE
STONY BROOK NY 11790

*AR* 060512002391

MAKE NO MARKS BELOW THIS LINE            (YOU MUST SIGN ON REVERSE)            DOS-1157 (06/99)

## IMPORTANT NOTICE

A New York Corporation which is no longer conducting business should file a Certificate of Dissolution pursuant to section 1003 of the Business Corporation Law, and a foreign corporation no longer conducting business in New York State should file a Surrender of Authority pursuant to section 1310 or a Termination of Existence pursuant to section 1311 of the Business Corporation Law   An inactive corporation continues to accrue tax liability and possible interest and penalties until formally dissolved, surrendered, or terminated   Questions regarding the filing of these certificates should be directed to the NYS Department of State, Division of Corporations, Albany, NY 12231-0002 or by calling 518-473-2492   You are also advised to request Publication 110, information and Instructions for Termination of Business Corporations  from the Department of Taxation and Finance   Requests for this publication may be made by phone by calling 1-800-462-8100   Mail requests should be addressed to NYS Department of Taxation & Finance, Taxpayer Assistance Bureau W A Harriman Campus, Albany NY 12227.

Penalty   failure to timely file this statement will be reflected in the department s records as past due or delinquent any may later subject the corporation to a fine of $250   See Section 409 of the Business Corporation Law

Filing Period - the filing period is the calendar month during which the original certificate of incorporation or application for authority was filed or the effective date  that corporate existence began, if stated in the certificate of incorporation

Filing Fee  The statutory filing fee is $9 00   Checks and money orders must be made payable to the "Department of State"   DO NOT mail cash

Send entire form, completed, and with $9 00 fee, in the self-mailer envelope, to the Department of State, Division of Corporations, 41 State Street, Albany, NY 12231-0002

---

*Biennial Statement, Part C — Signing*

Kathryn L. DeStefano
PRINT OR TYPE NAME OF SIGNER

President
PRINT OR TYPE THE TITLE OR CAPACITY OF THE SIGNER

STATE OF NEW YORK
DEPARTMENT OF STATE

FILED   MAY 12 2006

MAKE NO MARKS BELOW THIS LINE   BY

06051200 2391

Kathryn L. DeStefano
SIGNATURE

06051200 2391

# STATE OF NEW YORK

# DEPARTMENT OF STATE

I hereby certify that the annexed copy has been compared with the original document in the custody of the Secretary of State and that the same is a true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on June 25, 2008.

Paul LaPointe
Special Deputy Secretary of State

Rev. 06/07

NYS Department of State
Division of Corporations, Records and UCC
Albany, NY 12231-0002
www.dos.state.ny.us

# Business Corporation Biennial Statement

For Internal Use Only

**2772156**

**Business Name:**

**CROSSROADS TRUCKING CORP.**

2772156

KATHRYN L. DESTEFANO
2 OLYMPIA LANE
STONY BROOK NY 11790

AR08052700
2152

Filed By: _____

Cash # (if different than film #): _____

| | |
|---|---|
| **Required Fee:** | **$9.00** |
| **Filing Period:** | **05/2008** |
| (Make checks payable to the Department of State) | |

The Business Corporation Law requires corporations to update information with the Department of State every two years in the calendar month in which the corporation was formed or authorized. Farm Corporations are EXEMPT from this requirement and should complete Parts 4 and 5 ONLY. Please review the information in Parts 1, 2 and 3. Update the information in the space provided, if necessary. If no changes are necessary, proceed to Part 5. A corporation which fails to timely file its Biennial Statement shall be shown to be past due on the Department of State's records.

## Part 1: Name and Business Address of Chief Executive Officer

| KATHRYN L. DESTEFANO CROSSROADS TRUCKING CORP 2 OLYMPIA LANE STONY BROOK NY 11790 | Name |  |  |
|---|---|---|---|
| | Address | | |
| | City | State | Zip |

## Part 2: Street Address of the Principal Executive Office (A Post Office Box cannot be substituted)

| KATHRYN L. DESTEFANO 2 OLYMPIA LANE STONY BROOK NY 11790 | Address Line 1 |  |  |
|---|---|---|---|
| | Address Line 2 | | |
| | City | State | Zip |

## Part 3: Address for Service of Process

| CROSSROADS TRUCKING CORP. 2 OLYMPIA LANE STONY BROOK NY 11790 | Name |  |  |
|---|---|---|---|
| | Address | | |
| | City | State | Zip |

## Part 4: Farm Corporation Exemption

☐ Check if applicable    This corporation is a farm corporation and is NOT required to update information with the Department of State every two years. A farm corporation is a corporation engaged in the production of crops, livestock and livestock products on land used in agricultural production. Farm corporations should complete Parts 4 and 5 ONLY and return the form to the Department of State. No filing fee is required for farm corporations.

## Part 5: Signature of Officer, Director, Attorney-in-Fact or Authorized Person

*Kathryn L. Destefano*
Signature

*President*
Title of Signer (Please Print)

*Kathryn L. Destefano*
Name of Signer (Please Print)

DOS-1179 (08/06)

080527002152

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: CROSSROADS TRUCKING CORP.

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | CROSSROADS TRUCKING CORP. |
| **Initial DOS Filing Date:** | MAY 29, 2002 |
| **County:** | SUFFOLK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
CROSSROADS TRUCKING CORP.
2 OLYMPIA LANE
STONY BROOK, NEW YORK, 11790

**Chairman or Chief Executive Officer**
KATHRYN L. DESTEFANO
CROSSROADS TRUCKING CORP
2 OLYMPIA LANE
STONY BROOK, NEW YORK, 11790

**Principal Executive Office**
KATHRYN L. DESTEFANO
2 OLYMPIA LANE
STONY BROOK, NEW YORK, 11790

**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# EXHIBIT
# B

OMB Approval No. 1205-0015

U.S. DEPARTMENT OF LABOR
Employment and Training Administration

## APPLICATION
## FOR
## ALIEN EMPLOYMENT CERTIFICATION

**IMPORTANT: READ CAREFULLY BEFORE COMPLETING THIS FORM**

PRINT legibly in ink or use a typewriter. If you need more space to answer questions in this form, use a separate sheet. Identify each answer with the number of the corresponding question. SIGN AND DATE each sheet in original signature.

To knowingly furnish any false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by $10,000 fine or 5 years in the penitentiary, or both (18 U.S.C. 1001).

### PART A. OFFER OF EMPLOYMENT

| 1. Name of Alien (Family name in capital letter, First, Middle, Maiden) | | |
|---|---|---|

| 2. Present Address of Alien (Number, Street, City and Town, State ZIP code or Province, Country) | 3. Type of Visa (If in U.S.) |
|---|---|

The following information is submitted as an offer of employment.

| 4. Name of Employer (Full name of Organization) | 5. Telephone |
|---|---|

6. Address (Number, Street, City and Town, State ZIP code)

7. Address Where Alien Will Work (if different from item 6)

| 8. Nature of Employer's Business Activity | 9. Name of Job Title | 10. Total Hours Per Week | | 11. Work Schedule (Hourly) | 12. Rate of Pay | |
|---|---|---|---|---|---|---|
| | | a. Basic | b. Overtime | a.m. p.m. | a. Basic $ per _____ | b. Overtime $ per hour |

13. Describe Fully the job to be Performed (Duties)

| 14. State in detail the MINIMUM education, training, and experience for a worker to perform satisfactorily the job duties described in item 13 above. | | | | 15. Other Special Requirements |
|---|---|---|---|---|
| **EDU-CATION** (Enter number of years) | Grade School | High School | College | |
| | | | College Degree Required (specify) | |
| | | | Major Field of Study | |
| **TRAIN-ING** | No. Yrs. | No. Mos. | Type of Training | |
| **EXPERI-ENCE** | Job Offered | Related Occupation | Related Occupation (specify) | |
| | Yrs. Mos. | Number Yrs. Mos. | | |

| 16. Occupational Title of Person Who Will Be Alien's Immediate Supervisor ▶ ▶ | 17. Number of Employees Alien Will Supervise ▶ |
|---|---|

**◄ ENDORSEMENTS** (Make no entry in section - for Government use only)

| Date Forms Received | |
|---|---|
| L.O. | S.O. |
| R.O. | N.O. |
| Ind. Code | Occ. Code |
| Occ. Title | |

Replaces MA 7-50A, B and C (Apr. 1970 edition) which is obsolete

ETA 750 (Oct. 1979)

| 18. COMPLETE ITEMS ONLY IF JOB IS TEMPORARY | | 19. IF JOB IS UNIONIZED (Complete) | |
|---|---|---|---|
| a. No. of Openings To Be Filled By Aliens Under Job Offer | b. Exact Dates You Expect To Employ Alien | a. Number of Local | b. Name of Local |
| | From                    To | | |
| | | | c. City and State |

| 20. STATEMENT FOR LIVE-AT-WORK JOB OFFERS (Complete for Private Household ONLY) | | | | | |
|---|---|---|---|---|---|
| a. Description of Residence | b. No. Persons residing at Place of Employment | | | | c. Will free board and private room not shared with anyone be provided? ("X" one) ☐ YES  ☐ NO |
| ("X" one) ☐ House ☐ Apartment | Number of Rooms | Adults | BOYS | Children | Ages |
| | | | GIRLS | | |

21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS. (Specify Sources of Recruitment by Name)

22. Applications require various types of documentation. Please read Part II of the instructions to assure that appropriate supporting documentation is included with your application.

### 23. EMPLOYER CERTIFICATIONS

By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.

a. I have enough funds available to pay the wage or salary offered the alien.

b. The wage offered equals or exceeds the prevailing wage and I guarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c. The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly, or monthly basis.

d. I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e. The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f. The job opportunity is not:

   (1) Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.

   (2) At issue in a labor dispute involving a work stoppage.

g. The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law.

h. The job opportunity has been and is clearly open to any qualified U.S. worker.

### 24. DECLARATIONS

| DECLARATION OF EMPLOYER | ➤ Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct. | |
|---|---|---|
| SIGNATURE | | DATE |
| NAME (Type or Print) | TITLE | |

| AUTHORIZATION OF AGENT OF EMPLOYER | ➤ I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent. | |
|---|---|---|
| SIGNATURE OF EMPLOYER | | DATE |
| NAME OF AGENT (Type or Print) | ADDRESS OF AGENT (Number, Street, City, State, ZIP code) | |

# EXHIBIT C

**U.S. Department of Labor**    **Employment and Training Administration**
Chicago National Processing Center
844 N. Rush Street
12th Floor
Chicago, IL 60611



## FINAL DETERMINATION

November 01, 2007

DREAMLAND AMUSEMENT, INC.          ETA Case Number:    C-07303-28899
c/o JKJ WORKFORCE, TESS HARRISON
32755 FM 106                       State Case Number:    20070004340
RIO HONDO, TX 78583                Number of Openings:   55
                                   Occupation:           Ride Operator
                                   Period of Certification:  December 26, 2007 - November 09,
                                                             2008

The Department of Labor has made a final determination on your application for certification of temporary alien employment pursuant to Title 20, Code of Federal Regulations, Part 655.

The Application for Alien Employment Certification, Form ETA 750A, **has been certified** and is enclosed.

Upon receipt of this notification, you will need to submit the appropriate Form I-129 which is required in conjunction with an H-2B temporary labor certification application to the following address:

> U.S. Department of Homeland Security
> U.S. Citizenship and Immigration Services (USCIS)
> California Service Center
> Attn: I-129
> P. O. Box 10129
> Laguna Niguel, CA 92607-1012

The USCIS I-129 form can be obtained at http://www.immigration.gov.

Sincerely,

Marie Gonzalez
Certifying Officer

CC: DREAMLAND AMUSEMENT, INC.

Attachments:  Form ETA 750A

OMB Approval No 44-R1301

U.S. DEPARTMENT OF LABOR
Employment and Training Administration

## APPLICATION
## FOR
## ALIEN EMPLOYMENT CERTIFICATION

IMPORTANT: READ CAREFULLY BEFORE COMPLETING THIS FORM
PRINT legibly in ink or use a typewriter. If you need more space to answer questions in this form, use a separate sheet. Identify each answer with the number of the corresponding question. SIGN AND DATE each sheet in original signature.
To knowingly furnish any false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by $10,000 fine or 5 years in the penitentiary, or both (18 U.S.C. 1001)

**PART A. OFFER OF EMPLOYMENT**

| 1. Name of Alien | (Family name in capital letter, First, Middle, Maiden) |
|---|---|
| **55 Unnamed Aliens** | |

| 2. Present Address of Alien | (Number, Street, City and Town, State ZIP code or Province, Country) | | 3. Type of Visa | (If in U.S.) |
|---|---|---|---|---|
| **N/A** | | | **N/A** | |

The following information is submitted as an offer of employment.

| 4. Name of Employer | (Full name of Organization) | 5. Telephone |
|---|---|---|
| **Dreamland Amusements, Inc.** | OCT 3 0 2007 | **(516) 901-2988** |

| 6. Address | (Number, Street, City and Town, State ZIP code) |
|---|---|
| **2 Olympia Lane, Stony Brook, NY 11790** | |

| 7. Address Where Alien Will Work | (If different from Item 6) |
|---|---|
| **As per the attached itinerary.** | |

| 8. Nature of Employer's Business Activity | 9. Name of Job Title | 10. Total Hours Per Week | | 11. Work Schedule | 12. Rate of Pay | |
|---|---|---|---|---|---|---|
| | | a. Basic | b. Overtime | | a. Basic | b. Overtime |
| **Traveling Carnival** | **Amusement Attendant Carnival [39-3091]** | **38** | **0** | (Hourly) **11:30** a.m. **08:30** p.m. | $ **8.13** per hour | $ **12.20** per hour |

| 13. Describe Fully the job to be Performed | (Duties) |
|---|---|

**Preforms variety of attending duties at amusement or recreation facility. May schedule use of recreation facilities, maintain and provide equipment to participants of sporting events or recreational pursuits, or operate amusement concessions and rides.**

| 14. State in detail the MINIMUM education, training, and experience for a worker to perform satisfactorily the job described in item 13 above. | | | | 15. Other Special Requirements |
|---|---|---|---|---|

| EDU-CATION (Enter number of years) | Grade School **0** | High School **0** | College **0** | College Degree Required (specify) **N/A** Major Field of Study **N/A** | |
|---|---|---|---|---|---|
| TRAIN-ING | No. Yrs **0** | | | No. Mos **0** Type of Training **N/A** | **Travel with Carnival.** |
| EXPERI-ENCE | Job Offered Yrs **0** Mos **0** | Related Occupation Number Yrs **0** Mos **0** | | Related Occupation (specify) **N/A** | |

| 16. Occupational Title of Person Who Will Be Alien's Immediate Supervisor | **Supervisor** | 17. Number of Employees Alien Will Supervise | **0** |
|---|---|---|---|

ENDORSEMENTS (Make no entry in section - for Government use only)

Date Forms Received

L.O. **SEP 26 2007**

qualified workers cannot be found in the United States
vision of Foreign Labor Certification Policies
ave been observed.
is certification is valid from 12/26/07 through 11/9/08

R.O.    N.O.

Ind. Code **7999**    Occ. Code **342663010**

Occ. Title **Ride operator**

Replaces MA 7-50A, B 7-50C (Apr 1970 edition) which is obsolete.    ETA 750 (Oct. 1979)

*01303 -28899*

| 18. COMPLETE ITEMS ONLY IF JOB IS TEMPORARY | | | 19. IF JOB IS UNIONIZED (Complete) | | |
|---|---|---|---|---|---|
| a. No. of Openings To Be Filled By Aliens Under Job Offer | b. Exact Dates You Expect To Employ Alien | | a. Number of Local | b. Name of Local | |
| | From | To | | N/A | |
| 55 | 12/26/07 | 11/09/08 | N/A | c. City and State  N/A | |

20. STATEMENT FOR LIVE-AT-WORK JOB OFFERS (Complete for Private Household ONLY)

| a. Description of Residence | | b. No. Persons residing at Place of Employment | | | | c. Will free board and private room not shared with any-one be provided? ("X" one) |
|---|---|---|---|---|---|---|
| ("X" one) | Number of Rooms | Adults | Children | | Ages | |
| ☐ House | | | BOYS | | | ☐ YES  ☐ NO |
| ☐ Apartment | | | GIRLS | | | |

21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS. (Specify Sources of Recruitment by Name)

We spread the word of employment by word of mouth. We are able to fill some temporary positions with local workers, but we have a chronic shortage of at least 40 to 50 positions that we are not able to fill.

22. Applications require various types of documentation. Please read Part II of the instructions to assure that appropriate supporting documentation is included with your application.

23. EMPLOYER CERTIFICATIONS

By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.

a. I have enough funds available to pay the wage or salary offered the alien.

b. The wage offered equals or exceeds the prevailing wage and I guarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c. The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly, or monthly basis.

d. I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e. The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f. The job opportunity is not:

(1) Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.

(2) At issue in a labor dispute involving a work stoppage.

g. The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law.

h. The job opportunity has been and is clearly open to any qualified U.S. worker.

24. DECLARATIONS

DECLARATION OF EMPLOYER ➤ Pursuant to 28 U.S.C. 1746 I declare under penalty of perjury the foregoing is true and correct.

SIGNATURE *Kathryn L. DiStefano*    DATE 08/08/07

NAME (Type or Print) *Kathryn L. Destefano*    TITLE *President*

AUTHORIZATION OF AGENT OF EMPLOYER ➤ I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent.

SIGNATURE OF EMPLOYER *Kathryn L. DiStefano*    DATE 08/08/07

NAME OF AGENT (Type or print)    ADDRESS OF AGENT (Number, Street, City, State, ZIP code)

JKJ Workforce, Tess Harrison,  32775 FM 106, Rio Honda, TX 78583

**U.S. Department of Labor**   **Employment and Training Administration**
Chicago National Processing Center
844 N. Rush Street
12th Floor
Chicago, IL 60611



## FINAL DETERMINATION

November 07, 2006

DREAMLAND AMUSEMENTS INC
c/o MALCOLM SEHEULT
15210 WATERLINE ROAD
BRADENTON, FL 34212

ETA Case Number: C-06311-14820
State Case #: 20060002710
Number of Openings: 45
Occupation: Ride Operator
Period of Certification: January 17, 2007 - November 06, 2007

In reply refer to:     Mary Glusak

The Department of Labor has made a final determination on your application for certification of temporary alien employment pursuant to Title 20, Code of Federal Regulations, Part 655.

The Application for Alien Employment Certification, Form ETA 750A, **has been certified** and is enclosed. All enclosures are required to be submitted to the U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, at:

> U.S. Department of Homeland Security
> U.S. Citizenship and Immigration Services
> Vermont Service Center
> 75 Lower Welden St.
> Saint Albans, VT 05479

for consideration with your petition (Form I-129).

Sincerely,

Marie Gonzalez
Certifying Officer

CC: DREAMLAND AMUSEMENTS INC

Attachments: Form ETA 750A

OMB Approval No. 44-R1301

U.S. DEPARTMENT OF LABOR
Employment and Training Administration

**APPLICATION
FOR
ALIEN EMPLOYMENT CERTIFICATION**

IMPORTANT: READ CAREFULLY BEFORE COMPLETING THIS FORM
PRINT legibly in ink or use a typewriter. If you need more space to answer questions in this form, use a separate sheet. Identify each answer with the number of the corresponding question. SIGN and DATE each sheet in original signature.
To knowingly furnish any false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by $10,000 fine or 5 years in the penitentiary, or both (18 U.S.C. 1001).

**PART A. OFFER OF EMPLOYMENT**

| 1. Name of Alien (Family name in capital letter, First, Middle, Maiden) |
|---|
| 45 unknown temporary workers |

| 2. Present Address of Alien (Number, Street, City and Town, State ZIP code or Province, Country) | 3. Type of Visa (If in U.S.) |
|---|---|
| not in the U.S.A. | n/a |

The following information is submitted as an offer of employment.

NOV 07 2009

| 4. Name of Employer (Full name of Organization) | 5. Telephone |
|---|---|
| Dreamland Amusements Inc. | (866) 666-3247 |

| 6. Address (Number, Street, City and Town, State ZIP code) |
|---|
| 2 Olympia Lane, Stoney Brook, New York 11790 |

| 7. Address Where Alien Will Work (if different from item 6) |
|---|
| see attached Route Schedule |

8.61

| 8. Nature of Employer's Business | 9. Name of Job Title | 10. Total Hours Per Week | | 11. Work Schedule | 12. Rate of Pay | |
|---|---|---|---|---|---|---|
| carnival/amusement business | ride operator | a. Basic 40 | b. Overtime 0 | (Hourly) 11:00 a.m 07:00 p.m | a. Basic $ prevailing per hour | b. Overtime $ 0.00 per hour |

13. Describe Fully the job to be Performed (Duties)

Ride Operator- workers will operate various carnival rides and will assemble and disassemble the rides at each location. Worker shall collect tickets for the rides. Ability to lift in excess of 50 lbs.

**CORRECTION APPROVED BY
NATIONAL PROCESSING CENTER**
_____ ON 11-7-06
DATE

| 14. State in detail the MINIMUM education, training, and experience for a worker to perform satisfactorily the job duties described in item 13 above. | | | | 15. Other Special Requirements |
|---|---|---|---|---|
| EDU-CATION (Enter number of years) | Grade 0 | High 0 | College 0 | College Degree Required (specify) n/a |
| | | | | Major Field of Study n/a |
| TRAIN-ING | No. 0 | No. Mos. 0 | | Type of Training n/a |
| | | | | workers will be trained on location |
| EXPERI-ENCE | Job Offered Number Yrs. 0 Mos. 0 | Related Occupation Number Yrs. 0 Mos. 0 | | Related Occupation (specify) none |

| 16. Occupational Title of Person Who Will Be Alien's Immediate Supervisor | → owner or ride supervisor | 17. Number of Employees Alien Will Supervise → 0 |
|---|---|---|

ENDORSEMENTS (Make no entry in section - for Government use only)

Date Forms Received

| L.O. | S.O. SEP 27 2006 |
|---|---|
| R.O. | N.O. |

...lified workers cannot be found in the United States
...tion of Foreign Labor Certification Policies
...ve been observed.
...e certification is valid from 11/7/07 through 11/6/07

11/9/06    Maria C. Gonzalez
            (Certifying Officer)

7299 342663010
Ride Operator

Replaces MA 7-50A, B and C (Apr. 1970 edition) which is obsolete

ETA 750 (Oct 1979)

0631·14820

| 18. COMPLETE ITEMS ONLY IF JOB IS TEMPORARY | | | 19. IF JOB IS UNIONIZED (Complete) | | |
|---|---|---|---|---|---|
| a. No. of Openings To Be Filled By Aliens Under Job Offer | b. Exact Dates You Expect To Employ Alien | | a. Number of Local | b. Name of Local | |
| | From | To | n/a | n/a | |
| 45 | 01/17/07 | 11/06/07 | | c. City and State | n/a |

| 20. STATEMENT FOR LIVE-AT-WORK JOB OFFERS. (Complete for Private Household ONLY) | | | | | | |
|---|---|---|---|---|---|---|
| a. Description of Residence | b. No. Persons residing at Place of Employment | | | | c. Will free board and private room not shared with anyone be provided? | ("X" one) |
| ("X" one) ☐ House ☐ Apartment | Number of Rooms | Adults | Children | Ages | | ☐ YES ☐ NO |
| | | | BOYS | | | |
| | | | GIRLS | | | |

**21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS. (Specify Sources of Recruitment by Name)**

advertised for workers in local papers and magazines, but unable to find a high response to seasonal need. Our company must rely on contract or temporary workers to fill this position although this is difficult due to the transient nature of this occupation-i.e. constant travel from one location to another

**22. Applications require various types of documentation. Please read Part II of the instructions to assure that appropriate supporting documentation is included with your application.**

**23 EMPLOYER CERTIFICATIONS**

By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.

a. I have enough funds available to pay the wage or salary offered the alien.

b. The wage offered equals or exceeds the prevailing wage and I guarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c. The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly, or monthly basis.

d. I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e. The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f. The job opportunity is not:

(1) Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.

(2) At issue in a labor dispute involving a work stoppage.

g. The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law.

h. The job opportunity has been and is clearly open to any qualified U.S. worker.

**24 DECLARATIONS**

DECLARATION OF EMPLOYER ➤ Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.

| SIGNATURE | DATE |
|---|---|
| | September 12, 2006 |
| NAME (Type or Print) **Bob Destefano** | TITLE **Owner** |

AUTHORIZATION OF AGENT OF EMPLOYER   I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent.

| SIGNATURE OF EMPLOYER ➤ | DATE 9/12 2006 |
|---|---|
| NAME OF AGENT (Type or Print) **Malcolm Seheult** | ADDRESS OF AGENT (Number, Street, City, State, ZIP code) **15210 Waterline Road, Bradenton, Florida, 34212** |

**U.S. Department of Labor**     **Employment and Training Administration**
Chicago National Processing Center
844 N. Rush Street
12th Floor
Chicago, IL 60611



## FINAL DETERMINATION

January 20, 2006

DREAMLAND AMUSEMENTS
c/o Joe A, Nichols
Law Office of Joe A. Nichols, P. A.
1033 W. First Street, Suite B
Sanford, FL 32771

ETA Case Number:  C-06020-07301
State Case #  20050036260
Number of Openings:  40

Occupation:  Circus Laborer
Period of Certification:  January 05, 2006 - November 01, 2006

In reply refer to:     Mary Glusak

The Department of Labor has made a final determination on your application for certification of temporary alien employment pursuant to Title 20, Code of Federal Regulations, Part 655.

<u>The Application for Alien Employment Certification, Form ETA 750A, **has been certified** and is enclosed.</u>  All enclosures are required to be submitted to the U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, at:

> U.S. Department of Homeland Security
> U.S. Citizenship and Immigration Services
> Vermont Service Center
> 75 Lower Weldon St.
> Saint Albans, VT 05479

for consideration with your petition (Form I-129).

The employer is advised if filing for H-2B visas for carnival laborers next year, he must file his application under the guidelines of GAL 1-95 and not the guidelines for entertainers.

Sincerely,

Marie Gonzalez
Certifying Officer

CC: DREAMLAND AMUSEMENTS

Attachments: Form ETA 750A

OMB Approval No. 44-R1301

U.S. DEPARTMENT OF LABOR
Employment and Training Administration

**APPLICATION**
**FOR**
**ALIEN EMPLOYMENT CERTIFICATION**

IMPORTANT: READ CAREFULLY BEFORE COMPLETING THIS FORM
*PRINT legibly in ink or use a typewriter. If you need more space to answer questions on this form, use a separate sheet. Identify each answer with the number of the corresponding question. SIGN AND DATE each sheet in original signature.*

*To knowingly furnish any false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by $10,000 fine or 5 years in the penitentiary, or both (18 U.S.C. 1001).*

### PART A. OFFER OF EMPLOYMENT

| 1. Name of Alien *(Family name in capital letter, First, Middle, Maiden)* | | | |
|---|---|---|---|
| Multiple Aliens    (40) | | | |

| 2. Present Address of Alien *(Number, Street, City and Town, State ZIP Code or Province, Country)* | 3. Type of Visa *(If in U.S.)* |
|---|---|
| Not in USA. | |

The following information is submitted as evidence of an offer of employment.

| 4. Name of Employer *(Full name of organization)* | 5. Telephone *(Area Code and Number)* |
|---|---|
| DREAMLAND AMUSEMENTS | 516-901-2988 |

| 6. Address *(Number, Street, City or Town, Country, State, Zip Code)* |
|---|
| 2 Olympia Lane, Stony Brook, NY. 11790 |

| 7. Address Where Alien Will Work *(if different from item 6)* |
|---|
| Traveling Carnival on US Tour |

| 8. Nature of Employer's Business Activity | 9. Name of Job Title | 10. Total Hours Per Week | | 11. Work Schedule *(Hourly)* | 12. Rate of Pay | |
|---|---|---|---|---|---|---|
| | | a. Basic | b. Overtime | | a. Basic | b. Overtime |
| Traveling Entertainment Carnival | Carnival Laborers | 40 | none | 10:00 a.m. 7:00 p.m. | $ 310.80 per week | $ none per hour |

| 13. Describe Fully the Job to be Performed *(Duties)* |
|---|
| Working with carnival rides and seats, unloading and loading rides, seats, and tents, moving heavy equipment as directed, setting up and taking down rides, seats, and tents. |

| 14. State in detail the MINIMUM education, training, and experience for a worker to perform satisfactory the job duties described in Item 13 above. | | | | 15. Other Special Requirements |
|---|---|---|---|---|

| EDU-CATION *(Enter number of years)* | Grade School | High School | College | College Degree Required *(specify)* |
|---|---|---|---|---|
| | 0 | 0 | 0 | n/a |
| | | | | Major Field of Study |
| | | | | n/a |

| TRAIN-ING | No. Yrs. | | No. Mos. | Type of Training |
|---|---|---|---|---|
| | 0 | | 0 | n/a |

| EXPERI-ENCE | Job Offered | | Related Occupation | Related Occupation *(specify)* |
|---|---|---|---|---|
| | Yrs. | Mos. | Number Yrs. Mos. | |
| | 0 | 0 | 0   0 | n/a |

| 16. Occupational Title of Person Who Will Be Alien's Immediate Supervisor    Supervisor | 17. Number of Employees Alien Will Supervise    0 |
|---|---|

ENDORSEMENTS *(Make no entry in section - for government use only)*

| Date Forms Received | |
|---|---|
| L.O.    NOV 15 2005 | S.O. |
| R.O. | N.O. |

1 Qualified workers cannot be found in the United States
2 Division of Foreign Labor Certification Policies have been observed.
3 This certification is valid from 1/5/06 through 11/1/06

1/20/06    *Maria C. Gonzalez*
(Date)    (Certifying Officer)

| Ind. Code | Occ. Code |
|---|---|
| 7999 | 969. 687010 |

Occ. Title
Carnival Laborer

Replaces MA 7-50A, B and C *(Apr. 1970 editions)* which is obsolete.

C-06020-07301

ETA 750 (Oct. 1979)

| 18. COMPLETE ITEMS ONLY IF JOB IS TEMPORARY | | 19. IF JOB IS UNIONIZED (Complete) | |
|---|---|---|---|
| a. No. of Openings To Be Filled By Aliens Under Job Offer | b. Exact Dates You Expect To Employ Alien | a. Local Number | b. Name of Local |
| 40 | From 01/05/2006  To 10/11/2006 | 11-01-2006 | **CORRECTION APPROVED BY REGIONAL OFFICE** |

**20. STATEMENT FOR LIVE-AT-WORK JOB OFFERS    (Complete for Private Household Job ONLY)**

| a. Description of Residence | b. No. Persons Residing at Place of Employment | | | | c. Will free board and private room not shared with any-one be provided?  ("X" one) |
|---|---|---|---|---|---|
| ("X" one)  ☐ House  ☐ Apartment | Number of Rooms | Adults | Children | Ages | ☐ YES  ☐ NO |
| | | | BOYS | | |
| | | | GIRLS | | |

**21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS.  (Specify Sources of Recruitment by Name)**

Will advertise per instructions from Dept. of Labor office.

**22.    Applications require various types of documentation. Please read PART II of the instructions to assure that appropriate supporting documentation is included with your application.**

**23  EMPLOYER CERTIFICATIONS**

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.*

a.  I have enough funds available to pay the wage or salary offered the alien.

b.  The wage offered equals or exceeds the prevailing wage and I guarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c.  The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly or monthly basis.

d.  I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e.  The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f.  The job opportunity is not:

(1)  Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.

(2)  At issue in a labor dispute involving a work stoppage.

g.  The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law.

h.  The job opportunity has been and is clearly open to any qualified U.S. worker.

**24. DECLARATIONS**

**DECLARATION OF EMPLOYER** ➤ *Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.*

| SIGNATURE | DATE 07/13/2005 |
|---|---|
| NAME (Type or Print)  Bob DeStefano | TITLE  Owner |

**AUTHORIZATION OF AGENT OF EMPLOYER** ➤ *I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent.*

| SIGNATURE OF EMPLOYER | DATE 07/13/2005 |
|---|---|
| NAME OF AGENT (Type or Print)  Joe A. Nichols | ADDRESS OF AGENT (Number, Street, City, State, ZIP Code)  Law Office of Joe A. Nichols, P.A.  1033 W. First Street, Ste B, Sanford, FL. 32771 |

# EXHIBITS TO EXHIBIT A - PART TWO

# EXHIBIT D

PEOPLE OF THE STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
LABOR AND CIVIL RIGHTS BUREAUS

IN THE MATTER OF THE INVESTIGATION OF
ANDREW M. CUOMO, ATTORNEY GENERAL OF
THE STATE OF NEW YORK,

OF

DREAMLAND AMUSEMENTS INC.; TOY CIRCUS,
INC.; CROSSROADS TRUCKING CORP.; ROBERT F.
DESTEFANO, JR.; KATHERYN L. DESTEFANO; and
any other owners and corporate officers of Dreamland
Amusements Inc., Toy Circus, Inc., and/or Crossroads
Trucking Corp.

SUBPOENA
AD TESTIFICANDUM

TO:   ROBERT F. DESTEFANO, JR.
      2 Olympia Lane
      Stony Brook, NY 11790

PLEASE TAKE NOTICE THAT YOU ARE REQUIRED to appear and testify, on the 17th

day of June, 2008, at 10:30 a.m., at the offices of the New York State Office of the Attorney General,

Civil Rights Bureau, 120 Broadway, 3rd Floor, New York, N.Y. 10271, in an inquiry by ANDREW

M. CUOMO, Attorney General of the State of New York, to determine whether an action or

proceeding should be instituted against DREAMLAND AMUSEMENTS INC., 2 Olympia Lane,

Stony Brook, NY 11790, TOY CIRCUS, INC., 2 Olympia Lane, Stony Brook, NY 11790,

CROSSROADS TRUCKING CORP., 2 Olympia Lane, Stony Brook, NY 11790,   ROBERT F.

DESTEFANO, JR., KATHERYN L. DESTEFANO, and any other owners or corporate officers of

Dreamland Amusements Inc., Toy Circus, Inc., and/or Crossroads Trucking Corp., pursuant to and

for potential violations of New York Executive Law § 63(12); Article 6 (regarding payment of

wages) and Article 19 (Minimum Wage Act) of the New York Labor Law; 12 N.Y.C.R.R. Part 142

1

(Minimum Wage Order for miscellaneous industries and occupations); the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; Title VII 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. § 1981; the New York State Human Rights Law, Executive Law §§ 290 *et seq.*; the New York City Human Rights Law, New York Administrative Code §§ 8-101 *et seq.*; N.Y.C.R.R. Subpart 7-3 (State Sanitary Code campground regulations) and any other violations of the aforementioned laws and/or regulations.

You are bound by this subpoena to appear at the examination and on any adjourned date thereof pursuant to C.P.L.R. Article 23. For a failure to appear, you may be liable, in addition to any other lawful punishment, for damages sustained by the State of New York, and for a penalty.

**IF YOU ARE UNABLE TO TESTIFY IN ENGLISH OR WOULD PREFER TO TESTIFY IN ANOTHER LANGUAGE, PLEASE CONTACT THE UNDERSIGNED AT LEAST 72 HOURS PRIOR TO YOUR SCHEDULED TIME OF TESTIMONY SO THAT AN INTERPRETER CAN BE TIMELY OBTAINED.**

WITNESS, Honorable ANDREW M. CUOMO, Attorney General of the State of New York, the *23* day of *May*, 2008.

ANDREW M. CUOMO
Attorney General of the State of New York

BY:

Andrew Elmore
Assistant Attorney General
Civil Rights Bureau
New York State Department of Law
120 Broadway, 3rd Floor
New York, New York 10271
(212) 416-6280

Sworn to before me
this *23* day of
*May* 2008

Assistant Attorney General

2

**AFFIDAVIT OF SERVICE**
**OF**
SUBPOENA AD TESTIFICANDUM

Bureau: ___Labor_____

**STATE OF NEW YORK:**
**COUNTY OF NEW YORK:**

I, ___Edward L. Ortiz_____ , being duly sworn, deposes and says:
that on __May 27th^nd. 2008th._____ _2008_ , at _2 Olympia Lane_____
City of __Stony Brook, N.Y,_____ , State of New York,
deponent served the above
on Mr. Robert F. Destefano at _0720 Hours_ by:

1.    **INDIVIDUAL**

☒    (a) Delivering a true copy thereof to _Robert F. Destefano_____
personally.  Deponent knew the person so served to be the person described in said document(s).

(b) Delivering a true copy to_____
a person of suitable age and discretion at person's actual place of business, dwelling place, or usual
place of abode.

Deponent also enclosed a copy of same in a postpaid, sealed wrapper properly addressed to person's last
known business, dwelling place or place of abode at _____
and deposited said wrapper in an official depository under the exclusive care and custody of the U.S.
Postal Service.

☐    (c) Affixing a true copy to the door of person's actual place of business, dwelling place, or usual place of
abode.  Deponent was unable, with due diligence, to find the person named therein or a person of
suitable age and discretion having called there:
On _____ 19 _____ , at _____
On _____ 19 _____ , at _____
On _____ 19 _____ , at _____

Deponent also enclosed a copy of same in a postpaid, sealed wrapper properly addressed to person's last
known business, dwelling place or place of abode at _____
and deposited said wrapper in an official depository under the exclusive care and custody of the U.S.
Postal Service.

2.    **CORPORATION:** Serving the above on_____
Corporation, personally, whom deponent knew to be the said corporation by delivering a true copy thereof
with_____
an officer of said corporation or other agent authorized to receive service for said corporation .

**DESCRIPTION:** Deponent describes the individual served as follows:
Sex: __Male_____ , Hair: ~~Brown~~ ,
Skin: __White_____ , Approx Age: _48_ ,
Approx. Ht.: 6'3" , Approx Wt: _280_ ,

Signature _____

Sworn to before me this __28th.__ day of May 2008

Notary Public _____

**JULIE S. WONG**
Notary Public, State of New York
No. 01WO6179204
Qualified in Queens County
Commission Expires Dec. 24, 20__

PEOPLE OF THE STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
LABOR AND CIVIL RIGHTS BUREAUS

---

IN THE MATTER OF THE INVESTIGATION OF
ANDREW M. CUOMO, ATTORNEY GENERAL OF
THE STATE OF NEW YORK,

OF

DREAMLAND AMUSEMENTS INC.; TOY CIRCUS,
INC.; CROSSROADS TRUCKING CORP.; ROBERT F.
DESTEFANO, JR.; KATHERYN L. DESTEFANO; and
any other owners and corporate officers of Dreamland
Amusements, Inc., Toy Circus, Inc., and/or Crossroads
Trucking Corp.

SUBPOENA
AD TESTIFICANDUM

---

TO:    KATHERYN L. DESTEFANO
       2 Olympia Lane
       Stony Brook, NY 11790

PLEASE TAKE NOTICE THAT YOU ARE REQUIRED to appear and testify, on the __17th__

day of June, 2008, at 10:30 a.m., at the offices of the New York State Office of the Attorney General,

Civil Rights Bureau, 120 Broadway, 3rd Floor, New York, N.Y. 10271, in an inquiry by ANDREW

M. CUOMO, Attorney General of the State of New York, to determine whether an action or

proceeding should be instituted against DREAMLAND AMUSEMENTS INC., 2 Olympia Lane,

Stony Brook, NY 11790, TOY CIRCUS, INC., 2 Olympia Lane, Stony Brook, NY 11790,

CROSSROADS TRUCKING CORP., 2 Olympia Lane, Stony Brook, NY 11790,   ROBERT F.

DESTEFANO, JR., KATHERYN L. DESTEFANO, and any other owners or corporate officers of

Dreamland Amusements Inc., Toy Circus, Inc., and/or Crossroads Trucking Corp., pursuant to and

for potential violations of New York Executive Law § 63(12);  Article 6 (regarding payment of

wages) and Article 19 (Minimum Wage Act) of the New York Labor Law; 12 N.Y.C.R.R. Part 142

1

(Minimum Wage Order for miscellaneous industries and occupations); the Fair Labor Standards Act,

29 U.S.C. § 201 *et seq.*; Title VII 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. § 1981; the New York State

Human Rights Law, Executive Law §§ 290 *et seq.*; the New York City Human Rights Law, New

York Administrative Code §§ 8-101 *et seq.*; N.Y.C.R.R. Subpart 7-3 (State Sanitary Code

campground regulations) and any other violations of the aforementioned laws and/or regulations.

You are bound by this subpoena to appear at the examination and on any adjourned date

thereof pursuant to C.P.L.R. Article 23. For a failure to appear, you may be liable, in addition to any

other lawful punishment, for damages sustained by the State of New York, and for a penalty.

**IF YOU ARE UNABLE TO TESTIFY IN ENGLISH OR WOULD PREFER TO TESTIFY IN**

**ANOTHER LANGUAGE, PLEASE CONTACT THE UNDERSIGNED AT LEAST 72**

**HOURS PRIOR TO YOUR SCHEDULED TIME OF TESTIMONY SO THAT AN**

**INTERPRETER CAN BE TIMELY OBTAINED.**

WITNESS, Honorable ANDREW M. CUOMO, Attorney General of

the State of New York, the 2 3 day of ___May___ , 2008.

ANDREW M. CUOMO
Attorney General of the State of New York

BY: _____

Andrew Elmore
Assistant Attorney General
Civil Rights Bureau
New York State Department of Law
120 Broadway, 3rd Floor
New York, New York 10271
(212) 416-6280

Sworn to before me
this 23 day of
___May___ 2008

_____
Assistant Attorney General

2

**AFFIDAVIT OF SERVICE**
**OF**
SUBPOENA AD TESTIFICANDUM

Bureau:  Labor

**STATE OF NEW YORK:**
**COUNTY OF NEW YORK:**

I,  Edward L. Ortiz , being duly sworn, deposes and says:
that on  May 27th<sup>nd</sup>. 2008th.  2008 , at 2 Olympia Lane
City of  Stony Brook, N.Y,  , State of New York,
deponent served the above
on Mrs. Katheryn L. Destefano at 0720 Hours by:

1.    **INDIVIDUAL**

☒   (a) Delivering a true copy thereof to  Katheryn L. Destefano

personally.  Deponent knew the person so served to be the person described in said document(s).

(b) Delivering a true copy to
a person of suitable age and discretion at person's actual place of business, dwelling place, or usual place of abode.

Deponent also enclosed a copy of same in a postpaid, sealed wrapper properly addressed to person's last known business, dwelling place or place of abode at
and deposited said wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service.

☐   (c) Affixing a true copy to the door of person's actual place of business, dwelling place, or usual place of abode.  Deponent was unable, with due diligence, to find the person named therein or a person of suitable age and discretion having called there:
On _____ 19 _____ , at _____
On _____ 19 _____ , at _____
On _____ 19 _____ , at _____

Deponent also enclosed a copy of same in a postpaid, sealed wrapper properly addressed to person's last known business, dwelling place or place of abode at
and deposited said wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service.

2.    **CORPORATION:** Serving the above on
Corporation, personally, whom deponent knew to be the said corporation by delivering a true copy thereof with
an officer of said corporation or other agent authorized to receive service for said corporation .

**DESCRIPTION:** Deponent describes the individual served as follows:
Sex: Female ,  Hair: Blond ,
Skin:  White ,  Approx. Age:  47 ,
Approx. Ht.: 5'7" ,  Approx Wt.:  135 ,

Signature _____

Sworn to before me this  28th.  day of May , 2008

Notary Public _____

JULIE S. WONG
Notary Public, State of New York
No. 01WO6179204
Qualified in Queens County
Commission Expires Dec. 24, 20 //

PEOPLE OF THE STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
LABOR AND CIVIL RIGHTS BUREAUS

---

IN THE MATTER OF THE INVESTIGATION OF
ANDREW M. CUOMO, ATTORNEY GENERAL OF        SUBPOENA DUCES TECUM
THE STATE OF NEW YORK,

OF

DREAMLAND AMUSEMENTS INC.; TOY CIRCUS,
INC.; CROSSROADS TRUCKING CORP.; ROBERT F.
DESTEFANO, JR.; KATHERYN L. DESTEFANO; and
any other owners and corporate officers of Dreamland
Amusements Inc., Toy Circus, Inc., and/or Crossroads
Trucking Corp.

---

TO:    ROBERT F. DESTEFANO, JR.
       KATHERYN L. DESTEFANO
       DREAMLAND AMUSEMENTS INC.
       TOY CIRCUS, INC.
       CROSSROADS TRUCKING CORP.
       2 Olympia Lane
       Stony Brook, NY 11790


**PLEASE TAKE NOTICE THAT YOU ARE REQUIRED** to produce certain items listed

below, on or before  June 5, 2008, at 5:00 p.m. , and on any adjourned dates thereof, and to appear

for an oral examination, under oath, which will be recorded by an official reporter, on  June 10, 2008

at 10:30 a.m.,  and on any adjourned dates thereof, at the offices of the New York State Office of the

Attorney General, Civil Rights Bureau, 120 Broadway, 3rd Floor, New York, in an inquiry by

ANDREW M. CUOMO, Attorney General of the State of New York.  This inquiry is to determine

whether an action or proceeding should be instituted against DREAMLAND AMUSEMENTS INC.,

1

2 Olympia Lane, Stony Brook, NY 11790, TOY CIRCUS, INC., 2 Olympia Lane, Stony Brook, NY

11790, CROSSROADS TRUCKING CORP., 2 Olympia Lane, Stony Brook, NY 11790, ROBERT

F. DESTEFANO, JR., KATHERYN L. DESTEFANO, and any other owners or corporate officers of

Dreamland Amusements Inc., Toy Circus, Inc., and/or Crossroads Trucking Corp. The action or

proceeding may be brought pursuant to and for potential violations of New York Executive Law §

63(12); Article 6 (regarding payment of wages) and Article 19 (Minimum Wage Act) of the New

York Labor Law; 12 N.Y.C.R.R. Part 142 (Minimum Wage Order for miscellaneous industries and

occupations); the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; Title VII 42 U.S.C. §§ 2000e *et*

*seq.*; 42 U.S.C. § 1981; the New York State Human Rights Law, Executive Law §§ 290 *et seq.*; the

New York City Human Rights Law, New York Administrative Code §§ 8-101 *et seq.*; and 10

N.Y.C.R.R. Subpart 7-3 (State Sanitary Code campground regulations), and any other violations of

the aforementioned laws and/or regulations.


**TAKE FURTHER NOTICE THAT** for purposes of responding to this subpoena, the

following definitions shall apply:

a. The terms "documents" and "documentation" mean, without limitation, the original and any and all drafts and copies of any writings of any kind, including computer-stored information, although not yet printed out, that is capable of being reproduced on a computer display or printed. A "document," whether existing in computer storage or manual storage includes not only the final version but each and every preliminary draft or worksheet. Any such document bearing on any page thereof (front or back) any marks such as initials, stamped indices, comments, or notations of any character that were not part of the original text or photographic reproduction thereof is to be considered as a separate document.

b. The term "correspondence" means any communication whether by letter, facsimile, telex, note, electronic mail, or any other medium of communication and all documents concerning such "correspondence."

2

c. The term "concerning" shall be construed in the broadest sense to mean directly or indirectly describing, setting forth, responding to, discussing, relating to, describing, evidencing, constituting or referring to the subject in question, either in whole or in part.

d. "All" means "any and all," and "any" means "any and all."

e. "Including" means without limitation.

f. The terms "and" and "or" have both conjunctive and disjunctive meanings.

g. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the document request all responses which might otherwise be construed to be outside the scope.

h. The term "DREAMLAND AMUSEMENTS INC." refers to DREAMLAND AMUSEMENTS INC. and/or its agents, predecessors, successors, parents, affiliates, and/or subsidiaries.

i. The term "TOY CIRCUS, INC." refers to TOY CIRCUS, INC. and/or its agents, predecessors, successors, parents, affiliates, and/or subsidiaries.

j. The term "CROSSROADS TRUCKING CORP." refers to CROSSROADS TRUCKING CORP. and/or its agents, predecessors, successors, parents, affiliates, and/or subsidiaries.

k. The term "employee" refers to all of the employees of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. including officers, managers, professionals, salespersons, staff, office and clerical employees, trainees and any other person carried on the payroll whether as salaried or hourly employees, employees on commission or independent contractors.  Such persons include but are not limited to individuals employed by or providing services in exchange for compensation from DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. pursuant to an H-2B, H-2R and/or other employment-related visa(s) or authorization.

l. The terms "employment," "work" and "employ" refer to any service, paid or unpaid, performed by an employee, that primarily benefits DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.

m. The definitions set forth in Rule 105 of the New York Civil Practice Law and Rules are incorporated herein by reference.


**PLEASE TAKE FURTHER NOTICE THAT:**

a. This request is a continuing request requiring supplemental responses in the event that,

3

between the time documents are produced and conclusion of this case or investigation, you become aware of further information or documents.

b.  If complete responses cannot be made after the exercise of due diligence to secure the requested information, you are requested to so indicate, to describe the efforts made and the results thereof, and to furnish the information to whatever extent possible.

c.  If you object to any of the requests herein, you are requested to state the specific grounds asserted for objecting and not producing any document, to identify each item not produced specifically by its nature, and in the case of objection under claim of privilege, to state the basis on which a privilege is claimed, all persons to whom copies of the document were furnished, and their job titles.

**YOU ARE HEREBY REQUIRED TO PRODUCE** at the time and place aforesaid **the following, as to each and every employee of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. in the State of New York, in whole or in part, covering any and all time periods from January 1, 2006, until the return date of this subpoena**:

1.  Any and all documents that identify the name, last known address, last known phone number, age, race, national origin, sex, alienage, immigration status, hours worked, work shifts, worksite location(s), occupational classification, wage rate, gross wages, deductions, net wages, allowances claimed as part of the minimum wage, adjustments, advances, loans, charges, and/or money paid in cash. These documents or records are to be segregated by weekly pay period, and by entity (i.e., DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.). Subpoenaed documents include, but are not limited to, any and all such written or computer payroll documents prepared for DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP., or for any third-party, by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., CROSSROADS TRUCKING CORP. or any third-party. These documents include but are not limited to payroll records; paystubs; notebooks or registers on which employee names and wages are entered; canceled paychecks; and/or cash receipts.

2.  Any and all time sheets, time records, time cards, schedules, calendars, and/or other documents, showing any and all shifts, hours, and days worked. These documents are to be segregated by weekly pay period, and by entity (i.e., DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.).

3.  Any and all documents and/or correspondence concerning any housing, meals,

4

transportation, and/or medical care provided by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP., including but not limited to the policies, practices and procedures by which employees are assigned to vehicle(s) for sleeping and/or living quarters.

4. Any and all documents and/or correspondence concerning DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. signed by the abovementioned employees and other persons. These documents include but are not limited to pledges, authorization forms, and tax forms.

**YOU ARE HEREBY FURTHER REQUIRED TO PRODUCE** at the time and place aforesaid the following **concerning employment and/or authorization for employment by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP., performed and/or to be performed by employees on or after January 1, 2006 until the return date of this subpoena:**

5. Any and all documents and/or correspondence concerning employment and/or authorization for employment of any foreign national, including but not limited to immigrants and non-immigrant aliens, by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. Such documents include but are not limited to Applications for Employment Certification (also known as ETA 750s), documents concerning H-2B and/or other employment-related visas (including copies of any and all such visas), Petitions for Aliens To Perform Temporary Nonagricultural Services or Labor, Petitions for A Nonimmigrant Worker, I-94s, I-797s, and/or applications for employment, offers of employment, letters of recommendation, documents concerning the need for temporary non-agricultural services or labor, documents confirming employment, and/or all other attachments and supporting documentation for any and all such applications and/or petitions, and/or proof of service of any of the above to any state or federal agency.

6. Any and all documents concerning other persons and/or entities that provide any service related to the use of the H-2B, H-2R and/or other employment-related visa program by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP., including but not limited to the recruitment of applicants, the preparation and/or processing of any document listed in Subpoena Question #5, the transportation of H-2B and/or other employment-related visa holders to the United States, preparation of income tax documents of H-2B and/or other employment-related visa holders, and communications to employees about such services.

7. Any and all documents related to the recruitment of employees, including but

5

not limited to advertisements, applications, interviews with applicants, the recruitment of foreign nationals through the H-2B, H-2R and/or other employment-related visa program, and the terms and conditions of employment that DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. communicates directly and/or indirectly to applicants and/or potential applicants prior to employment.

**YOU ARE HEREBY FURTHER REQUIRED TO PRODUCE** at the time and place aforesaid the following **as to DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.,** covering any and all time periods **from January 1, 2006, until the return date of this subpoena**:

8. Any and all documents and/or correspondence concerning personnel policies, rules, guidelines, pay rates, training, discipline, policies on discrimination, and/or any other aspect of employment of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.

9. Any and all contracts, collective bargaining agreements, and/or other documents specifying the wage rates, work schedules, benefits, and/or any other terms or conditions of employment. These documents or records are to be segregated by year and by entity (i.e., DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.).

10. Any and all documents concerning the operation by and/or participation by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. in any fair, carnival, amusement park, and/or other temporary seasonal establishment at which rides, games, contests, and/or food concessions were operated. Such documents include but are not limited to documents sufficient to show the locations, opening and closing dates, hours of operation, and/or sponsors of any fairs, carnivals, and/or amusement parks. These documents or records are to be segregated by year and by entity (i.e., DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.).

11. The articles of incorporation, by-laws, charters, annual and quarterly reports, government filings, business certificates, certificates of incorporation, minutes of board meetings, minutes of shareholder meetings, and/or partnership agreements of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and CROSSROADS TRUCKING CORP.

12. Any and all documents reflecting the names, addresses, telephone numbers, and positions held over time by each and every officer, director, owner, and/or

6

shareholder of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and CROSSROADS TRUCKING CORP. Such documents include but are not limited to annual and quarterly reports, corporate charters, government filings, license applications, business certificates, certificates of incorporation, and partnership agreements.

13. Documents sufficient to show the name, address, and telephone numbers of any and all other business entities in which ROBERT F. DESTEFANO, JR., KATHERYN L. DESTEFANO, and/or any and all other officers, directors, owners, and shareholders of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. have a direct or indirect ownership interest and/or of which they are officers, directors, members, and/or partners, the nature and extent of any direct or indirect ownership interest, and the position(s) held by each such person.

14. Any and all documents submitted by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. to the United States Internal Revenue Service, to New York State taxing authorities, and/or to New York local taxing authorities, including but not limited to all "Form 1099" documents, any and all documents associated with "W-2" forms, for any and all of the employees and/or other persons described above, and any and all quarterly and annual New York State and Federal tax returns, including but not limited to Form NYS-45.

15. Any and all documents referring or relating to total annual and monthly revenue and/or total annual and monthly receipts of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and CROSSROADS TRUCKING CORP. Such documents include but are not limited to business records summarizing cash register records or receipts and business records summarizing purchases of products for sale, including but not limited to books of Accounts, Accounts Payable, Cash Books, and Business ledgers, and sales records. These documents or records are to be segregated by month, year, and by entity (i.e., DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.).

16. Any and all documents concerning each and every individual and/or entity (including but not limited to corporations, partnerships, not-for-profit entities, unincorporated associations, vendors, and/or contractors) to whom DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. provided goods and/or services and the agreed-upon terms for the provision of such goods and/or services. These documents include but are not limited to contracts, agreements, invoices, orders, accounts payable, and receipts.

17. Any and all documents concerning property (including but not limited to real estate and motor vehicles) in which DREAMLAND AMUSEMENTS INC., TOY CIRCUS,

7

INC., CROSSROADS TRUCKING CORP., ROBERT F. DESTEFANO, JR., KATHERYN L. DESTEFANO , and/or any other officer, director, owner, shareholder and/or partner of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. has a direct and/or indirect ownership interest and that has been used in connection with the operations of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. in New York. These documents include but are not limited to deeds and titles.

18. Any and all agreements by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., CROSSROADS TRUCKING CORP., ROBERT F. DESTEFANO, JR., KATHERYN L. DESTEFANO, and/or any other officer, director, owner, shareholder and/or partner of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. to lease, rent, and/or provide property (including but not limited to rides, housing, and/or motor vehicles) and/or services, including but not limited to total dollar amount of agreement, parties to agreement, terms of agreement, date of agreement and duration of agreement. These documents or records are to be segregated by year, month, and entity (i.e., DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.).

19. Any and all documents showing expenditures by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP., concerning their operations in New York, including, but not limited to records showing rental and/or mortgage payments, salaries, utility bills, and/or payments for licenses and/or permits, and copies of the front and backs of all checks, including bank checks or personal checks, used to pay any and all expenses such as rent, utilities, taxes, license fees, and/or salaries.

20. Any and all documents containing names and/or addresses of suppliers of goods, materials, and/or services for DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.

21. Any and all licenses, certificates, permits, and/or other documents issued by the New York City or State Department of Health, New York State Department of Labor, New York City Department of Consumer Affairs, New York State Office of Parks Recreation and Historic Preservation, New York City Department of Parks & Recreation, and/or any other state or local government agency in New York to DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.

22. The account numbers, account signatory authorizations, bank names, and locations of any and all bank accounts held by DREAMLAND AMUSEMENTS INC., TOY

8

CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. and any and all bank statements for those bank accounts.

23. Any and all documents concerning the following policies and/or coverage of employees of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. for work done in the State of New York, including, but not limited to, filings with all appropriate governmental agencies, evidence of premium payments, and the terms, scope, and duration of such policies and/or coverage:

      a.  workers' compensation policies;

      b.  unemployment insurance coverage;

      c.  disability insurance policies; and/or,

      d.  liability insurance policies.

24. Documents sufficient to show the practices, policies, and procedures by which DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. retains employees with H-2B and/or other employment-related visas, including but not limited to benefits provided to visa holders who work through the end of the visa term, reimbursement for expenses, possession of visa holders' passports and visas for the duration of the visa term, and direct and indirect communications to employees about such practices, policies, and procedures.

25. All documents concerning any complaint submitted to any agency, court, internal review process, and any owner, manager, or supervisory employee of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. regarding work hours, wages paid, deduction of wages, and work-related expenses paid by employees, lodging, work-related illnesses or injuries and/or treatment of work-related illnesses or injuries, or discrimination, harassment, hostile or abusive environment, retaliation or unfair treatment on the basis of sex, race, alienage and/or national origin, whether written or verbal, made by any current or former employee of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. including but not limited to:

      a.  copies of complaints;

      b.  documents sufficient to show communications regarding complaints, investigations and complaint dispositions, with reasons; and

      c.  any documents related to any and all disciplinary or other action and consideration thereof against persons in connection with the above incidents, allegations, or complaints.

26. All documents concerning the sex, race, alienage and/or national origin of any employee who was disciplined or terminated, including but not limited to any incidents or allegations of failure to follow management directives, or misconduct by employees, disciplinary action taken against an individual or individuals in connection with any such incidents or allegations, the cause or basis of discipline or termination and the disciplinary measure taken.

27. All documents concerning any and all vehicles (including but not limited to trailers and/or recreational vehicles) owned, operated, and/or leased by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. in which employees are housed, including but not limited to:

      a.  Documents sufficient to show the vehicles' makes, models, and years, including but not limited to vehicle titles and registrations;

      b.  Documents concerning maintenance and repairs;

      c.  Documents sufficient to show whether vehicles have electricity, potable water, sewer inlet connections and/or if DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. provides for sewer collection services;

      d.  Any and all documents concerning the assignment of employees to sleeping and/or living quarters, including but not limited to the names of each employee, the vehicle(s) to which each employee was assigned for sleeping and/or living quarters, and the start and end date of each such assignment; and,

      e.  Any and all complaints, violations and/or citations related to any vehicle owned or operated by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP., including but not limited to complaints submitted to any agency, court, internal review process, and any owner, manager, or supervisory employee of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.

**You are bound** by this subpoena to produce the requested items and appear at the examination and on any adjourned date thereof, pursuant to C.P.L.R. Art. 23. For a failure to appear, you may be

liable, in addition to any other lawful punishment, for damages sustained by the State of New York, and for a penalty.

WITNESS, Honorable ANDREW M. CUOMO, Attorney General of

the State of New York, the _2-3_ day of ___May___, 2008.

ANDREW M. CUOMO
Attorney General of the State of New York

BY:

Andrew Elmore
Assistant Attorney General
Civil Rights Bureau
New York State Department of Law
120 Broadway, 3rd Floor
New York, New York 10271
(212) 416-6280

Sworn to before me
this _23_ day of
___May___ 2008

Assistant Attorney General

11

**AFFIDAVIT OF SERVICE**
**OF**
SUBPOENA DUCES TECUM

**Bureau:** _Labor_

STATE OF NEW YORK:
COUNTY OF NEW YORK:

I, _Edward L. Ortiz_ , being duly sworn, deposes and says:
that on _May 27th_$^{nd}$_. 2008_$^{th}$_._  _2008_ , at _2 Olympia Lane_
City of _Stony Brook, N.Y,_ , State of New York,
deponent served the above
on Mr. Robert F. Destefano at _0720 Hours_ by:

1.  **INDIVIDUAL**

    ☒  (a) Delivering a true copy thereof to _Robert F. Destefano_
        personally.  Deponent knew the person so served to be the person described in said document(s).

    (b) Delivering a true copy to_____
        a person of suitable age and discretion at person's actual place of business, dwelling place, or usual
        place of abode.

        Deponent also enclosed a copy of same in a postpaid, sealed wrapper properly addressed to person's last
        known business, dwelling place or place of abode at _____
        and deposited said wrapper in an official depository under the exclusive care and custody of the U.S.
        Postal Service.

    ☐  (c) Affixing a true copy to the door of person's actual place of business, dwelling place, or usual place of
        abode.  Deponent was unable, with due diligence, to find the person named therein or a person of
        suitable age and discretion having called there:
        On _____ 19 _____ , at _____
        On _____ 19 _____ , at _____
        On _____ 19 _____ , at _____

        Deponent also enclosed a copy of same in a postpaid, sealed wrapper properly addressed to person's last
        known business, dwelling place or place of abode at _____
        and deposited said wrapper in an official depository under the exclusive care and custody of the U.S.
        Postal Service.

2.  **CORPORATION:** Serving the above on_____
    Corporation, personally, whom deponent knew to be the said corporation by delivering a true copy thereof
    with_____
    an officer of said corporation or other agent authorized to receive service for said corporation .

**DESCRIPTION:** Deponent describes the individual served as follows:
    Sex: _Male_ ,           Hair: _Brown_ ,
    Skin: _White_ ,          Approx. Age: _48_ ,
    Approx. Ht.: _6'2"_ ,    Approx. Wt.: _280_ ,

Signature _[signature]_

Sworn to before me this _28th_. , day of May , 200_8_

Notary Public _____

**JULIE S. WONG**
**Notary Public, State of New York**
No. 01WO6179204
Qualified in Queens County
Commission Expires Dec. 24, 20__

**AFFIDAVIT OF SERVICE**
**OF**
SUBPOENA DUCES TECUM

Bureau: __Labor__

STATE OF NEW YORK:
COUNTY OF NEW YORK:

I, __Edward L. Ortiz_____ , being duly sworn, deposes and says:
that on __May 27th$^{nd}$. 2008th._____ __2008__ , at __2 Olympia Lane__
City of __Stony Brook, N.Y._____ , State of New York,
deponent served the above
on Mrs. Katheryn L. Destefano at __0720 Hours__ by:

1.    **INDIVIDUAL**

⊠    (a) Delivering a true copy thereof to __Katheryn L. Destefano_____

personally.  Deponent knew the person so served to be the person described in said document(s).

(b) Delivering a true copy to_____
a person of suitable age and discretion at person's actual place of business, dwelling place, or usual
place of abode.

Deponent also enclosed a copy of same in a postpaid, sealed wrapper properly addressed to person's last
known business, dwelling place or place of abode at _____
and deposited said wrapper in an official depository under the exclusive care and custody of the U.S.
Postal Service.

☐    (c) Affixing a true copy to the door of person's actual place of business, dwelling place, or usual place of
abode.  Deponent was unable, with due diligence, to find the person named therein or a person of
suitable age and discretion having called there:
On _____ 19 _____ , at _____
On _____ 19 _____ , at _____
On _____ 19 _____ , at _____

Deponent also enclosed a copy of same in a postpaid, sealed wrapper properly addressed to person's last
known business, dwelling place or place of abode at _____
and deposited said wrapper in an official depository under the exclusive care and custody of the U.S.
Postal Service.

2.    **CORPORATION:** Serving the above on_____
Corporation, personally, whom deponent knew to be the said corporation by delivering a true copy thereof
with_____
an officer of said corporation or other agent authorized to receive service for said corporation .

**DESCRIPTION:** Deponent describes the individual served as follows:
Sex: __Female_____ ,        Hair: __Blond_____ ,
Skin: __White_____ ,        Approx. Age: __47__ ,
Approx. Ht.: __5'7"__ ,        Approx. Wt.: __135__ ,

Signature __[signature]_____

Sworn to before me this __28th__.       day of __May__ , 2008

Notary Public _____

JULIE S. WONG
Notary Public, State of New York
No. 01WO6179204
Qualified in Queens County
Commission Expires Dec. 24, 20_11_

PEOPLE OF THE STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
LABOR AND CIVIL RIGHTS BUREAUS

---------------------------------------------------------------------

IN THE MATTER OF THE INVESTIGATION OF          **AFFIDAVIT OF SERVICE**
ANDREW M. CUOMO, ATTORNEY GENERAL OF          Index #
THE STATE OF NEW YORK,

OF

DREAMLAND AMUSEMENTS INC.; TOY CIRCUS,
INC.; CROSSROADS TRUCKING CORP.; ROBERT F.
DESTEFANO, JR.; KATHERYN L. DESTEFANO; and
any other owners and corporate officers of Dreamland
Amusements Inc., Toy Circus, Inc., and/or Crossroads
Trucking Corp.

---------------------------------------------------------------------

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF ALBANY           )


**Donald C. Anselment**, being duly sworn, deposes and says that he is over eighteen years of age and is employed by the New York State Attorney General's Office. Deponent served the attached **Subpoena Duces Tecum** on DREAMLAND AMUSEMENTS INC. by personally delivering two true copies thereof to the Offices of the Secretary of State at 99 Washington Avenue, One Commerce Plaza, Suite 600, Albany, New York, at 10:40 a.m. on May 28, 2008, and there leaving said copies with Carol Vogt (BDS1) in the office of the Secretary of State. Service was made in this manner pursuant to the provisions of Section 306 of the Business Corporation Law.


Susan J. White
Notary Public, State of New York
No. 01WH6047693
Qualified in Saratoga County
Commission Expires September 5, 20 10

Donald C. Anselment
Investigator

Sworn to before me this
28th day of May, 2008

NOTARY PUBLIC-STATE OF NEW YORK

PEOPLE OF THE STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
LABOR AND CIVIL RIGHTS BUREAUS

--------------------------------------------------------------------

IN THE MATTER OF THE INVESTIGATION OF                   **AFFIDAVIT OF SERVICE**
ANDREW M. CUOMO, ATTORNEY GENERAL OF                    Index #
THE STATE OF NEW YORK,

OF

DREAMLAND AMUSEMENTS INC.; TOY CIRCUS,
INC.; CROSSROADS TRUCKING CORP.; ROBERT F.
DESTEFANO, JR.; KATHERYN L. DESTEFANO; and
any other owners and corporate officers of Dreamland
Amusements Inc., Toy Circus, Inc., and/or Crossroads
Trucking Corp.

--------------------------------------------------------------------
STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF ALBANY          )


   **Donald C. Anselment**, being duly sworn, deposes and says that he is over eighteen years of age and is employed by the New York State Attorney General's Office.  Deponent served the attached **Subpoena Duces Tecum** on  CROSSROADS TRUCKING CORP. by personally delivering two true copies thereof to the Offices of the Secretary of State at 99 Washington Avenue, One Commerce Plaza, Suite 600, Albany, New York, at 10:40 a.m. on May 28, 2008, and there leaving said copies with Carol Vogt (BDS1) in the office of the Secretary of State.  Service was made in this manner pursuant to the provisions of Section 306 of the Business Corporation Law.


Susan J. White
Notary Public, State of New York
No. 01WH6047693
Qualified in Saratoga County
Commission Expires September 5, 20 __

                Donald C. Anselment
                Investigator

Sworn to before me this
28th day of May, 2008

NOTARY PUBLIC-STATE OF NEW YORK

PEOPLE OF THE STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
LABOR AND CIVIL RIGHTS BUREAUS

-------------------------------------------------------------------

IN THE MATTER OF THE INVESTIGATION OF
ANDREW M. CUOMO, ATTORNEY GENERAL OF
THE STATE OF NEW YORK,

**AFFIDAVIT OF SERVICE**
Index #

OF

DREAMLAND AMUSEMENTS INC.; TOY CIRCUS,
INC.; CROSSROADS TRUCKING CORP.; ROBERT F.
DESTEFANO, JR.; KATHERYN L. DESTEFANO; and
any other owners and corporate officers of Dreamland
Amusements Inc., Toy Circus, Inc., and/or Crossroads
Trucking Corp.

-------------------------------------------------------------------

| STATE OF NEW YORK | ) |
|---|---|
| | ) ss.: |
| COUNTY OF ALBANY | ) |

    **Donald C. Anselment**, being duly sworn, deposes and says that he is over eighteen years of age and is employed by the New York State Attorney General's Office. Deponent served the attached **Subpoena Duces Tecum** on TOY CIRCUS, INC. by personally delivering two true copies thereof to the Offices of the Secretary of State at 99 Washington Avenue, One Commerce Plaza, Suite 600, Albany, New York, at 10:40 a.m. on May 28, 2008, and there leaving said copies with Carol Vogt (BDS1) in the office of the Secretary of State. Service was made in this manner pursuant to the provisions of Section 306 of the Business Corporation Law.

Susan J. White
Notary Public, State of New York
No. 01WH6047693
Qualified in Saratoga County
Commission Expires September 5, 20 _10_

Donald C. Anselment
Investigator

Sworn to before me this
_28th_ day of May, 2008

NOTARY PUBLIC-STATE OF NEW YORK

# EXHIBIT E

PEOPLE OF THE STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
LABOR AND CIVIL RIGHTS BUREAUS

---

IN THE MATTER OF THE INVESTIGATION OF
ANDREW M. CUOMO, ATTORNEY GENERAL OF
THE STATE OF NEW YORK,

OF

DREAMLAND AMUSEMENTS INC.; TOY CIRCUS,
INC.; CROSSROADS TRUCKING CORP.; ROBERT F.
DESTEFANO, JR.; KATHERYN L. DESTEFANO; and
any other owners and corporate officers of Dreamland
Amusements Inc., Toy Circus, Inc., and/or Crossroads
Trucking Corp.

SUPPLEMENTAL    SUBPOENA
DUCES TECUM

---

TO:    ROBERT F. DESTEFANO, JR.
       KATHERYN L. DESTEFANO
       DREAMLAND AMUSEMENTS INC.
       TOY CIRCUS, INC.
       CROSSROADS TRUCKING CORP.
       2 Olympia Lane
       Stony Brook, NY 11790

**PLEASE TAKE NOTICE THAT YOU ARE REQUIRED** to produce certain items listed

below, on or before  July 15, 2008, at 9:30 a.m. , and on any adjourned dates thereof, at the offices

of the New York State Office of the Attorney General, Civil Rights Bureau, 120 Broadway, 3rd

Floor, New York, in an inquiry by ANDREW M. CUOMO, Attorney General of the State of New

York. This inquiry is to determine whether an action or proceeding should be instituted against

DREAMLAND AMUSEMENTS INC., 2 Olympia Lane, Stony Brook, NY 11790, TOY CIRCUS,

INC., 2 Olympia Lane, Stony Brook, NY 11790, CROSSROADS TRUCKING CORP., 2 Olympia

1

Lane, Stony Brook, NY 11790, ROBERT F. DESTEFANO, JR., KATHERYN L. DESTEFANO,

and any other owners or corporate officers of Dreamland Amusements Inc., Toy Circus, Inc., and/or

Crossroads Trucking Corp. The action or proceeding may be brought pursuant to and for potential

violations of New York Executive Law § 63(12); Article 6 and Article 19 of the New York Labor

Law; 12 N.Y.C.R.R. Part 142; the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; Title VII 42

U.S.C. §§ 2000e *et seq.*; 42 U.S.C. § 1981; the New York State Human Rights Law, Executive Law

§§ 290 *et seq.*; the New York City Human Rights Law, New York Administrative Code §§ 8-101 *et*

*seq.*; and 10 N.Y.C.R.R. Subpart 7-3, and any other violations of the aforementioned laws and/or

regulations.


    **TAKE FURTHER NOTICE THAT** for purposes of responding to this subpoena, the

following definitions shall apply:

   a.  The terms "documents" and "documentation" mean, without limitation, the original and any and all drafts and copies of any writings of any kind, including computer-stored information, although not yet printed out, that is capable of being reproduced on a computer display or printed. A "document," whether existing in computer storage or manual storage includes not only the final version but each and every preliminary draft or worksheet. Any such document bearing on any page thereof (front or back) any marks such as initials, stamped indices, comments, or notations of any character that were not part of the original text or photographic reproduction thereof is to be considered as a separate document.

   b.  The term "correspondence" means any communication whether by letter, facsimile, telex, note, electronic mail, or any other medium of communication and all documents concerning such "correspondence."

   c.  The term "concerning" shall be construed in the broadest sense to mean directly or indirectly describing, setting forth, responding to, discussing, relating to, describing, evidencing, constituting or referring to the subject in question, either in whole or in part.

   d.  "All" means "any and all," and "any" means "any and all."

e. "Including" means without limitation.

f. The terms "and" and "or" have both conjunctive and disjunctive meanings.

g. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the document request all responses which might otherwise be construed to be outside the scope.

h. The term "DREAMLAND AMUSEMENTS INC." refers to DREAMLAND AMUSEMENTS INC. and/or its agents, predecessors, successors, parents, affiliates, and/or subsidiaries.

i. The term "TOY CIRCUS, INC." refers to TOY CIRCUS, INC. and/or its agents, predecessors, successors, parents, affiliates, and/or subsidiaries.

j. The term "CROSSROADS TRUCKING CORP." refers to CROSSROADS TRUCKING CORP. and/or its agents, predecessors, successors, parents, affiliates, and/or subsidiaries.

k. The term "employee" refers to all of the employees of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. including officers, managers, professionals, salespersons, staff, office and clerical employees, trainees and any other person carried on the payroll whether as salaried or hourly employees, employees on commission or independent contractors. Such persons include but are not limited to individuals employed by or providing services in exchange for compensation from DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. pursuant to an H-2B, H-2R and/or other employment-related visa(s) or authorization.

l. The terms "employment," "work" and "employ" refer to any service, paid or unpaid, performed by an employee, that primarily benefits DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.

m. The definitions set forth in Rule 105 of the New York Civil Practice Law and Rules are incorporated herein by reference.


**PLEASE TAKE FURTHER NOTICE THAT:**

a. This request is a continuing request requiring supplemental responses in the event that, between the time documents are produced and conclusion of this case or investigation, you become aware of further information or documents.

b. If complete responses cannot be made after the exercise of due diligence to secure the requested information, you are requested to so indicate, to describe the efforts made and the results thereof, and to furnish the information to whatever extent possible.

3

c.  If you object to any of the requests herein, you are requested to state the specific grounds asserted for objecting and not producing any document, to identify each item not produced specifically by its nature, and in the case of objection under claim of privilege, to state the basis on which a privilege is claimed, all persons to whom copies of the document were furnished, and their job titles.

d.  Identify the year(s) to which each document produced refers.

**YOU ARE HEREBY REQUIRED TO PRODUCE** at the time and place aforesaid **the following, as to each and every employee of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. in the State of New York, in whole or in part, covering any and all time periods from July 8, 2002 until December 31, 2005:**

1.  Any and all documents that identify the name, last known address, last known phone number, age, race, national origin, sex, alienage, immigration status, hours worked, work shifts, worksite location(s), occupational classification, wage rate, gross wages, deductions, net wages, allowances claimed as part of the minimum wage, adjustments, advances, loans, charges, and/or money paid in cash. These documents or records are to be segregated by weekly pay period, and by entity (i.e., DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.). Subpoenaed documents include, but are not limited to, any and all such written or computer payroll documents prepared for DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP., or for any third-party, by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., CROSSROADS TRUCKING CORP. or any third-party. These documents include but are not limited to payroll records; paystubs; notebooks or registers on which employee names and wages are entered; canceled paychecks; and/or cash receipts.

2.  Any and all time sheets, time records, time cards, schedules, calendars, and/or other documents, showing any and all shifts, hours, and days worked. These documents are to be segregated by weekly pay period, and by entity (i.e., DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.).

3.  Any and all documents and/or correspondence concerning any housing, meals, transportation, and/or medical care provided by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP., including but not limited to the policies, practices and procedures by which employees are assigned to vehicle(s) for sleeping and/or living quarters.

**YOU ARE HEREBY FURTHER REQUIRED TO PRODUCE** at the time and place

4

aforesaid the following **concerning employment and/or authorization for employment by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP., performed by employees on July 8, 2002 until December 31, 2005**:

4. Any and all documents and/or correspondence concerning employment and/or authorization for employment of any foreign national, including but not limited to immigrants and non-immigrant aliens, by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. Such documents include but are not limited to Applications for Employment Certification (also known as ETA 750s), documents concerning H-2B, H-2R and/or other employment-related visas (including copies of any and all such visas), Petitions for Aliens To Perform Temporary Nonagricultural Services or Labor, Petitions for A Nonimmigrant Worker, I-94s, I-797s, and/or applications for employment, offers of employment, letters of recommendation, documents concerning the need for temporary non-agricultural services or labor, documents confirming employment, and/or all other attachments and supporting documentation for any and all such applications and/or petitions, and/or proof of service of any of the above to any state or federal agency.

5. Any and all documents concerning other persons and/or entities that provide any service related to the use of the H-2B, H-2R and/or other employment-related visa program by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP., including but not limited to the recruitment of applicants, the preparation and/or processing of any document listed in Subpoena Question #4, the transportation of H-2B, H-2R and/or other employment-related visa holders to the United States, preparation of income tax documents of H-2B, H-2R and/or other employment-related visa holders, and communications to employees about such services.

6. Any and all documents related to the recruitment of employees, including but not limited to advertisements, applications, interviews with applicants, the recruitment of foreign nationals through the H-2B, H-2R and/or other employment-related visa program, and the terms and conditions of employment that DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. communicates directly and/or indirectly to applicants and/or potential applicants prior to employment.

**YOU ARE HEREBY FURTHER REQUIRED TO PRODUCE** at the time and place aforesaid the following **as to DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.,** covering any and all time periods **from July 8, 2002**

5

**until December 31, 2005:**

7. Any and all documents and/or correspondence concerning personnel policies, rules, guidelines, pay rates, training, discipline, policies on discrimination, and/or any other aspect of employment of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.

8. Any and all contracts, collective bargaining agreements, and/or other documents specifying the wage rates, work schedules, benefits, and/or any other terms or conditions of employment. These documents or records are to be segregated by year and by entity (i.e., DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.).

9. Any and all documents concerning the operation by and/or participation by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. in any fair, carnival, amusement park, and/or other temporary seasonal establishment at which rides, games, contests, and/or food concessions were operated. Such documents include but are not limited to documents sufficient to show the locations, opening and closing dates, hours of operation, and/or sponsors of any fairs, carnivals, and/or amusement parks. These documents or records are to be segregated by year and by entity (i.e., DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.).

10. Any and all documents submitted by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. to the United States Internal Revenue Service, to New York State taxing authorities, and/or to New York local taxing authorities, including but not limited to all "Form 1099" documents, any and all documents associated with "W-2" forms, for any and all of the employees and/or other persons described above, and any and all quarterly and annual New York State and Federal tax returns, including but not limited to Form NYS-45.

11. Any and all documents referring or relating to total annual and monthly revenue and/or total annual and monthly receipts of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and CROSSROADS TRUCKING CORP. Such documents include but are not limited to business records summarizing cash register records or receipts and business records summarizing purchases of products for sale, including but not limited to books of Accounts, Accounts Payable, Cash Books, and Business ledgers, and sales records. These documents or records are to be segregated by month, year, and by entity (i.e., DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.).

12. Any and all documents concerning each and every individual and/or entity (including

6

but not limited to corporations, partnerships, not-for-profit entities, unincorporated associations, vendors, and/or contractors) to whom DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. provided goods and/or services and the agreed-upon terms for the provision of such goods and/or services.  These documents include but are not limited to contracts, agreements, invoices, orders, accounts payable, and receipts.

13. Any and all agreements by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., CROSSROADS TRUCKING CORP., ROBERT F. DESTEFANO, JR., KATHERYN L. DESTEFANO, and/or any other officer, director, owner, shareholder and/or partner of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. to lease, rent, and/or provide property (including but not limited to rides, housing, and/or motor vehicles) and/or services, including but not limited to total dollar amount of agreement, parties to agreement, terms of agreement, date of agreement and duration of agreement. These documents or records are to be segregated by year, month, and entity (i.e., DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.).

14. Any and all licenses, certificates, permits, and/or other documents issued by the New York City or State Department of Health, New York State Department of Labor, New York City Department of Consumer Affairs, New York State Office of Parks Recreation and Historic Preservation, New York City Department of Parks & Recreation, and/or any other state or local government agency in New York to DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.

15. Documents sufficient to show the account numbers, account signatory authorizations, bank names, and locations of any and all bank accounts held by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. and any and all bank statements for those bank accounts.

16. Documents sufficient to show the following policies and/or coverage of employees of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. for work done in the State of New York, including, but not limited to, filings with all appropriate governmental agencies, evidence of premium payments, and the terms, scope, and duration of such policies and/or coverage:

        a.  workers' compensation policies;

        b.  unemployment insurance coverage;

  c. disability insurance policies; and/or,

  d. liability insurance policies.

17. Documents sufficient to show the practices, policies, and procedures by which DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. retains employees with H-2B, H-2R and/or other employment-related visas, including but not limited to benefits provided to visa holders who work through the end of the visa term, reimbursement for expenses, possession of visa holders' passports and visas for the duration of the visa term, and direct and indirect communications to employees about such practices, policies, and procedures.

18. All documents concerning any complaint submitted to any agency, court, internal review process, and any owner, manager, or supervisory employee of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. regarding work hours, wages paid, deduction of wages, and work-related expenses paid by employees, lodging, work-related illnesses or injuries and/or treatment of work-related illnesses or injuries, or discrimination, harassment, hostile or abusive environment, retaliation or unfair treatment on the basis of sex, race, alienage and/or national origin, whether written or verbal, made by any current or former employee of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. including but not limited to:

  a. copies of complaints;

  b. documents sufficient to show communications regarding complaints, investigations and complaint dispositions, with reasons; and

  c. any documents related to any and all disciplinary or other action and consideration thereof against persons in connection with the above incidents, allegations, or complaints.

19. All documents concerning the sex, race, alienage and/or national origin of any employee who was disciplined or terminated, including but not limited to any incidents or allegations of failure to follow management directives, or misconduct by employees, disciplinary action taken against an individual or individuals in connection with any such incidents or allegations, the cause or basis of discipline or termination and the disciplinary measure taken.

20. All documents concerning any and all vehicles (including but not limited to trailers and/or recreational vehicles) owned, operated, and/or leased by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING

CORP. in which employees are housed, including but not limited to:

    a.  Documents sufficient to show the vehicles' makes, models, and years, including but not limited to vehicle titles and registrations;

    b.  Documents concerning maintenance and repairs;

    c.  Documents sufficient to show whether vehicles have electricity, potable water, sewer inlet connections and/or if DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP. provides for sewer collection services;

    d.  Any and all documents concerning the assignment of employees to sleeping and/or living quarters, including but not limited to the names of each employee, the vehicle(s) to which each employee was assigned for sleeping and/or living quarters, and the start and end date of each such assignment; and,

    e.  Any and all complaints, violations and/or citations related to any vehicle owned or operated by DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP., including but not limited to complaints submitted to any agency, court, internal review process, and any owner, manager, or supervisory employee of DREAMLAND AMUSEMENTS INC., TOY CIRCUS, INC., and/or CROSSROADS TRUCKING CORP.

**You are bound** by this subpoena to produce the requested items and appear at the examination and on any adjourned date thereof, pursuant to C.P.L.R. Art. 23. For a failure to appear, you may be liable, in addition to any other lawful punishment, for damages sustained by the State of New York, and for a penalty.

WITNESS, Honorable ANDREW M. CUOMO, Attorney General of

the State of New York, the _____ day of _____ July _____, 2008.

ANDREW M. CUOMO
Attorney General of the State of New York

BY: _____

Andrew Elmore
Assistant Attorney General
Civil Rights Bureau
New York State Department of Law
120 Broadway, 3rd Floor
New York, New York 10271
(212) 416-6280

Sworn to before me
this _____ day of
_____ July _____ 2008
_____
Assistant Attorney General

10

PEOPLE OF THE STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
LABOR AND CIVIL RIGHTS BUREAUS

---------------------------------------------------------------------

IN THE MATTER OF THE INVESTIGATION OF
ANDREW M. CUOMO, ATTORNEY GENERAL OF
THE STATE OF NEW YORK,

**AFFIDAVIT OF SERVICE**
Index #

OF

DREAMLAND AMUSEMENTS INC.; TOY CIRCUS,
INC.; CROSSROADS TRUCKING CORP.; ROBERT F.
DESTEFANO, JR.; KATHERYN L. DESTEFANO; and
any other owners and corporate officers of Dreamland
Amusements Inc., Toy Circus, Inc., and/or Crossroads
Trucking Corp.

---------------------------------------------------------------------

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF ALBANY       )


**Donald C. Anselment**, being duly sworn, deposes and says that he is over eighteen years of age and is employed by the New York State Attorney General's Office. Deponent served the attached **Supplemental Subpoena Duces Tecum** on DREAMLAND AMUSEMENTS INC. by personally delivering two true copies thereof to the Offices of the Secretary of State at 99 Washington Avenue, One Commerce Plaza, Suite 600, Albany, New York, at 12:00 p.m. on July 9, 2008, and there leaving said copies with Carol Vogt (BDS1) in the office of the Secretary of State. Service was made in this manner pursuant to the provisions of Section 306 of the Business Corporation Law.


Donald C. Anselment
Investigator

Sworn to before me this
9th day of July, 2008,


NOTARY PUBLIC-STATE OF NEW YORK

EDWARD J. CONLAN, JR.
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CO6003482
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES MARCH 9, 20 / 0

PEOPLE OF THE STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
LABOR AND CIVIL RIGHTS BUREAUS

-----------------------------------------------------------------------

IN THE MATTER OF THE INVESTIGATION OF                **AFFIDAVIT OF SERVICE**
ANDREW M. CUOMO, ATTORNEY GENERAL OF                 Index #
THE STATE OF NEW YORK,

OF

DREAMLAND AMUSEMENTS INC.; TOY CIRCUS,
INC.; CROSSROADS TRUCKING CORP.; ROBERT F.
DESTEFANO, JR.; KATHERYN L. DESTEFANO; and
any other owners and corporate officers of Dreamland
Amusements Inc., Toy Circus, Inc., and/or Crossroads
Trucking Corp.

-----------------------------------------------------------------------

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF ALBANY       )


**Donald C. Anselment**, being duly sworn, deposes and says that he is over eighteen years of age and is employed by the New York State Attorney General's Office. Deponent served the attached **Supplemental Subpoena Duces Tecum** on CROSSROADS TRUCKING CORP. by personally delivering two true copies thereof to the Offices of the Secretary of State at 99 Washington Avenue, One Commerce Plaza, Suite 600, Albany, New York, at 12:00 p.m. on July 9, 2008, and there leaving said copies with Carol Vogt (BDS1) in the office of the Secretary of State. Service was made in this manner pursuant to the provisions of Section 306 of the Business Corporation Law.


Donald C. Anselment
Investigator

Sworn to before me this
9th day of July, 2008

NOTARY PUBLIC-STATE OF NEW YORK

EDWARD J. CONLAN, JR.
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CO6003482
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES MARCH 9, 20 **10**

PEOPLE OF THE STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
LABOR AND CIVIL RIGHTS BUREAUS

---------------------------------------------------------------------

IN THE MATTER OF THE INVESTIGATION OF                    **AFFIDAVIT OF SERVICE**
ANDREW M. CUOMO, ATTORNEY GENERAL OF                     Index #
THE STATE OF NEW YORK,

OF

DREAMLAND AMUSEMENTS INC.; TOY CIRCUS,
INC.; CROSSROADS TRUCKING CORP.; ROBERT F.
DESTEFANO, JR.; KATHERYN L. DESTEFANO; and
any other owners and corporate officers of Dreamland
Amusements Inc., Toy Circus, Inc., and/or Crossroads
Trucking Corp.

---------------------------------------------------------------------

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF ALBANY           )


    **Donald C. Anselment**, being duly sworn, deposes and says that he is over eighteen years of age and is employed by the New York State Attorney General's Office. Deponent served the attached **Supplemental Subpoena Duces Tecum** on TOY CIRCUS, INC. by personally delivering two true copies thereof to the Offices of the Secretary of State at 99 Washington Avenue, One Commerce Plaza, Suite 600, Albany, New York, at 12:00 p.m. on July 9, 2008, and there leaving said copies with Carol Vogt (BDS1) in the office of the Secretary of State. Service was made in this manner pursuant to the provisions of Section 306 of the Business Corporation Law.


Donald C. Anselment
Investigator


Sworn to before me this
9th day of July, 2008

NOTARY PUBLIC STATE OF NEW YORK


EDWARD J. CONLAN, JR.
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CO6003482
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES MARCH 9, 20 10

## Andrew Elmore - Re: Supplemental subpoena

**From:** "Bruce Thall" <bthall@lawsgr.com>
**To:** <andrew.elmore@oag.state.ny.us>
**Date:** 7/8/2008 4:47 PM
**Subject:** Re: Supplemental subpoena

Andrew,
I will acept service.
Bruce

--Sent from my AT&T Blackberry--



| Bruce Thall, Esq. | Spector Gadon & Rosen P.C. |
|---|---|
| | 1635 Market Street |
| | 7th Floor |
| | Philadelphia PA 19103 |
| bthall@lawsgr.com | Direct Phone: +1 215-241-8802 |
| www.lawsgr.com | Direct Fax: +1 215-531-9116 |

This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

----- Original Message -----

From: Andrew Elmore <Andrew.Elmore@oag.state.ny.us>
To: Bruce Thall
Sent: Tue Jul 08 10:26:22 2008
Subject: Supplemental subpoena

Bruce,
As per my voice message, attached please find a supplemental subpoena for your clients in connection with the Dreamland investigation. Please inform me whether you will accept service of this subpoena.

I look forward to hearing from you.

Re: Supplemental subpoena

Andrew

# EXHIBITS TO EXHIBIT A - PART THREE

# EXHIBIT F



**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

ANDREW M. CUOMO
ATTORNEY GENERAL

DENISE E. O'DONNELL, DEPUTY
CIVIL RIGHTS BUREAU

By Fax and Mail: (215) 241-8844

June 2, 2008

Bruce Thall, Esq.
Spector Gadon & Rosen, P.C.
1635 Market Street, Seventh Floor
Philadelphia, PA 19103

Re:   Dreamland Amusements Inc., Toy Circus, Inc., Crossroads Trucking Corp.,
      Robert F. DeStefano, and Katheryn L. DeStefano

Thank you for speaking with me today regarding the subpoenas issued on May 23, 2008 in connection with the investigation of Dreamland Amusements Inc., Toy Circus, Inc., Crossroads Trucking Corp., Robert F. DeStefano, and Katheryn L. DeStefano ("Dreamland et al."). We are also in receipt of your letter, dated June 2, 2008.

To memorialize our conversation today, Dreamland et al. will comply with the subpoena *duces tecum* by or before Wednesday, June 5, 2008 at 5 p.m., and you will inform me before then if there are any documents requested in the May 23, 2008 subpoena *duces tecum* that Dreamland et al. is unable to produce at that time.

Thank you in advance for your cooperation in this matter. If you have any questions, or if you believe that this letter does not accurately reflect our conversation, please do not hesitate to contact me at (212) 416-6280. Please also note that future correspondence can be sent by facsimile to me at (212) 416-8074.

Sincerely,

Andrew J. Elmore
Assistant Attorney General
(212) 416-6280
Andrew.Elmore@oag.state.ny.us

# EXHIBIT G

# SPECTOR GADON & ROSEN, P.C.

ATTORNEYS AT LAW

NEW JERSEY OFFICE:
1000 LENOLA ROAD
P.O. BOX 1001
MOORESTOWN, NJ 08057
[856] 778-8100
FAX: [856] 722-5344

SEVEN PENN CENTER
1635 MARKET STREET
SEVENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
[215] 241-8888
FAX: [215] 241-8844
WWW.LAWSGR.COM

FLORIDA OFFICE:
360 CENTRAL AVENUE
SUITE 1550
ST. PETERSBURG, FL 33701
[727] 896-4600
FAX: [727] 896-4604

*Bruce Thall*
DIRECT DIAL NUMBER
[215] 241-8802

E-MAIL
bthall@lawsgr.com

June 5, 2008

**Via Fax - 212-416-8694 and Regular Mail**
Andrew Elmore, Esquire
Assistant Attorney General
State of New York
Office of the Attorney General
120 Broadway
New York City, NY 10271

> **Re:** Subpoenas to Dreamland Amusements, Inc., Toy Circus, Inc., Crossroads Trucking Corp., Robert F. DeStefano, Jr., and Katheryn L. DeStefano

Dear Mr. Elmore:

I am taking the opportunity to write you to update you on our progress. Since our retention on Monday, June 2, we have been quite busy in our efforts to address compliance with the subpoenas duces tecum and any issues which could arise in connection therewith, as well as the subpoenas ad testificandum.

Even though your subpoena was issued May 23, our clients have been working diligently in order to provide us with both information and documents that are responsive to the subpoenas and give us a crash-course in their business to enable us to ensure compliance with your subpoena while representing the interests of our clients.

We have received this morning the first full sized storage box of client documents, and expect to receive additional shipments on a rolling basis in the short term.

We will begin reviewing and collating documents today.

As I had previously offered, if there are any particular Bates references or descriptors you wish included as document identifiers, all you need do is let me know.

I renew my request that you let me know which of the categories of documents contained in your 27 numbered paragraphs you deem most crucial for your purposes. I would then attempt to secure those documents first, determine the completeness of the responsive production, and get them to you first.

**SPECTOR GADON & ROSEN, P.C.**
ATTORNEYS AT LAW

June 5, 2008
Page -2-

———————————————————

Regardless, we are doing our best to comply, and will deliver production to you as promptly as I can, full well cognizant of our obligations both to you and our clients.

As I told you, the blunderbuss subpoena appears to me to represent the product of a subpoena for an industry-wide investigation. If my inference is correct, please know that our clients are willing to assist you in connection therewith.

On the other hand, if my inference is incorrect, and you have some concern or issue with respect to our clients, we are happy to address that concern and resolve it through a vehicle such as a consent decree which would save you considerable time, save our clients considerable money, and provide you with an enforceable order regarding whatever might be your concern.

At bottom, however, our first duty is to adequately represent the interests of our clients in connection with your investigation. Our second obligation is to ensure full and complete compliance with the subpoenas duces tecum. We have made great strides regarding both of our duties since our retention on Monday of this week. We will continue to try to do so.

I will not make any specific time commitment with respect to the production of documents to you because, until I review the documents, any such representation would be worthless. I do commit to providing responses to the subpoenas duces tecum as a matter of priority, and will produce documents to you this coming week.

Thank you for your anticipated cooperation.

Sincerely,

Bruce L. Thall

BLT/jkw

# EXHIBIT H

| | |
|---|---|
| **From:** | Andrew Elmore |
| **To:** | "Bruce Thall" <bthall@lawsgr.com> |
| **CC:** | Balletta, Richard; Birnbaum, Julian; Marblestone, Judith |
| **Date:** | 6/13/2008 4:05 PM |
| **Subject:** | RE: Dreamlands |

Bruce,

We do not believe it is fruitful to discuss disagreement about the substantive merits of legal claims or defenses at this point while we are reviewing the documents produced by Dreamland et al. We are proceeding with the review as expeditiously as possible and once this audit is complete we will be happy to engage in this discussion.

In order for us to complete our audit of Dreamland Amusements' liability promptly, please identify where the documents do not so indicate the date (including year) of all documents produced so far as well as all documents that will be produced. For example, documents bates numbered DA-150 to DA-385 and DA-434 to DA-650 do not indicate what year they refer to.

Please also produce the immigration documents as stated in our earlier conversation (the I-129's, visa approvals, and Applications for Alien Employment Certification and underlying/supporting documentation for 2006, 2007, and 2008), and payroll records for 2006.

We will respond to you as soon as possible regarding your proposal to resolve this investigation prior to completion of the document production. Assuming that a resolution is not reached beforehand, we have rescheduled the subpoena hearing regarding the produced documents to Thursday, June 19, 2008 and the subpoena ad testificandum to Monday, June 23, 2008. We expect Katheryn DeStefano and Robert DeStefano to attend the June 19 subpoena hearing to the extent that they were involved in the creation, maintenance, and/or assembling of any of the produced documents, and to attend the June 23 hearing. You indicated yesterday that you participate in a panel that might assign you to represent individuals on Thursday, June 19. If necessary, please inform the panel of this schedule, and let us know if the panel will excuse your participation upon notification and/or our confirmation of your clients' legal obligation to submit to questioning in New York that day.

Thank you.


Andrew J. Elmore
Assistant Attorney General
Civil Rights Bureau
New York State Office of Attorney General
120 Broadway
New York, New York 10271-0332
Phone: (212) 416-6280
Fax: (212) 416-8074
Email: Andrew.Elmore@oag.state.ny.us

>>> "Bruce Thall" <bthall@lawsgr.com> 6/13/2008 10:55 AM >>>

Andrew,

My previous letters to you have discussed the amusement establishment exemption under Section 13(a)(3)(a) and (b), the former likely and the latter absolute redspecting my clients, as set forth in 29 CFR 779.385. My references to that regulation being adopted by or applicable to New York are based upon, inter alia, 12 NYCRR sec 142-3.2.
If you have a citation to the NYCRR that you believe erases the amusement establishment exemption vested in my clients, please provide it.

Regardless, we are proceeding as I have represeted to you.

Have a good weekend,

Bruce


Bruce Thall, Esq.
Spector Gadon & Rosen P.C.
1635 Market Street
7th Floor
Philadelphia PA 19103
mailto:bthall@lawsgr.com
http://www.lawsgr.com
Direct Phone: +1 215-241-8802
Direct Fax: +1 215-531-9116

------------------------------------------------------------------

This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.
IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

------------------------------------------------------------------

-----Original Message-----

From: Andrew Elmore [mailto:Andrew.Elmore@oag.state.ny.us]
Sent: Friday, June 13, 2008 9:46 AM
To: Bruce Thall
Cc: Judith Marblestone; Julian Birnbaum; Richard Balletta
Subject: RE: Dreamlands

Thank you Bruce for this e-mail. We will proceed in our review appropriately.

To clarify, the FLSA exemption (which we do not believe applies to your clients) does not "bind" New York Labor Law, which does not adopt the exemption. If you have any questions about this, or require further clarification, please contact Richard Balletta, Chief of the OAG Labor Bureau, who is cc'd in this e-mail, at (212) 416-8685. Thank you.

>>> "Bruce Thall" <bthall@lawsgr.com> 6/13/2008 9:28 AM >>>

Good morning, Andrew.

DA 000741-000790 are records for calendar year 2008.
DA 000791-000998 are records for calendar year 2007.

I am pleased that you are considering my proposal. I see it as a win win situation for you and your client and for me and my clients.

Just so there is no confusion, I have proposed that we enter into a consent decree addressing now whatever issues are of concern to you. In this regard, as is obvious from your subpoena, an area of your concern is wages and hours and overtime. I have written to you why I believe that my clients are exempt under the FSLA and the federal regulation I cited to you, which regulation New York, too, has engrafted onto its regulatory framework. You agree that the regulation binds New York, and that if the facts bear out the conditions set forth for application of

the exemoption, you have no jurisdiction over the wages and hours and
overtime inquiries that are a subject of the subpoena. Nonetheless,
even though I know and you will know on your review of the client
documents, that we are exempt, I propose that we enter into a consent
decree regarding specific wages and hours and overtime issues of concern
to you, whose terms, if reasonable, will be agreed to by my clients.
Further, we will continue with our production of documents. Should that
production cause you to want to vacate, cancel, amend or abrogate the
consent decree, it is within your discretion to do so and proceed as if
no such decree had ever been entered into.

Meanwhile, we are continuing to obtain additional documents, review
them, and, if responsive to your subpoenas, bates stamp them and produce
them.

I made this proposal because it is clear to me that an expeditious
resolution is something that you deem quite important, so that steps I
can take to facilitate that resolution benefit my client, too.

I look forward to hearing from you.

Bruce

Bruce Thall, Esq.
Spector Gadon & Rosen P.C.
1635 Market Street
7th Floor
Philadelphia PA 19103
mailto:bthall@lawsgr.com
http://www.lawsgr.com
Direct Phone: +1 215-241-8802
Direct Fax: +1 215-531-9116

----------------------------------------------------------------------
--

This communication including attachments, may contain information that
is confidential and protected by the attorney/client or other privilege.
If you are not the intended recipient of this communication, or if you
believe that you have received this communication in error, please
notify the sender immediately and kindly delete this email, including
attachments, without reading or saving them in any manner.
IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury
Regulations governing tax practice, we inform you that, unless expressly
indicated otherwise, any federal tax advice contained in this
communication (including attachments) was not written to be used for and
cannot be used for (i) purposes of avoiding any tax-related penalties
that may be imposed under Federal tax laws, or (ii) the promotion,
marketing, or recommending to another party of any tax-related
transaction or matter addressed herein.
----------------------------------------------------------------------
--

-----Original Message-----

From: Andrew Elmore [mailto:Andrew.Elmore@oag.state.ny.us]
Sent: Thursday, June 12, 2008 5:05 PM

To: Bruce Thall
Cc: Judith Marblestone; Julian Birnbaum; Richard Balletta
Subject: Re: Dreamlands

Bruce,
Thank you for this message. We are considering your proposal to enter
into settlement discussions in an effort to resolve this investigation,
and we are in the process of reviewing documents produced by Dreamland
et al. in contemplation of this. Notwithstanding your disagreement with
this office about the applicability of the FLSA and New York Labor Law
to Dreamland et al., you have agreed to produce payroll records
segregated by week and year. Dreamland et al's payroll records appear
to correspond to documents DA - 000741-998; however, while those
documents state weeks and months, they do not state years. We are
therefore unable to proceed further in our review until we know what
years these documents refer to. Accordingly, and as you agreed in our
conversation earlier today, please inform Dreamland et al. that we need
to know the years that these documents refer to before we may properly
determine whether we can resolve this investigation in the manner that
you propose. We hope that you and Dreamland et al. share our
understanding that the expeditious resolution of this matter is in all
parties' best interests, and that our request that your clients provide
us with this information by or before tomorrow morning will facilitate
this mutual expectation.
Best,
Andrew

Andrew J. Elmore
Assistant Attorney General
Civil Rights Bureau
New York State Office of Attorney General
120 Broadway
New York, New York 10271-0332
Phone: (212) 416-6280
Fax: (212) 416-8074
Email: Andrew.Elmore@oag.state.ny.us

>>> "Bruce Thall" <bthall@lawsgr.com> 6/11/2008 6:47 PM >>>
Andrew,
The next several hundreds of pages will be federal expressed to you
tomorrow. Even though our clients are not required to do so, in the
spirit of cooperation, we are attempting to obtain responsive documents
from third parties. All this on top of their exemtion from wage and
hour and overtime laws, as I set ouit for you in my letters of Monday
and Tuesday.
I should be in the office for some part of Thursday. Just call me if
there is anything you would like to discuss.
Bruce


--Sent from my AT&T Blackberry--


Bruce Thall, Esq.
Spector Gadon & Rosen P.C.
1635 Market Street
7th Floor
Philadelphia PA 19103
mailto:bthall@lawsgr.com
http://www.lawsgr.com
Direct Phone: +1 215-241-8802
Direct Fax: +1 215-531-9116

------------------------------------------------------------------------
--
This communication including attachments, may contain information that
is confidential and protected by the attorney/client or other privilege.
If you are not the intended recipient of this communication, or if you
believe that you have received this communication in error, please
notify the sender immediately and kindly delete this email, including
attachments, without reading or saving them in any manner.
IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury
Regulations governing tax practice, we inform you that, unless expressly
indicated otherwise, any federal tax advice contained in this
communication (including attachments) was not written to be used for and
cannot be used for (i) purposes of avoiding any tax-related penalties
that may be imposed under Federal tax laws, or (ii) the promotion,
marketing, or recommending to another party of any tax-related
transaction or matter addressed herein.
------------------------------------------------------------------------
--

# EXHIBIT I

| | |
|---|---|
| **From:** | Andrew Elmore |
| **To:** | Thall, Bruce |
| **CC:** | Balletta, Richard; Birnbaum, Julian; Marblestone, Judith |
| **Date:** | 6/23/2008 4:56 PM |
| **Subject:** | Dreamland OAG investigation 6/26 and 6/27 subpoena hearings and audit |

Bruce,
I attempted to reach you by telephone this afternoon and left a message.

In accordance with our telephone conversation Wednesday, June 18, 2008, the return date for the subpoena ad testificandum that was served on your clients regarding the investigation of Robert DeStefano, Katheryn DeStefano, Dreamland Amusements, Inc., Toy Circus, Inc., and Crossroads Trucking, Corp., has been extended until Thursday, June 26 and Friday June 27, 2008 at 10:00 a.m. in our offices, 120 Broadway, 26th Floor, New York, NY. The court reporter that had been ordered for Thursday, June 19, 2008 has been rescheduled for those new dates and times.

We will be prepared on Thursday morning to discuss our audit for settlement purposes. In the event a settlement is not forthcoming, the subpoena hearing will commence thereafter. At that time, we expect testimony from Robert F. DeStefano and Katheryn L. DeStefano in an oral examination pursuant to Executive Law § 63(12). The examination will not be a deposition pursuant to the CPLR; objections other than privilege, cross-examination and questions from you will not be allowed. Your clients will not receive a copy of the oral examination transcript. Although there is no right to counsel in the oral examination, we will permit you to be present, provided that we are able to complete the examination in a timely and reasonable manner.

In our conversation on Wednesday you told us that you would confer with your clients regarding whether they have 2006 payroll records or time records for any relevant period. Please inform us of your clients' response to this inquiry.

Please feel free to reach me at (212) 416-6280 should you have any questions regarding this communication.

Andrew


Andrew J. Elmore
Assistant Attorney General
Civil Rights Bureau
New York State Office of Attorney General
120 Broadway
New York, New York 10271-0332
Phone: (212) 416-6280
Fax: (212) 416-8074
Email: Andrew.Elmore@oag.state.ny.us

# EXHIBIT J

# SPECTOR GADON & ROSEN, P.C.

NEW JERSEY OFFICE:
1000 LENOLA ROAD
P.O. BOX 1001
MOORESTOWN, NJ 08057
[856] 778-8100
FAX: [856] 722-5344

ATTORNEYS AT LAW
SEVEN PENN CENTER
1635 MARKET STREET
SEVENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
[215] 241-8888
FAX: [215] 241-8844
WWW.LAWSGR.COM

FLORIDA OFFICE:
360 CENTRAL AVENUE
SUITE 1550
ST. PETERSBURG, FL 33701
[727] 896-4600
FAX: [727] 896-4604

*Bruce Thall*
DIRECT DIAL NUMBER
[215] 241-8802

E-MAIL
bthall@lawsgr.com

June 24, 2008

**Via Email @oag.state.ny.us**
Judith Marblestone, Esquire
Julian Birnbaum, Esquire
Richard Balletta, Esquire
Andrew Elmore, Esquire
Assistant Attorney General
State of New York
Office of the Attorney General
120 Broadway
New York City, NY  10271

    **Re:**    Dreamland/OAG Investigation

Dear Andrew:

        I am taking the liberty of sending this letter to you, as well as to your section and division heads who have participated in some of our phone conversations, in order to make sure that there is no misunderstanding between us.

## The Business of Dreamlands and its Limited Operations in New York

        My client is a nomadic, mobile amusement park, generally partnering with charitable, non-profit organizations as part of their fund raising efforts.  From early spring into the early fall, Dreamlands operates its amusement park with its charitable organization partners in states up and down the East Coast.  This year, Dreamlands is conducting its amusement park business in Georgia, North Carolina, Connecticut, New Hampshire, Vermont, New Jersey, Pennsylvania, and in New York State as well.

        This year, Dreamlands will operate at New York State venues for approximately 6 to 7 weeks total, with stops as short as 3 days.

        You are therefore conducting an investigation into an amusement park business that spends limited time in New York State, bringing the weight of your office to bear upon Dreamlands for the 6 or 7 weeks within the year during which our clients set up their amusement park within New York in conjunction with their charitable partners.

SPECTOR GADON & ROSEN, P.C.
    ATTORNEYS AT LAW

June 20, 2008
Page -2-

---

### Dreamlands has Cooperated Despite the Fact that Your Office Lacks Jurisdiction

Your Office initiated its investigation by subpoena dated May 23, 2008. We were retained on behalf of the clients on June 2, 2008. From then through June 20, in response to your request that responsive documents be produced piecemeal and in stages, rather than at one time, we have reviewed, Bates stamped, and sent on to you seven separate productions of responsive documents, comprising 10,095 documents thus far. As I represented to you, additional documents will provided as they are located and reviewed by us. In addition, in response to requests from you, we have provided identifying information with respect to responsive documents whenever you have requested such additional information. We intend to continue to do so.

From the first week in June, indeed dating from our first conversation, I have advised you that your Office lacks jurisdiction to conduct the investigation on any number of grounds. Included with each of the seven separate productions sent to you have been identifications of some of those grounds.

The absence of jurisdiction as previously communicated to you is made manifest by 29 C.F.R. 779.385 and 12 New York Codes Rules and Regulations 142-3.2, each of which we have repeatedly cited to you. The federal regulation exempts our clients from FSLA wages, hours and overtime strictures. As previously recounted for you, the federal regulation provides that an amusement establishment operating on a seasonal basis qualifies as an exempt establishment to which the minimum wage and overtime pay requirements of the FSLA do not apply, so long as the amusement establishment (a) does not operate for more than seven months in any calendar year or "(b) during the preceding calendar year, its average receipts for any six months of the year were not more than 33 1/3 percentum of its average receipts for the other six months of such year."

You have acknowledged the applicability of the federal regulation, but stated its application is fact sensitive. You now have sufficient documentation to establish beyond any shadow of a doubt that the clients' average receipts for any six months of the year are not more than a third of its average receipts for the other six months of the year.

Since I am sure that you and your investigators have been pouring over the documents sent to you, that fact cannot now be disputed.

The New York State regulation we have cited to you echoes and incorporates the federal regulation's exemption of Dreamlands as an amusement establishment in all material respects regarding wages and hours. At most, the New York regulation may, but does not necessarily, provide you with some jurisdiction with respect solely to overtime; however, there is

SPECTOR GADON & ROSEN, P.C.
ATTORNEYS AT LAW

June 20, 2008
Page -3-

no question but that you have no jurisdiction over wages and hours under the FSLA and under New York law.

### Applications to the United States Department of Labor do not Provide you with Jurisdiction

During our most recent telephone conversation, in which you were joined by Judith Marblestone, Esquire, Julian Birnbaum, Esquire, and Richard Balletta, Esquire, the Office of Attorney General articulated a different theory of jurisdiction. Specifically, your office contended that in connection with the H-2B non-agricultural workers obtained for Dreamlands by unrelated entities who specialize in seeking and obtaining United States Department of Labor temporary labor certifications for such non-agricultural, seasonal workers, due to the shortage of US workers to fill the laborer positions for Dreamlands annual tours, your office voiced an issue which you contended provided it with jurisdiction. Specifically, your office represented that by having unrelated third parties make application to the United States Department of Labor on Dreamlands' behalf, including their filling out forms I-129, I-907, the Application for Alien Employment Certification, and other federal forms, Dreamlands has through some unidentified mechanism somehow subjected itself not to the jurisdiction of the United States Department of Labor, but rather to the jurisdiction of the Office of the Attorney General of the State of New York. Moreover, your office contends that it has jurisdiction over Dreamlands due to the content of the forms submitted to the federal government, with respect to the payment of prevailing wages as determined by the United States Department of Labor, and for each of the specific locations at which Dreamlands partners with charitable institutions, presumably your jurisdiction limited to the 6 to 7 weeks which Dreamlands spends in New York State.

This is not the time or place to question your jurisdiction based upon the submissions made to the United States Department of Labor. Suffice it to say that any assertion of you jurisdiction based upon the submissions to the United States Department of Labor is tenuous.

Regardless, were there an issue derived from your perception of representations made in documents on behalf of Dreamlands to the United States Department of Labor, perforce that august body has the right, power and duty to determine whether any issue arises, and, if so, pursue such issue under traditional notions applicable to the law of contracts, including any claims of breaches in connection with such contracts.

The contention of contract breach, however inaccurate as will be set forth below, is wholly absent from any communications from the Office of the Attorney General, assuming *arguendo* that you did have jurisdiction over such representations made to the United States Department of Labor.

SPECTOR GADON & ROSEN, P.C.
ATTORNEYS AT LAW

June 20, 2008
Page -4-

Were you proceeding on a breach of contract basis, by now you would have taken me up on my offer made within days of our retention by the clients, to resolve your investigation by a consent decree, giving your office the right to vacate, correct, or add to that decree were further client documentation provided to your office as part of the continuing staged production you have requested to give you reason to believe that something more need be done.

There has not yet been any such proposal submitted to me, despite my written suggestions and our oral communications.

### Apparent Scorched Earth Policy

Pursuant to the subpoenas themselves, and separate writings, and oral conversations, your office has pegged its jurisdiction upon New York Executive Law Section 63. That statute sets out the general duties of the Attorney General, including the power to subpoena witnesses and books for "inquiries into matters concerning the public peace, public safety and public justice." [Section 63(8)]. It is pursuant to that Section that we have provided over 10,000 documents to you, and cooperated with your investigation.

However, as has now been made abundantly clear by your office, your investigation is predicated upon subsection 12 of section 63 of the New York Executive Law. That section permits the Attorney General to seek orders, direct restitution and damages, and other relief "whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transactions of business, ..."

You and your office have generally represented and now made crystal clear that your office is proceeding against our corporate and individual clients, who are officers, directors of our corporate client, based upon some notation of "repeated fraudulent or illegal acts or otherwise [that] demonstrate persistent fraud or illegality" in connection with the applications submitted for Dreamlands to the United States to obtain H-2B non-agricultural seasonal workers and, specifically, regarding their compensation.

Although you have represented to me that your investigation is civil in nature, the words "repeated fraudulent or illegal acts or otherwise [that] demonstrate persistent fraud or illegality" have strong, overwhelmingly criminal overtones. Moreover, the zeal, energy, and exuberance with which you have pursued this investigation echoes those strong criminal overtones.

Such criminal overtones are reinforced by your email of yesterday evening. That email advises me that the testimony you want from my individual clients will not be a deposition under civil law, but rather an oral examination under Section 63(12), which itself hinges solely

SPECTOR GADON & ROSEN, P.C.
ATTORNEYS AT LAW

June 20, 2008
Page -5-

_____

upon "repeated fraudulent or illegal acts or otherwise [that] demonstrate persistent fraud or
illegality." You email also advises me that my clients have no right to counsel; that you will
deign allow me to be present so long as I only raise "privilege" objections; and that I can neither
cross examine nor ask any questions whatsoever. Moreover, you also advised me that my clients
will not receive a copy of the transcript.

    I have been in front of grand juries that have allowed clients' greater rights than
those you are willing to provide to my clients.

    Sadly, since the Office of the Attorney General has chosen to proceed under
63(12) targeting fraudulent or illegal acts demonstrating persistent fraud or illegality of my
clients, whose presence in New York is limited to 6 or 7 weeks a year, rather than by breach of
contract, I am forced to respond accordingly, in order to protect the rights of my clients. All this
even though, as set forth below, there is no contract breach, much less criminal conduct, even
assuming that your office had jurisdiction to investigate based upon the submissions made for
my clients to the United States Department of Labor, or under the FSLA and the New York
Code.

    In short, I cannot permit you to depose my clients in view of what appears to be a
criminal investigation, despite the fact that no criminality, or even civil contract breach, exists.

    As a result, my clients will not appear for your oral examination pursuant to
Executive Law Section 63(12). For me to allow them to testify in view of what is set forth
herein would be tantamount to malpractice.

### Dreamlands Will Continue to Cooperate With Your Investigation

    Despite what I believe to be your lack of jurisdiction over the subject matter of
your investigation with regard to my clients, we will continue to cooperate with your
investigation. I believe that additional payroll records for the year 2006 will soon be located.
On receipt and review, we will forward them to you. Should other records become available,
those, too, will be forwarded to you.

    In the past, we have answered questions that you have raised regarding certain
documentation. We will continue to do so; however, as in the past, the answers will be through
me, akin to a proffer, and not directly from the clients.

    Regarding the testimony of my clients, as you know better than I, there are several
mechanisms that you can utilize in order to moot the concerns I have regarding what appears to
be the criminal focus of your investigation. I encourage you to utilize them; however, absent

SPECTOR GADON & ROSEN, P.C.
ATTORNEYS AT LAW

June 20, 2008
Page -6-

your recourse to such mechanisms, I cannot permit them to testify in the face of what appears to be a blunderbuss criminal investigation.

### Facts by Proffer

As I have represented, I will continue to answer specific questions you have regarding my clients, because I believe that such information should go far towards your terminating your investigation as improvident, separate and apart from the serious and substantial questions regarding your jurisdiction in the first instance.

By way of example, but not by way of limitation, although you and your colleagues have been particularly closed mouthed about the nature of your investigation, as is the norm with any criminal investigation, our discussions in response to my contentions that you lack jurisdiction to investigate have made clear your office's interest in wages and hours and overtime.

Regarding those issues, you should be aware that regarding the non-resident H-2B non-agricultural seasonal workers, the hand written weekly payroll sheet dollar figure under the column "gross" represents the actual dollar amount paid to each of the H-2B workers. None of that sum is required to be paid by the employee for the lodging provided by Dreamlands. None is required to be paid for food provided by Dreamlands. No "hidden charges" are taken from any of the H-2B workers reported gross salary.

In addition, as I am sure your investigators have reported to you, the gross payroll amount remains constant, and is never varied or diminished due to (a) a worker having no work assigned to him/her on a specific day or days; or (b) weather limiting or canceling the operations of the amusement park on specific days; or (c) for any other reasons.

To the contrary, the gross payroll sum reflected on the handwritten payroll sheets is a figure based upon long experience that is intended to and does include compensation for actual hours worked and overtime.

It is these facts, together with the absence of any deduction from the gross salary figure that appears on the payroll sheets that have resulted in my repeated entreaties to you for a consent decree. Indeed, knowing what a full, fair, and unbiased investigation would perforce conclude, I have beseeched you for a consent decree, with your option to vacate or modify, so that the investigation will end with your office having the assurance that whatever practice you deemed inappropriate would be remedied, with enforcement by virtue of the decree.

SPECTOR GADON & ROSEN, P.C.
ATTORNEYS AT LAW

June 20, 2008
Page -7-

_____

I am still hopeful that such a resolution will occur on you, your three colleagues and your investigators digesting this information. If client affidavits to that effect would achieve that result, I will consider providing them.

### Next Steps

What happens next is up to you. We can enter into a reasonable consent decree. You can secure some kind of immunity for my clients. You can proceed with your investigation, and we can engage in a lengthy motion practice which raises the specter of a court ruling consistent with my position, holding that you lack jurisdiction over the subject matter of your investigation.

You can use the power of your office to bankrupt my client. Your resources are far greater than those available to the nomadic Dreamlands amusement park. It would be a pity if you choose to do so, given the facts set forth above and the 6 to 7 weeks a year that the clients operate in New York.

The choices are yours.

Sincerely,

Bruce L. Thall

BLT/jkw

# EXHIBIT K

### Andrew Elmore - Basis for Settlement Demand

**From:** "Bruce Thall" <bthall@lawsgr.com>
**To:** "Andrew Elmore" <Andrew.Elmore@oag.state.ny.us>
**Date:** 6/26/2008 3:41 PM
**Subject:** Basis for Settlement Demand


Andrew,

I sit here mystified why it was so important that I come to New York for the meeting.  I am at a loss to understand what could not have transpired over the telephone.

By the way, you still owe me a cup of coffee.

You have asked that I recommend to my clients that they pay 3/4 million dollars for wages and overtime above what they have paid for the period from 1/1/06 to 5/30/08 for New York Claims only.

The research my people have done tells me that you do not have the jurisdiction to so demand.  My people can be wrong.

You do not have to comply with this request, but if you truly want my clients to accept your demand, I need your help by citing to me a case, or statute, or reg that gives the New York AG the jurisdiction to pursue a wages or hours or overtime claim  for H-2B wrokers based upon the forms submitted to the US DOL such as those you provided to me today.

It seems to me that if your office truly wants a settlement, then it should provide me with the authority that proves my people's research incorrect.  Otherwise, when my clients ask me why they should agree to pay 3/4 million, I will be limited to saying that it is a business decision.


|  | |
|---|---|
| **Bruce Thall, Esq.** | **Spector Gadon & Rosen P.C.**<br>1635 Market Street<br>7th Floor<br>Philadelphia PA 19103 |
| bthall@lawsgr.com<br>www.lawsgr.com | Direct Phone: +1 215-241-8802<br>Direct Fax: +1 215-531-9116 |


This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

# EXHIBIT
# L



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

By Electronic Mail, Mail and Fax:  (215) 241-8844

June 27, 2008

Bruce Thall, Esq.
Spector Gadon & Rosen, P.C.
1635 Market Street, Seventh Floor
Philadelphia, PA  19103

Re:  Dreamland Investigation

Dear Mr. Thall,

This letter is being submitted to advance the settlement discussions on June 26, 2008 by addressing your request for authority for the New York Office of Attorney General's ("OAG's") jurisdiction over your clients' fraudulent misrepresentations in documents to obtain nonimmigrant ("H-2B") employees.  By providing this information, the OAG is not purporting to represent all jurisdictional bases for all violations of law nor does it waive any assertions of jurisdiction not addressed.

As courts have consistently recognized, under New York Executive Law § 63(12), the Attorney General has broad authority to enjoin repeated or persistent fraud or illegality in the conducting of business, and to obtain injunctive relief, restitution, and damages. See Matter of State of New York v. Ford Motor Co., 74 N.Y.2d 495 (1989);  People v. Concert Connection, Ltd., 629 N.Y.S.2d 254 (2d Dep't 1995); People by Abrams v. American Motor Club, Inc., 582 N.Y.S.2d 688 (1st Dep't 1992). The test of fraudulent conduct under Executive Law § 63(12) "is whether the targeted act has the capacity or tendency to deceive, or creates an atmosphere conducive to fraud." People v. General Electric Co., Inc., 302 A.D.2d 314, 314 (1st Dep't 2003). Violation of federal, state, local law or regulation constitutes "illegality" under § 63(12). See, e.g., State v. Scottish-American Ass'n, Inc., 381 N.Y.S.2d 671, 672 (1st Dep't 1976).

Your clients repeatedly filed Applications for Alien Employment Certification ("ETA 750s") promising under penalty of perjury that they would pay H-2B prevailing wages to their employees for the entire work season in order to obtain labor certifications and visas. As required by the H-2B program, your clients filed the ETA 750s to the New York State Department of Labor ("NYS DOL"). The NYS DOL then determines if the promised wage is sufficient before it may send the complete application to the United States Department of Labor. See 20 C.F.R. § 655.2; 70 Fed. Reg. 41,430 (Dep't of Labor Jul. 19, 2005); Foreign Labor Certification Training and Employment Guidance Letter No. 21-06, Attachment A(IV)(A) (Dep't of Labor, June 25, 2007) (NYS DOL may not accept employers' H-2B applications with "[a] job opportunity containing a wage offer below the prevailing wage[.]"). Dreamland's misrepresentations of the wage rate to be paid to its employees therefore constitutes repeated fraudulent conduct upon New York State, for which the OAG may seek injunctive relief and restitution pursuant to its "extremely broad" § 63(12) jurisdiction. See Lefkowitz v. Bull Investment Group, Inc., 306 N.Y.S.2d 488, 491 (3d Dep't 1974).

In addition, Dreamland's failure to pay promised wages is illegal under Article 6 of the Labor Law. Labor Law § 190(1) defines "wages" for the purposes of Article 6 as including all earnings of an employee for labor or services rendered, regardless of the basis for determining the amount of the wages. Under Labor Law § 198(3), "[a]ll employees shall have the right to recover full wages, benefits and wage supplements accrued during the six years previous." The applicable "wages" under Article 6 of the Labor Law for the Dreamland employees are the H-2B prevailing wages as indicated on Dreamland's ETA 750s. Dreamland's repeated and persistent failure to pay that wage as required by Article 6 is illegality for which our Office has authority under Executive Law § 63(12) to recover restitution, damages, and injunctive relief. See, e.g., People v. Frink America, Inc., 770 N.Y.S.2d 225, 227 (4th Dep't 2003).

Setting aside the civil rights, health code, and other violations we have found, Dreamland clearly has failed to pay its employees the full, promised wages to which they are entitled, and our broad jurisdiction under Executive Law § 63(12) permits a judicial award for full restitution and damages, as well as injunctive relief.

Since you have requested this information in order to help possible resolution of this matter, we trust that you will share this information with your clients.

We expect to hear from you by the close of business Monday, June 30, 2008. While the OAG is willing to continue settlement discussions, the office must proceed with a hearing pursuant to subpoenas ad testificandum personally served on your clients on May 27, 2008. On June 23, 2008 we agreed to a second adjournment of these hearings, to June 26, 2008. Your June 24, 2008 letter stated that you have instructed your clients to refuse to attend a subpoena hearing. Please understand that your clients are under a continuing obligation to testify. If your clients ignore this legal obligation by failing to appear for a hearing, we shall have no choice but to move to compel their testimony.

-2-

Please feel free to reach me at (212) 416-6280 should you have any questions regarding this communication.

Sincerely,

Andrew Elmore
Assistant Attorney General
Civil Rights Bureau
New York State Department of Law
120 Broadway, 3rd Floor
New York, New York 10271
(212) 416-6280

-3-

# EXHIBIT M

OAG's Dreamland Investigation

**Andrew Elmore - OAG's Dreamland Investigation**

| | |
|---|---|
| **From:** | "Bruce Thall" <bthall@lawsgr.com> |
| **To:** | "Andrew Elmore" <Andrew.Elmore@oag.state.ny.us>, "Judith Marblestone" <Judith.Marblestone@oag.state.ny.us>, "Julian Birnbaum" <Julian.Birnbaum@oag.state.ny.us>, "Richard Balletta" <Richard.Balletta@oag.state.ny.us> |
| **Date:** | 7/1/2008 9:50 AM |
| **Subject:** | OAG's Dreamland Investigation |

Andrew,

Thank you so much for your letter outlining with authorities the predicates upon which you claim that the OAG has jurisdiction over Dreamlands with respect to the compensation of H-2B employees. As you know, I have repeatedly provided to you the analysis of my office which concluded that the OAG lacked jurisdiction, and repeatedly asked you for help in understanding that on which your office concluded to the contrary.

I had hoped only for a citation to a statute or case or regulation that gave the OAG jurisdiction over the ETA-750's. That your office provided so much more is very beneficial to me and our clients, and therefore to the prospect of settlement, because each of us now knows the authorities on which we rely and can assess the strengths and weaknesses or our respective positions accordingly.

As I told you at the conference you requested that I attend in your office last Thursday, I will discuss the potential for settlement with our clients, and expect to have a response to your demand later this week or Monday of next week.

As you suggested in your letter, I will indeed share the information and analysis contained in your letter with our clients, as well as our own analysis. As always, the clients will make the decision.

If we can reach a settlement agreement in principle, then all we need do is work out the terms and conditions of the agreement. In the event that we cannot reach a settlement agreement in principle, then I must remind you that, contrary to your statement in your letter, I have not instructed my clients not to attend a subpoena hearing. Rather, I have informed you that your offices' focus on repeated and persistent fraud in connection with applications to government authorities raises potential criminal consequences, so that even though I believe that our clients do not have even civil liability, I would have to advise them to assert their Fifth amendment rights in view of your offices' position; that were to wish to obtain their testimony you would therefore need to obtain immunity for them; and that the proceedure you proposed---my presence during questioning only at your whim and caprice, with no right to examine or cross examine, with no right to do anything other than object on grounds of privilege, and with no transcript of the proceeding made available to my clients---deprived my clients of their constitutionally secured rights under the federal and state consitutions, and reinforced my surmise that the investigation of your office had a criminal focus.

I hope that a settlement can be reached, but I will not make any representations that it will be reached without each side moving from the positions that each has thus far espoused.

I will contact you after I have fully discussed the potential for settlement with our clients.

Bruce



**Bruce Thall, Esq.**

bthall@lawsgr.com
www.lawsgr.com

**Spector Gadon & Rosen P.C.**
1635 Market Street
7th Floor
Philadelphia PA 19103
Direct Phone: +1 215-241-8802
Direct Fax: +1 215-531-9116

This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

# EXHIBIT N



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

By Fax and Mail:  (215) 241-8844

July 1, 2008

Bruce Thall, Esq.
Spector Gadon & Rosen, P.C.
1635 Market Street, Seventh Floor
Philadelphia, PA  19103

            Re:    Dreamland Investigation

Dear Bruce,

        Thank you for your communication of today, stating that you expect your clients to
provide us with a substantive response to our settlement offer of June 26, 2008 by July 7, 2008.
As stated in my letter to you on June 27, 2008, we expected a substantive response by June 30,
2008.  As you suggest, we are willing to permit your clients the opportunity to carefully consider
this offer, and we expect a substantive response by or before July 7, 2008, and we look forward
to fruitful settlement negotiations.

        If settlement talks breakdown, we will proceed with a hearing pursuant to subpoenas
duces tecum and ad testificandum personally served on your clients on May 27, 2008.  On June
23, 2008 we agreed to a second adjournment of these hearings, to June 26, 2008.   We are
pleased that your position stated in your June 24, 2008 letter that "my clients will not appear for
your oral examination pursuant to Executive Law Section 63(12)" has changed, and that your
clients will now testify.  As I stated to you in my June 23, 2008 communication, in the hearing
you will be permitted to attend as a courtesy, and your clients may invoke personal privileges.
This includes the 5th Amendment privilege against self-incrimination.  We grant your clients a
final adjournment of the hearing to July 15, 2008 at 9:30 a.m.  If your clients fail to appear for
this final return date, absent a settlement, we shall have no choice but to immediately move to
compel their testimony.

I look forward to discussing with you the possibility of a resolution to this investigation. Please feel free to reach me at (212) 416-6280 should you have any questions regarding this communication.

Sincerely,

Andrew Elmore
Assistant Attorney General
Civil Rights Bureau
New York State Department of Law
120 Broadway, 3rd Floor
New York, New York 10271
(212) 416-6280

# EXHIBIT

# O

# SPECTOR GADON & ROSEN, P.C.

ATTORNEYS AT LAW

NEW JERSEY OFFICE:
1000 LENOLA ROAD
P.O. BOX 1001
MOORESTOWN, NJ 08057
[856] 778-8100
FAX: [856] 722-5344

E-MAIL
bthall@lawsgr.com

SEVEN PENN CENTER
1635 MARKET STREET
SEVENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
[215] 241-8888
FAX: [215] 241-8844
WWW.LAWSGR.COM

FLORIDA OFFICE:
360 CENTRAL AVENUE
SUITE 1550
ST. PETERSBURG, FL 33701
[727] 896-4600
FAX: [727] 896-4604

*Bruce Thall*
DIRECT DIAL NUMBER
[215] 241-8802

July 2, 2008

**Via Email @oag.state.ny.us**
Andrew Elmore, Esquire
Judith Marblestone, Esquire
Julian Birnbaum, Esquire
Richard Balletta, Esquire
Assistant Attorney General
State of New York
Office of the Attorney General
120 Broadway
New York City, NY 10271

     **Re:**    Dreamland/OAG Investigation

Dear Andrew:

     Thank you for your fax that my office received last night. We, too, look forward to fruitful settlement negotiations. Absent a settlement, we will be engaged in a battle that your office cannot afford to lose, and my clients simply can't afford.

     Your letter does raise one matter which evidences that I have not been able to clearly articulate my position to you. That matter is your office subpoena hearing.

     Your office has informed me in writing that your subpoena hearing in furtherance of your office's subpoena is one which (a) allows me to attend and represent my clients only if you deign to so permit, and not by right; (b) precludes me from making objections other than privilege; (c) denies me or my clients the transcription of those proceedings, and evidences other procedural and substantive defects which, to me, signal constitutional deprivations.

     Under New York Executive Law Section 63(12), there is no authority purporting to allow the hearing procedure you have outlined. To the contrary, your office must follow the civil practice law and rules, were your subpoena issued by a Court and not an "office subpoena."

     It strikes me, then, that your "office subpoena hearing" is an attempt to avoid the protections and rights accorded to my clients under both the United States Constitution, New York State Constitution, and New York Civil Practice Law and Rules, through the creation of some kind of Star Chamber grand jury proceedings.

**SPECTOR GADON & ROSEN, P.C.**
ATTORNEYS AT LAW

July 2, 2008
Page -2-

_____

I have set forth in my letter of June 24 and my email of July 1 the facts upon which I conclude that your office deems my clients to have committed criminal acts, so that I cannot allow my clients to testify under the terms that you have set forth operate to govern your office subpoena hearing.

I have also set forth in those communications what you need do in order to obtain the testimony from my clients at such a hearing.

In sum, should we be unable to reach a settlement agreement, and you proceed to an office subpoena hearing on July 15, or any other date, I will instruct my clients not to testify in view of the strong criminal overtones your investigation and the denial to my clients of their fundamental, constitutional rights by operation of your office procedures that govern your subpoena hearing as you have outlined them.

In the event we are not able to reach a settlement agreement, an occurrence which I heartily hope will not occur, we can further address the Star Chamber inquisition subpoena hearing restrictions in derogation of my clients' rights under the Fifth and Sixth Amendments to the United States Constitution and the New York State analogs, as well as the impingements of your proffered procedures upon the clients' common law rights to counsel in an effort to agree to a mechanism that affords your office that which it needs within the constraints of affording our clients their constitutional and common law rights. Otherwise, our clients will have those rights in any proceedings under the New York Civil Practice Law and Rules.

Such an agreement would obviate any need to engage in a time consuming and expensive motion practice before the Supreme Court.

In the meantime, I will get back to you no later than Monday with our clients' settlement position.

Sincerely,

Bruce L. Thall

BLT/jkw

# EXHIBIT

# P



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

By Electronic Mail and Mail

July 3, 2008

Bruce Thall, Esq.
Spector Gadon & Rosen, P.C.
1635 Market Street, Seventh Floor
Philadelphia, PA 19103

      Re:   Dreamland Investigation

Dear Bruce,

    Thank you for your letter yesterday. In response to your inquiry, please be advised that the United States Supreme Court and New York courts have consistently held that investigatory hearings, such as those conducted by this office pursuant to Executive Law §63(12), are constitutional. See, e.g., In re Groban, 352 U.S. 330, 334-35 (1957); In the Matter of American Dental Cooperative, Inc. v. Attorney General, 514 N.Y.S.2d 228, 232 (1st Dep't 1987); cf. First Energy Leasing Corp. v. Attorney General, 68 N.Y.2d 59, 64 (1986); In the Matter of Kanterman v. Attorney General, 350 N.Y.S.2d 516, 519 (S. Ct. N.Y. Co. 1973). Furthermore, as we have repeatedly advised you, it is our practice to permit counsel to be present at subpoena hearings.

    I look forward to receiving a substantive response from you by or before Monday, July 7 regarding our settlement offer. If settlement discussions break down, we intend to proceed with a subpoena hearing on July 15. Please feel free to reach me at (212) 416-6280 should you have any questions regarding this communication.

          Sincerely,

          Andrew Elmore
          Assistant Attorney General
          Civil Rights Bureau
          (212) 416-6280

# EXHIBIT Q

# SPECTOR GADON & ROSEN, P.C.

ATTORNEYS AT LAW
SEVEN PENN CENTER
1635 MARKET STREET
SEVENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
[215] 241-8888
FAX: [215] 241-8844
WWW.LAWSGR.COM

NEW JERSEY OFFICE:
1000 LENOLA ROAD
P.O. BOX 1001
MOORESTOWN, NJ 08057
[856] 778-8100
FAX: [856] 722-5344

FLORIDA OFFICE:
360 CENTRAL AVENUE
SUITE 1550
ST. PETERSBURG, FL 33701
[727] 896-4600
FAX: [727] 896-4604

*Bruce Thall*
DIRECT DIAL NUMBER
[215] 241-8802

E-MAIL
bthall@lawsgr.com

July 8, 2008

**Via Email @oag.state.ny.us**
Andrew Elmore, Esquire
Judith Marblestone, Esquire
Julian Birnbaum, Esquire
Richard Balletta, Esquire
Assistant Attorney General
State of New York
Office of the Attorney General
120 Broadway
New York City, NY 10271

> **Re:** Response to Your Settlement Proposal and
> Counter Proposal of Dreamland

Dear Andrew:

The enclosed constitutes the substantive response of our clients to the settlement offer promulgated by the Office of the Attorney General of the State of New York, together with an explanation of the predicates on which it is founded.

Dreamland itself conducts its mobile carnival business, generally partnering with charitable, non-profit organizations as part of their fund-raising efforts, along the East Coast of the United States, in 2008 operating in Georgia, North Carolina, Connecticut, New Hampshire, Vermont, New Jersey, Pennsylvania, and New York State. Your Office purports to have the power to challenge my clients' performance under the totality of Dreamland's contract with the United States Department of Labor, even though only a small percentage of its business is conducted at locations in New York.

We have previously provided to you the authorities disclosing that our clients are an amusement enterprise, so that they are exempt from the wages and hours and overtime strictures of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and specifically section 13 thereunder, and the complementing federal regulations, codified at 29 C.F.R. 779.385. Similarly, we have previously provided to you 12 New York Codes Rules and Regulations 142-2.2 (and 142-3.2), which include the FLSA exemption of our clients from the wages and hours strictures, through adopting the exemptions set forth in the Fair Labor Standards Act, including the exemption for amusement enterprises.

508078

SPECTOR GADON & ROSEN, P.C.
ATTORNEYS AT LAW

July 8, 2008
Page -2-

As a result, no employee of our clients has any claim of entitlement to wages, hours or overtime work standards as set forth in federal or New York Code, regardless of whether the worker is a natural born citizen or an alien.[1]

At our meeting, you disclosed that the New York Office of the Attorney General is not proceeding under wages, hours or overtime as set forth in the FLSA or New York Code. Rather, your theory is based upon a contract between our clients and the United States Department of Labor. In this regard, you assert that our clients have engaged in repeated or persistent fraud or illegality in the conducting of its carnival business, and specifically with regard to federal Department of Labor forms ETA-750 (Applications for Alien Employment Certification). You contend that in signing those United States Department of Labor form contracts for each of three years, 2006, 2007, and 2008, Dreamland alone,[2] and not our other clients, contracted under penalty of perjury to the United States to pay United States Department of Labor prevailing wages to non-immigrant, H-2B seasonal employees obtained by others for our clients for their mobile carnival; further, you contend that our clients breached the contracts, and that the breach of the contract with the United States Department of Labor gives the New York Office of the Attorney General jurisdiction over what you deem to be the fraudulent misrepresentations, pursuant to New York Executive Law § 63(12), even though the contract was exclusively entered into with and approved by the United States Department of Labor.

The federal forms ETA-750 contain columns for estimated hours per week, estimated overtime hours, estimated weekly wages, and estimated weekly overtime at boxes 10 and 12. Only estimates can be made on signing the form, because on application to the United States Department of Labor, the final schedule of carnival locations and dates, and hours consumed on each date have not been determined. The estimates are not a guarantee of the number of hours that each H-2B worker will be asked to perform during each week.

Were there any questions regarding these facts or their interpretation, the United States Department of Labor is the sole entity which can answer them.

It is difficult to conceive how anyone could view the affixation of a signature by Dreamland to constitute a guarantee of specified hours of work per week. Moreover, precisely because the FLSA and New York Analog exempt American citizens who work for Dreamland

---

[1]    You also averred that my clients violated Civil Rights statutes because, inter alia, the porto-johns they lease for use at carnival sites are not sufficiently clean and because workers, including H-2B aliens, are forced to work in inclement weather. The short answers are sue the lessors and buy yourself a rain slicker at Family Dollar. The power of your Office to bring Civil Rights claims is not otherwise addressed in this response.

[2]    The United States Department of Labor forms ETA-750 were submitted by Dreamland Amusements, only, and not by Toy Circus or Crossroads. In fact, none of the latter have any H-2B non-agricultural, seasonal employees.

**SPECTOR GADON & ROSEN, P.C.**
ATTORNEYS AT LAW

July 8, 2008
Page -3-

from wages and hours strictures, your construction of the United States Department of Labor forms ETA-750 would create the anomalous situation of alien workers being guaranteed more money for displacing American workers than the American workers would receive for performing those services. Such a conundrum ignores and undercuts the express policy of the United States in creating its H-2B programs in the first instance. See, e.g., 8 U.S.C. § 1101(a)(4)(ii)(B).

Putting facts and logic aside however, your Office lacks the right or power to claim jurisdiction over or standing to pursue the averments that our clients have engaged in repeated or persistent fraud or illegality through your contention that they failed to pay prevailing wages per contract wit the United States Department of Labor to the H-2B seasonal employees, as set forth below.[3]

## PREEMPTION AND THE SUPREMACY CLAUSE

Resisting the temptation to refer you to treatises on Federal Preemption and the Supremacy Clause, suffice it to say for purposes of your investigation that the powers of Congress over Commerce and Immigration, as set forth in Article I, Section 8, Clauses 3 and 4 of the Constitution, are exclusive and paramount, and hold sway over states, as required by Article VI, Clause 2, known as the Supremacy Clause. The paramount and exclusive jurisdiction is even more pointed following the aftermath of the plane hijackings that occurred on September 11, 2001, and the resulting plethora of federal enactments governing aliens and the conduct of their entry into the United States by the federal government as part of its comprehensive immigration program.

Every aspect of immigration, including that pertaining to seasonal workers, is specifically set forth at length in phone book sized volumes within the United States Code and the Code of Federal Regulation.

### Federal Statutes and Federal Regulations

8 U.S.C. § 1101(a)(H)(ii)(b) sets out Congress's power to enact laws governing aliens residing in a foreign country which they have no intention of abandoning who come to the United States "to perform temporary service or labor if unemployed persons capable of performing such service or labor cannot be found in this country." Exercising that power, the Secretary of Homeland Security, the Attorney General of the United States, and the Secretary of

---

[3]    Whether the United States Department of Justice could prosecute such claims as false statements under 18 U.S.C. § 1001, or as mail fraud under 18 U.S.C. § 1341, or under RICO pursuant to 18 U.S.C. § 1961 is unclear in view of primacy of the regulatory scheme involving the Departments of Homeland Security, Labor, Agriculture and Justice. E.g., *Hoffman Plastics Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002). What is clear is that the New York Office of Attorney General has no such power.

**SPECTOR GADON & ROSEN, P.C.**
ATTORNEYS AT LAW

July 8, 2008
Page -4-

---

the Department of Labor have been exclusively vested with the "administration and enforcement of the chapter and all other laws relating to the immigration and naturalization of aliens," as set forth therein. Sec 8 U.S.C. § 1102(a). The powers so vested are virtually co-extensive with the power to regulate immigration. See, e.g., 8 U.S.C. § 1103, including (g) thereunder.

A sub-set of that broad grant of power is found within 8 U.S.C. § 1184, headed "Admission of Non-Immigrants." Under that statute, subsection (a), hinges admission of any alien as a non-immigrant "for such time and other such conditions" as the Executive Branch may prescribe. Within that Section are provisions imposing fraud prevention and detection fees upon employers filing false forms ETA-750 and other petitions, 8 U.S.C. § 1184(c)(13)(A), and (B). The statute also empowers the Secretary of the Department of Homeland Security to hold hearings and, after notice and an opportunity to be heard, impose fines and penalties upon an employer who submits a false or fraudulent application in order to obtain, *inter alia*, H-2B employees. 8 U.S.C. § 1184(c)(14)(A).

The Code of Federal Regulations contains more than 30 pages addressing only seasonal alien temporary workers. 8 C.F.R. § 214.2(h)(1), *et seq.*, extending for 30 pages within the Code of Federal Regulations, sets forth the procedure governing and representations by contract with the United States Department of Labor binding upon petitioner seeking H-2B workers, including wages and other terms and conditions of employment. The Secretary of Labor wields both the jurisdiction and power to address instances in which the petitioning employer has failed to meet the statutorily required contractual conditions for obtaining the seasonal alien laborers. Under § 214.2(h)(11)(B), the Director may revoke a petition at any time, even after its expiration, based upon the petitioner's statements of facts contained in the position being "not true and correct," or that petitioner had "violated terms and conditions of the approved petition" or other standards set forth therein.

No wonder there is preemption. The statute itself provides for preemption. Indeed, 8 U.S.C. § 1324(a)(h)(2) reads in its entirety:

> The provisions of the section preempt any state or local law
> imposing civil or criminal sanctions (other than through licensing
> and similar laws) upon those who employ, or recruit or refer for a
> fee for employment, unauthorized aliens.

Even were there no statutory preemption, nonetheless the law would compel it.

SPECTOR GADON & ROSEN, P.C.
ATTORNEYS AT LAW

July 8, 2008
Page -5-

_____

## CASE LAW

Not surprisingly, the case law interpreting the scope and breath of the federal statutory and regulatory components governing immigration and including seasonal workers has denied to all others the jurisdictional power or standing to raise claims otherwise within the four corners of the Congressional enactments and Federal Code provisions. Indeed, in *Hoffman Plastic Compounds, Inc. v. National Labor Relations Board*, 535 U.S. 137, 147-48 (2002), the Supreme Court denied to a federal entity -- the National Labor Relations Board -- the authority to construe its enabling legislation to include giving back pay awards to aliens unauthorized to work in view of the overarching primacy of Title 8 of the United States Code.

Thus, it is not surprising that every Court which has considered the issue has determined that the comprehensive federal scheme preempts any state regulation, even if non-conflicting or parallel, and that there is no private right of enforcement. See, e.g., *Hines v. Davidowitz*, 312 U.S. 52, 66-67 (1941) (striking down a Pennsylvania alien registration statute on grounds of federal pre-emption, observing "where the federal government in the exercise of its superior authority in this field, has enacted a complete scheme of regulation ... states cannot, inconsistently with the purpose of Congress, conflict or interfere with, curtail or complement, the federal law, or enforce additional or excilarary regulations."); *Takahashi v. Fish & Game Comm'n*, 334 U.S. 410, 419 (1948)("states can neither add to nor take from the conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in the United States or the several states."); accord *Gade v. Nat'l Solid Waste Management Assoc.*, 505 U.S. 88, 108 (1992); *Perry v. Thomas*, 482 U.S. 483 (1987); *DeCanas v. Bico*, 424 U.S. 351, 355 (1976); *Spina v. Department of Homeland Sec.*, 470 F.3d 116, 127-28 (2nd Cir. 2006)(using federal law to construe applicability, if any, of Connecticut statute to federal sentencing enhancement guidelines because, *inter alia*, "the immigration laws contain no provision indicating that they are to be interpreted in accordance with state law."); *Chavez v. Freshpict Foods, Inc.*, 456 F.2d 890, 893-96 (10th Cir. 1972); *Arizona Contractors Ass'n, Inc. v. Candelaria*, 534 F.Supp.2d 1036 (D. Ariz. 2008); *Lozano v. City of Hazleton*, 496 F.Supp.2d 477, 517-528 (M.D.Pa. 2007); *Shah v. Wilco Systems, Inc.*, 126 F.Supp.2d 641, 648-49 (S.D.N.Y. 2000); *United States v. Richard Dattner Architects*, 972 F.Supp. 738, 742 (S.D.N.Y. 1997); *Chavez v. Freshpict Foods, Inc.*, 322 F.Supp. 146 (D.Colo. 1971); *Younus v. Shabat*, 336 F.Supp. 1137, 1140 (N.D.Ill. 1971).

And, without a private cause of action, there is no "parens patriae" jurisdiction permitting your Office to become involved in the matters you state are under investigation. The remedies are distinctly federal. See, e.g., *Castellanos- Contreras v. Decadur Hotels, LLC*, 488 F.Supp.2d 565 (E.D. La. 2007). Put another way, there is not a single case that holds that a state has the power or standing to pursue a person or entity for alleged false statements to the United States Department of Labor to obtain seasonal workers.

**SPECTOR GADON & ROSEN, P.C.**
ATTORNEYS AT LAW

July 8, 2008
Page -6-

_____   _____   _____

From the Supremacy Clause set forth in Article VI, Clause 2, the powers over commerce and immigration vested in Congress pursuant to Article I, Clause 8, and the authorities set forth, *supra*, it is painfully obvious that the New York Office of the Attorney General lacks any power with respect to the matter that it contends is under investigation. The substance and breadth of such investigation reside solely and exclusively within the federal government.

That being the case, it is our considered view that your proceeding with your investigation will do nothing other than force our clients to bear substantial legal costs and fees while resulting in an opinion holding that your Office lacks jurisdiction over the matter under investigation.

It is because of the costs and fees, however, that I am authorized to submit to you a formal response to your settlement proposal. I am authorized to represent that our clients are willing to enter into a consent decree, based on no admission of wrongdoing, that results in an order enforceable by you for breach, if such decree will close your investigation and, therefore, end the costs attendant to our clients' unwilling participation in these proceedings. In addition, our client will pay the sum of $35,000, in acknowledgement of the costs and expenses you have incurred in connection with your investigation, albeit one over which you lack jurisdiction.

I would propose that the consent agreement include a weekly wage rate for the periods of time within which our clients' mobile carnival is set up in New York. I would not presume to suggest what other reasonable conditions you deem important or appropriate; however, as I have advised you since the inception of our representation, our clients are more than willing to agree to any reasonable terms and conditions of a consent order.

Alternatively, we encourage you to submit the fruits of your investigation to the United States Department of Labor. That Department has the jurisdiction and standing to address whatever issue you deem important.

I look forward to your response.

Sincerely,

Bruce L. Thall

# EXHIBITS TO EXHIBIT A - PART FOUR

# EXHIBIT R

# SPECTOR GADON & ROSEN, P.C.

ATTORNEYS AT LAW

NEW JERSEY OFFICE:
1000 LENOLA ROAD
P.O. BOX 1001
MOORESTOWN, NJ 08057
[856] 778-8100
FAX: [856] 722-5344

SEVEN PENN CENTER
1635 MARKET STREET
SEVENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
[215] 241-8888
FAX: [215] 241-8844
WWW.LAWSGR.COM

FLORIDA OFFICE:
360 CENTRAL AVENUE
SUITE 1550
ST. PETERSBURG, FL 33701
[727] 896-4600
FAX: [727] 896-4604

*Bruce Thall*
DIRECT DIAL NUMBER
[215] 241-8802

E-MAIL
bthall@lawsgr.com

July 10, 2008

**Via Email**
Andrew Elmore, Esquire
Assistant Attorney General
State of New York
Office of the Attorney General
120 Broadway
New York City, NY 10271

> **Re:**    Office Subpoena Scheduled Appearance of Dreamland

Dear Mr. Elmore:

You have now served a second, supplemental office subpoena demanding production of documents from my clients for the period from July 8, 2002 through December 31, 2005. As I have informed you, the service of the subpoena on me by email on July 8 makes it impossible for my clients to comply with this subpoena within the one week you have allotted.

I represented to you yesterday that, just as we have done with respect to the first subpoena dated May 23, 2008, we will endeavor to produce responsive documents and in stages. As you know, that process has resulted in over nine separate submissions to you of in excess of 10,600 documents.

You have created a conundrum which, *inter alia*, renders your scheduling of appearances on July 15 to be, at the very least, unnecessarily duplicative. After all, on our production of documents pursuant to your supplemental subpoena, you will command my clients to appear once again to ask the same questions with regard to the production submitted pursuant to the supplemental subpoena as you will ask with respect to the first, as well as additional questions that come to your mind during the interim.

You have told me that your investigation cannot be completed absent the appearance of my clients to respond to questions through the procedure you have set out with respect to your office subpoena.

If that be the case, then should we not for efficiency, courtesy, and completeness of your investigative process, schedule the appearances after the submission of our clients' documents pursuant to the supplemental subpoena?

**SPECTOR GADON & ROSEN, P.C.**
ATTORNEYS AT LAW

July 10, 2008
Page -2-

_____

     As always, our submission of documents is without waiver of any issues we might otherwise raise. Similarly, your putting off the appearances of our clients that you have scheduled based upon your office subpoena is similarly without any waiver or prejudice of your clients' rights or entitlements or position.

     This seems eminently reasonable and appropriate to me. Please let me know your response.

     Sincerely,

     Bruce L. Thall

BLT/jkw

# EXHIBIT S

# SPECTOR GADON & ROSEN, P.C.

ATTORNEYS AT LAW

NEW JERSEY OFFICE:
1000 LENOLA ROAD
P.O. BOX 1001
MOORESTOWN, NJ 08057
[856] 778-8100
FAX: [856] 722-5344

E-MAIL
bthall@lawsgr.com

SEVEN PENN CENTER
1635 MARKET STREET
SEVENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
[215] 241-8888
FAX: [215] 241-8844
WWW.LAWSGR.COM

FLORIDA OFFICE:
360 CENTRAL AVENUE
SUITE 1550
ST. PETERSBURG, FL 33701
[727] 896-4600
FAX: [727] 896-4604

*Bruce Thall*
DIRECT DIAL NUMBER
[215] 241-8802

July 14, 2008

**via email: andrew.elmore@oag.state.ny.us**
Andrew Elmore, Esquire
Assistant Attorney General
State of New York
Office of the Attorney General
120 Broadway
New York City, NY  10271

   Re:  **Dreamland Investigation**

Dear Mr. Elmore:

   I am writing you in response to your demand pursuant to your initial office subpoenas to our clients that they appear for interrogation on July 15 by you and your office subject to the limitations upon me as counsel that you have previously delineated.

   I suggested last week that you agree to postpone this date for testimony in view of your having served on me on July 8 a document headed "additional" subpoenas so that my clients and I, to the extent that you permit me to appear and represent my clients under your office subpoena procedures, will not have to appear for repeated, serial interrogations by you and your office, but rather need contend with only one set appearance.

   Your office refused.

   Andrew, I have given you in writing my concerns about the constitutionality of your office's procedures regarding testimony for office subpoenas, which procedures exclude me from participation at your whim and caprice, and limit that I am permitted to do even if you allow me to be present. Your considered responses to not allay those concerns, particularly in view of your offices' representations that its investigation has already found violations. All this, for an investigation over which your office lacks jurisdiction and standing in view of preemption and the overriding federal question.

   In order to sort all this out, we are sending out today for filing a complaint for declaratory judgment and injunctive relief. On our receiving word that it has been filed, we will send a copy to you by electronic means. Its grounds are those I have provided to you in our past correspondences.

**SPECTOR GADON & ROSEN, P.C.**
ATTORNEYS AT LAW

July 14, 2008
Page -2-

_____

　　　　We will not appear for testimony absent the court ruling on our application.
In the meantime, our clients will gather the documents responsive to your "additional"
subpoenas, and forward them to us for review, categorization and Bates stamping, just as they
have done in response to your initial office subpoena. This way, we will be in a position to
forward them on to you should we not prevail in the litigation.

　　　　Given the vastly divergent views our respective offices have of the jurisdiction and
standing of your office with regard to our client's employment of alien, seasonal laborers under
the contracts with the United States Department of Labor, it seemed to me that a judicial holding
would not only serve each of our clients' interests but also save each of clients from expending
time and dollars that might otherwise be put to better use.

　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　Bruce L. Thall

BLT/jkw

508812

# EXHIBIT T

JS 44C/SDNY
REV. 1/2008

CIVIL COVER SHEET

**'08 CIV 6321**

**JUDGE KOELTL**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Dreamland Amusements, Inc., Toy Circus, Inc., Crossroads Trucking Corp., Robert DeStefano and Kathryn DeStefano | The Honorable Andrew M. Cuomo, Attorney General of the State of New York, Office of the Attorney General |
| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) David B. Picker, Spector Gadon & Rosen, 1635 Market St., 7th Fl., Phila. PA 19103; 215-241-8888; Edward Finkelstein, Tarter, Krinsky & Drogin, 1350 Broadway, New York, NY 10018; 212-216-8000 | ATTORNEYS (IF KNOWN) |

RECEIVED
JUL 14 2008
U.S.D.C. S.D.N.Y.
CASHIERS

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Declaratory Judgment with respect to state prosecution of preempted federal statutory scheme of wage payments for alien, seasonal workers

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ] Judge Previously Assigned _____

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No[ ] Yes[ ] If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)      NATURE OF SUIT

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES - OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 OTHER FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 463 HABEAS CORPUS-ALIEN DETAINEE
- [ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/COMMODITIES/EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [x] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

_Check if demanded in complaint:_

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $_____ OTHER _____   JUDGE _____   DOCKET NUMBER_____

Check YES only if demanded in complaint
JURY DEMAND: [ ] YES [✓] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

*(PLACE AN x IN ONE BOX ONLY)*                                          **ORIGIN**

☑1 Original        ☐ 2a. Removed from    ☐3 Remanded from   ☐ 4 Reinstated or      ☐ 5 Transferred from  ☐6 Multidistrict      ☐ 7 Appeal to District
   Proceeding          State Court          Appellate Court     Reopened              (Specify District)     Litigation              Judge from
                   ☐ 2b.Removed from                                                                                                 Magistrate Judge
                        State Court AND                                                                                              Judgment
                        at least one
                        party is pro se.

*(PLACE AN x IN ONE BOX ONLY)*                        **BASIS OF JURISDICTION**                         **IF DIVERSITY, INDICATE**

☐1 U.S. PLAINTIFF   ☐2 U.S. DEFENDANT     ☑3 FEDERAL QUESTION      ☐4 DIVERSITY              **CITIZENSHIP BELOW.**
                                            (U.S. NOT A PARTY)                                 **(28 USC 1322, 1441)**

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED *and* PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED *or* PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Toy Circus, Inc.                    Dreamland Amusements, Inc.
Crossroads Trucking Corp.           473 Skinny Ridge Road
Robert DeStefano                    Lyman, NH 03585
Kathryn DeStefano                   Grafton County, NH
2 Olympia Lane
Stony Brook, NY 11790
Suffolk County

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

The Honorable Andrew M. Cuomo,
Attorney General of the State of New York,
Office of Attorney General
120 Broadway
New York, NY 10271

**DEFENDANT(S) ADDRESS UNKNOWN**
   REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   **THIS ACTION SHOULD BE ASSIGNED TO:**    ☐ **WHITE PLAINS**    ☑ **MANHATTAN**
             (DO NOT check either box if this is a PRISONER PETITION.)

DATE         SIGNATURE OF ATTORNEY OF RECORD                    ADMITTED TO PRACTICE IN THIS DISTRICT
                                          *CCL - 2805*          [ ] NO
RECEIPT #                                                       [ ] YES (DATE ADMITTED Mo. ____ Yr. ____ )
                                                               Attorney Bar Code # DP9658;EP2805

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J. Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 458 (Rev. 10/95)  Appearance

# UNITED STATES DISTRICT COURT

__SOUTHERN__    DISTRICT OF    NEW YORK

DREAMLAND AMUSEMENTS, INC., TOY
CIRCUS, INC., CROSSROADS TRUCKING
CORP., ROBERT DeSTEFANO and
KATHRYN DeSTEFANO

v.

THE HONORABLE ANDREW M. CUOMO, ATTORNEY
GENERAL OF THE STATE OF NEW YORK,
OFFICE OF THE ATTORNEY GENERAL

**APPEARANCE**

Case Number:

## 'U8 CIV 6321

## JUDGE KOELTL

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for

PLAINTIFFS:DREAMLAND AMUSEMENTS, INC.
TOY CIRCUS, INC.
CROSSROADS TRUCKING, INC.
ROBERT DeSTEFANO
KATHRYN DeSTEFANO

I certify that I am admitted to practice in this court.

| | |
|---|---|
| 7/14/2008 | _David Picker_ |
| Date | Signature |
| (BP-2805) | DAVID B. PICKER        [DP-9658] |
| Edward Finkelstein, Esquire | Print Name        Bar Number |
| Tarter Krinsky & Drogin | |
| 1350 Broadway | 1835 MARKET STREET, 7TH FLOOR |
| New York, NY 10018 | Address |
| 212-216-8000 | PHILADELPHIA    PA    19103 |
| Fax 212-216-8001 | City        State        Zip Code |
| | (215) 241-8888        (215) 241-8844 |
| | Phone Number        Fax Number |

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

Dreamland Amusements, Inc., Toy
Circus, Inc., Crossroads Trucking
Corp., Robert DeStefano and
Kathryn DeStefano.
V.

The Honorable Andrew M. Cuomo,
Attorney General of the State of New
York, Office of the Attorney General

**SUMMONS IN A CIVIL ACTION**

**U8 CIV 6321**

CASE NUMBER:

**JUDGE KOELTL**

TO: (Name and address of Defendant)

> The Honorable Andrew M. Cuomo, Attorney General of the State of New
> York, Office of the Attorney General
> 120 Broadway
> New York, NY 10271

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

| David B. Picker, Esquire | Edward Finkelstein, Esquire |
| Spector Gadon & Rosen, P.C. | Tarter, Krinsky & Drogin, P.C. |
| 1635 Market Street, 7th Floor | 1350 Broadway |
| Philadelphia, PA 19103 | New York, NY 10018 |
| 215-241-8888 | 212-216-8000 |

an answer to the complaint which is served on you with this summons, within _____ twenty (20) _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

JUL 1 4 2008

CLERK

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
               Date          *Signature of Server*

                             _____
                             *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

08 CIV 6321

JUDGE KOELTL

| | |
|---|---|
| Dreamland Amusements, Inc., Toy Circus, Inc., Crossroads Trucking Corp., Robert DeStefano and Kathryn DeStefano | Plaintiff, |
| -v- | |
| The Honorable Andrew M. Cuomo, Attorney General of the State of New York, Office of the Attorney General | Defendant. |

Case No.



RECEIVED
Rule 7.1 Statement
JUL 14 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for

Dreamland Amusements, Inc., Toy Circus, Inc. and       (a private non-governmental party)

certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held:

NONE

Date:    July 14, 2008

Signature of Attorney
Edward Finkelstein, Esquire
**Attorney Bar Code:** EF-2805

Form Rule7_1.pdf  SDNY Web 10/2007

David B. Picker, Esquire [DP-9658]
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8888 / FAX- (215) 241-8844
*Lead Counsel For Plaintiffs*

Edward Finkelstein, Esquire [EP-2805]
TARTER, KRINSKY & DROGIN P.C.
1350 Broadway
New York, New York 10018
Tel: 212-216-8000 / FAX- 212-216-8001
*Local Counsel For Plaintiffs*



'08 CIV 6321

JUDGE KOELTL

RECEIVED
JUL 14 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DREAMLAND AMUSEMENTS, INC.,
TOY CIRCUS , INC., CROSSROADS
TRUCKING CORP., ROBERT DESTEFANO,
and KATHRYN DESTEFANO,

                Plaintiffs,

     v.

THE HONORABLE ANDREW M. CUOMO,
ATTORNEY GENERAL OF THE STATE OF
NEW YORK, OFFICE OF THE ATTORNEY
GENERAL,

                Defendant.

CASE No.

---

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### I.    INTRODUCTION

1.    The traveling carnival is a swathe cut from the fabric of small and mid-town

America. "What kid from one to ninety-two" could contain his intense excitement and

anticipation awaiting the arrival of the traveling carnival, bringing its thunderous rides, the smell

of roasted peanuts, cotton candy leaving strands of sugar on his face, and the other sights and

sounds that constitute the midway?

511587-1

2.      Apparently, the Office of the Attorney General of the State of New York is manned by people who as children were deprived of the opportunity to partake of and enjoy this paradigmatic slice of American life. Perhaps due to this deprivation, the New York State Attorney General has represented, both orally and in writing, that it believes that Plaintiffs have and are engaging in repeated fraudulent and illegal acts, and have demonstrated persistent fraud and illegality in conducting their traveling carnival. In this regard the prosecutors steadfastly claim both a right and duty to bring "justice" to the Plaintiffs' mobile carnival for its operations both within the State of New York and each of the other half-score states to which Plaintiffs bring their mobile carnival. The New York State Attorney General has repeatedly represented both orally and in writing that the "fraud" and "persistent illegality" consists entirely of Plaintiffs' alleged failures to pay temporary, seasonal alien workers compensation as set forth in the contract of Plaintiff Dreamland Amusements, Inc. with the United States Department of Labor. Moreover, consistent with its powers to bring both civil and criminal proceedings, and particularly for "repeated fraudulent and illegal acts" and "persistent fraud and illegality", the New York State Attorney General has acknowledged that it could well bring criminal proceedings against Plaintiffs. Plaintiff's currently employ approximately twenty such workers.

3.      Plaintiffs vehemently deny that Dreamland or any one of them breached any term or condition of Dreamland's contract with the United States Department of Labor in any respect, much less the alleged failure to pay to the 20 alien, seasonal employees the appropriate wages pursuant to Dreamland's contract with the Federal Government, as well as any suggestion that Dreamland or any of the other plaintiffs engaged in "repeated fraudulent or illegal acts" or demonstrated "persistent fraud or illegality" in connection with the performance of the

2

conditions of the contract between Dreamland and the United States Department of Labor.[1] It will so prove, should any investigative authority with jurisdiction over the subject matter of the investigation and/or the power and duty to construe Dreamland's contract with the United States Department of Labor see fit to make a formal or informal inquiry or undertake an investigation.

4.    The New York State Attorney General is not such an entity.  To the contrary, preemption precludes the New York State Attorney General from investigating, much less prosecuting, any claims of repeated fraudulent or illegal acts or persistent fraud or illegality with respect to Dreamland's performance under its contract with the United States Department of Labor, or the breach of the contract itself.  Moreover, assuming, *arguendo*, that preemption did not absolutely bar the New York State Attorney General from investigating and prosecuting these claims, the question whether Dreamland has complied with or breached its contract with the United States Department of Labor is itself vested solely within the United States Department of Labor, the United States Department of Homeland Security, and the United States Attorney General, pursuant to the statutory and regulatory scheme erected by the Federal Government in furtherance of its exclusive powers over immigration and commerce as are set forth in Article I, § 8, Clauses 3 and 4 of the United States Constitution.

5.    Plaintiffs have repeatedly advised the State Attorney General, both in writing and in lengthy letter memoranda containing analysis and authorities, that the Attorney General has no

---

[1]    In the interest of full disclosure, the New York State Attorney General has represented orally and in writing that its investigation also includes alleged violations of the Federal Civil Rights Laws and the Federal employment discrimination laws set forth in Title VII of the United States Code, pegging the Federal civil rights and Federal employment violations upon its investigation which it states has disclosed thus far that the port-a-potties that Plaintiffs lease from unrelated third parties for use by their employees, including the alien, seasonal workers, at their tour stops are poorly maintained, and that Dreamland's employees, including the alien, seasonal workers, are forced to work outdoors during inclement weather at tour stops without being given ponchos at Plaintiffs' cost.  Plaintiffs are prepared to meet these allegations of Federal civil rights and Federal employment violations head-on. These matters, however, are not the subject of the instant complaint.

3

right or power to pursue civil or criminal actions against any of the plaintiffs due to preemption and the fact that the prosecution hinges solely upon an interpretation of duties and obligations under Dreamland's contract with the United States Department of Labor, committed solely to that federal department and its federal designees. The entreaties and analyses have fallen on deaf ears.

6.      Plaintiffs are therefore faced with an ongoing civil and potentially criminal prosecution that is beyond the right, power, or duty of the State Attorney General to pursue and prosecute. Moreover, the strident demands from the State Attorney General manifest that the prosecution is ongoing and the risks to Plaintiffs from prosecution, however misguided, are serious and imminent.

7.      As a result, Plaintiffs are compelled to file the instant Complaint for Declaratory Judgment and Injunctive Relief, seeking an order precluding the State Attorney General from proceeding with its prosecution of Plaintiffs for alleged violations of Dreamland's contract with the United States Department of Labor, and any fraudulent or illegal acts or persistent fraud or illegality in connection therewith were there any based upon preemption and the paramount federal question.

## II.    PARTIES

8.      Plaintiff Dreamland Amusements, Inc. (hereinafter "Dreamland") is an entity incorporated under the laws of the State of New Hampshire. It had in the past been incorporated by mistake under the laws of New York, and has been inactive. Dreamland has undertaken steps preparatory to dissolution of the corporation in New York. For the purposes of this action, it has an address of 2 Olympia Lane, Stony Brook, New York 11790.

4

9.    Plaintiff Toy Circus, Inc. (hereinafter "Toy Circus") is an entity incorporated under the laws of the State of New York. For the purposes of this action, it has an address of 2 Olympia Lane, Stony Brook, New York 11790.

10.    Plaintiff Crossroads Trucking Corp. (hereinafter "Crossroads") is an entity incorporated under the laws of the State of New York. For the purposes of this action, it has an address of 2 Olympia Lane, Stony Brook, New York 11790.

11.    Dreamland, Toy Circus and Crossroads, own, operate and transport the mobile carnival business generally known as Dreamland.

12.    Plaintiff Robert DeStefano is an owner, officer and/or operator of Dreamland, Toy Circus and Crossroads. For the purposes of this action, he has an address of 2 Olympia Lane, Stony Brook, New York 11790.

13.    Plaintiff Kathryn DeStefano is an owner, officer and/or operator of Dreamland, Toy Circus and Crossroads. For the purposes of this action, he has an address of 2 Olympia Lane, Stony Brook, New York 11790.

14.    Defendant The Honorable Andrew Cuomo is the Attorney General of the State of New York. He is sued in his individual capacity. The Office of the Attorney General of the State of New York is a unit of state government that is charged with representing the interests of the State of New York in civil and criminal proceedings, limited to those previous granted to it by statute. It has an address of 120 Broadway, New York City, New York, 10271.

### III.    JURISDICTION AND VENUE

15.    Original jurisdiction resides in this Honorable Court pursuant to the Supremacy Clause of the United States Constitution, Article VI, Clause 2, as implied and as otherwise provided for under 28 U.S.C. § 1343; under 28 U.S.C. § 1331, in that the instant action arises

under the constitution, laws, and treaties of the United States, under 28 U.S.C. § 1337, in that the matter arises under Acts of Congress regulating commerce *inter alia*; and under the Declaratory Judgment Act, 28 U.S.C. § 2201, in that an actual controversy exists, threating Plaintiffs with an unfounded prosecution by anemtity lacking jurisdiction.

16.    Venue is vested in this Honorable Court under 28 U.S.C. § 1391(b) in that the defendant resides within this district and a substantial part of the events or omissions giving rise to the claims of relief occurred and are occurring within this district.

## IV.    FACTS GIVING RISE TO CLAIMS FOR RELIEF

### A.    The Business of Dreamland and its Limited Operations in New York

17.    Dreamland, Toy Circus and Crossroads are a nomadic, mobile carnival, generally partnering with charitable, non-profit organizations as part of their fund-raising efforts.  For much of the year, Dreamland operates its carnival with its charitable organization partners in small and mid-sized towns in states up and down the East Coast of the United States.

18.    For 2008, Dreamland is bringing its carnival to venues such as New London, Connecticut; West Chester, Pennsylvania; Westport, Connecticut; Leonia, New Jersey; Mt. Pocono, Pennsylvania; Bud Lake, New Jersey; New Haven, Vermont; Bennington, Vermont; Lyndonville, Vermont; Lancaster, New Hampshire; Ledyard, Connecticut; Fort Bragg, North Carolina; Augusta, Georgia; and other small and mid-sized cities and towns along the East Coast of the United States.  This year Dreamland will operate at New York State venues, such as Islip, Levittown, Farmingdale and New Paltz.  Dreamland will operate its mobile amusement park at New York State venues for approximately six weeks during the year 2008, with some stops as short as three days.  Nonetheless, the New York State Attorney General purports to prosecute

6

Plaintiffs for their activities throughout the length and breadth of their tour stops based upon those few occurring within New York State.

**B. Dreamland is Exempt from Federal and State Minimum Wage, Hour and Overtime Strictures**

19.     The federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., sets forth minimum wage, hour and overtime strictures generally governing the relationship between employers and employees. 29 U.S.C. §§ 206, 207. Certain industries and businesses have been exempted from the wages, hours and overtime provisions of the Fair Labor Standards Act (hereinafter "F.L.S.A.") , including Dreamland and Toy Circus.

20.     29 U.S.C. § 213(a), headed "Minimum Wage and Maximum Hour Requirements," exempts amusement and/or recreational establishments from the minimum wage and maximum hour requirements. The statute reads, in relevant part:

> The provisions of § 206... and § 207 of this Title shall not apply with respect to --- (3) any employee employed by an establishment which is an amusement or recreational establishment...if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33⅓ per centum of its average receipts for the other six months of such year...

21.     For certain years Dreamland did not operate its core business for more than seven months in any calendar year. For each year, however, its average receipts for any six months of such year are not more than ⅓ of its average receipts for the other six months. Thus, Dreamland is exempt from the minimum wage and maximum hour requirements of the F.L.S.A., and its employees, including its 20 H- 2 B employees, are not covered by the F.L.S.A. minimum wage and maximum hour requirements.\[2]

---

[2]     Not surprisingly, the F.L.S.A. amusement establishment exemption is mirrored in the Code of Federal regulations. 29 CFR 779.385.

22.    The New York Labor Laws contain the amusement enterprise exemption as well, as they must in view of the supremacy clause. See e.g., 12 NYCRR §§ 142-3.2, 142-2.2

23.    Thus, Congress has carved out a class of employees of businesses such as Dreamland from the receipt of wages, hours and overtime as otherwise required by federal law. New York State has, perforce, followed suit.

24.    From the inception of Spector, Gadon & Rosen's representation of Plaintiffs, on June 2, 2008, in response to an office subpoena of the New York State Attorney General dated May 23, 2008, Plaintiffs have submitted 10,665 documents, each of which has been bates-stamped and listed as responsive to specific paragraphs of the State Attorney General's twenty-seven separate paragraph subpoena, many of which paragraphs contain multiple subsections. Review of those documents discloses that Dreamland is an exempt amusement establishment under both federal and New York law, had only the State Attorney General reviewed the documents.

C.  **Dreamland's Workforce and its Contracts with the United States Department of Labor**

25.    Likely due to the fact that Dreamland is an exempt amusement enterprise so that wages, hours and overtime do not apply to employees of Dreamland, and because high costs of operation and limited ability to generate income effectively preclude mobile carnivals such as Dreamland from deriving sufficient revenues to pay United States born workers a wage sufficient to induce employment with Dreamland, Dreamland is compelled to look beyond the borders of the United States in order to find workers who are willing to be itinerant mobile carnival employees in return for wages that mobile carnivals such as Dreamland can afford to pay and remain in business. Dreamland currently employs approximately one score such foreign national workers each of whom has "H-2B" visas issued by the Federal Government.

8

26.    In this regard, in order to obtain temporary, seasonal employees from foreign

countries, Dreamland must, as must all others similarly situated, must first advertise for native-

born workers and certify to the United States Department of Labor that their temporary need for

the alien employees is based upon their inability to obtain native-born workers. In this regard,

the form that entities such as Dreamland must submit to the Department of Homeland Security,

United States Citizenship and Immigration Services[3] in connection with its request for

permission to employ alien seasonal workers requires the submission of precisely such

justification. The form submitted by Dreamland for the year 2008 recites under Section 2(3)

under "Explain your temporary need for the alien's services" the following:

> DUE TO THE SHORTAGE OF U.S. WORKERS TO FILL THE LABORER POSITIONS
> WITH OUR ANNUAL TOURS, WE HAVE A CRITICAL NEED FOR TEMPORARY
> WORKERS TO ERECT LOADING AND UNLOADING BEFORE/AFTER EACH TOUR
> STOP. WE HAVE ADVERTISED AND RECRUITED ONCE AGAIN PER THE GUIDELINES
> AND INSTRUCTIONS AS SET FORTH BY THE DOL/INS FOR THIS JOB CATEGORY.
>
> WE HAVE ALSO POSTED HELP-WANTED SIGNS AT THE VARIOUS CITIES THAT WE
> TRAVEL TO DURING OUR TOURS.
>
> BECAUSE THIS JOB INVOLVES OUTDOOR WORK, MANY PEOPLE BECOME
> DISCOURAGED BY HAVING TO WORK IN THE ELEMENTS (HEAT, COLD, RAIN,
> ETC.).    HOWEVER, THE MAIN PROBLEM IS FINDING PEOPLE THAT ARE
> WILLING/ABLE TO TRAVEL ON TOUR TO THE VARIOUS LOCATIONS FOR THE
> ENTIRE DURATION OF OUR OPERATING SEASON. THESE REASONS MENTIONED
> ALSO MAKE THIS TEMPORARY NEED NECESSARY FOR US TO BE ABLE TO
> CONTINUE TO OPERATE SUCCESSFULLY AND TO MEET OUR COMMITMENTS AND
> NOT LOSE OUR DATES TO THE COMPETITION.

27.    This certification by Dreamland to the United States Department of Homeland

Security and the United States Citizenship and Immigration Services is crucial in order to

comport with the Immigration and Naturalization Acts. These Acts aim to ensure that United

States workers are not displaced from obtaining employment by alien, seasonal workers. See,

e.g., 8 U.S.C. § 1101(a)(H)(ii)(b)(setting out the power of the United States Congress to enact

---

[3]    The form is the H Classification Supplement to Form I-129.

laws governing aliens residing in a foreign country which they have no intention of abandoning, who come to the United States "to perform temporary service or labor <u>if unemployed persons capable of performing such services or labor cannot be found in this country</u>.") (emphasis supplied). The seasonal, temporary alien employees sought by Dreamland have H-2B visas based upon this subsection of 8 U.S.C. § 1101(a).

28.    The process of obtaining H-2B workers for enterprises such as Dreamland is one governed solely and exclusively by federal law, with each and every step in the process committed exclusively to the United States Department of Labor, the United States Department of Homeland Security, the United States Citizenship and Immigration Services and the United States Attorney General.

29.    The document upon which the New York State Attorney General bases his prosecution of Plaintiffs is a two page component of the massive documentation submitted by and for Dreamland to the United States Department of Labor and its designees in multiple federal departments, and their agencies and bureaus within, in order to obtain H-2B employees.

30.    Those here at issue, and upon which the State Attorney General purports to base its prosecution, however misguided, are the United States Department of Labor, Employment and Training Administration Forms ETA-750A.[4]

31.    Those filed by Dreamland in anticipation of the 2006, 2007 and 2008 Dreamland mobile carnival tours are attached hereto as Exhibit "A".[5]

---

[4] \    Neither Crossroads nor Toy Circus has ever applied for or employed any alien with an H-2B visa.

[5] \    The original office subpoena propounded by the State Attorney General on May 23, 2008 covers the period from January 1, 2006 through the present. On July 8, the State Attorney General served by email a supplemental subpoena purporting to cover the period July 8, 2002 through December 31, 2005. The earlier forms are similar or identical in all material reports.

10

32.    Review of the federal form ETA-750 is instructive. First, each is signed and submitted four to six months before the year within which the H-2B employee will be working. Before the tour stops are finalized, the precise numbers of employees required and such niceties even as the length of the season are not known or knowable as of the time of submission of the form ETA-750 to the United States Department of Labor. Moreover, as is reflected on the first page of each of the forms, all enclosures must also be submitted to the United States Citizenship and Immigration Services and the United States Department of Homeland Security.

33.    The two-page "Application for Alien Employment Certification" contains at paragraph 23 (b) under "Employer certifications" the following language:

> The wage offered equals or exceeds the prevailing wage and I guarantee that if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

34.    There is not, nor could there be, any specific guarantee contained in the Federal Form ETA-750, with respect to the number H-2B workers Dreamland will employ or the number of hours each employee will work per week, much less the number of hours of overtime. What is instructive, however, is the absence of any guarantee of hours of work, much less hours of overtime. For example, Block 10 on the Federal Form ETA-750 submitted to the United States Department of Labor by Dreamland for 2006, recites an estimate of 40 hours basic and no overtime per week with no rate of payment for overtime, and instead lists a basic weekly rate of pay of $310.80 per H -2B employee. This submission was approved by the United States.

35.    The New York State Attorney General has represented orally and in writing that the violations it has found of "repeated fraudulent and illegal acts" or "persistent fraud and illegality" are premised solely upon its contention that Dreamland repeatedly failed to pay to its H -2B employees the prevailing wage, as required by paragraph 23(b) of the certification

Dreamland made to the United States Department of Labor and the United States Department of Homeland Security. The New York State Attorney General has thus created out of whole cloth, from an issue of illegal breach of Dreamland's contract with the Department of Labor, a "repeated and persistent fraud and fraudulent misrepresentation" investigation encompassing wages paid by Dreamland to its H-2B employees at each and every small and mid-sized town throughout the Eastern United States at which Dreamland sets up its mobile carnival.

36.    In so purporting to act, the New York State Attorney General has arrogated unto himself the power to investigate, interpret, implement and penalize what it contends are breaches of Dreamland's contract with the United States Department of Labor. This the law precludes.

### D. Preemption and the Supremacy Clause

37.    The powers of the United States Congress over Commerce and Immigration are exclusive and paramount, as set forth in Article I, Section 8, Clauses 3 and 4 of the United States Constitution. These hold sway over states and their agents, as required by Article VI, Clause 2, the Supremacy Clause. The need for the paramount and exclusive jurisdiction being vested in federal agencies is even more pointed in the aftermath of September 11, and the resulting plethora of federal enactments governing aliens and the conduct and circumstances governing their entry into the United States by the Federal Government as part of its comprehensive immigration program.

38.    Every aspect of immigration, including that pertaining to seasonal workers, is specifically set forth at length in phone-book sized volumes within the United States Code and the United States Code of Federal Regulations.

39.    8 U.S.C. § 1101(a)H(ii)(b) sets out the power of the United States Congress to enact laws governing aliens residing in a foreign country seeking to perform the temporary

service or labor in this country "if unemployed persons capable of performing such service or labor cannot be found". Exercising that power, the secretary of the Department of Homeland Security, the Attorney General of the United States, and the Secretary of the United States Department of Labor have been exclusively vested with the "administration and enforcement of the chapter and all other laws relating to the immigration and naturalization of aliens" as set forth therein. See, e.g., 8 U.S.C. § 1102(a). The powers so vested are virtually co-extensive with the power to regulate immigration. See, e.g., 8 U.S.C. § 1103, including (g) thereunder.

40.    A sub-set of that broad grant of power is found within 8 U.S.C. § 1184 headed "Admission of Non-Immigrants". Pursuant to that statute, at subsection (a), the admission of any alien as a non-immigrant "for such time and other such conditions" as the Federal Executive Branch may prescribe is squarely-bottomed. Within that section are provisions imposing fraud prevention and detection fees upon employers filing false Forms ETA-750 and other petitions. 8 U.S.C. § 1184(c)(13)(A) and (B). This statute also empowers the Secretary of the Department of Homeland Security[6] to hold hearings and, after notice and an opportunity to be heard, impose fines and penalties upon an employer who submits false or fraudulent applications in order to obtain, *inter alia*, H-2B employees. See, e.g., 8 U.S.C. § 1184(c)(14)(A).

41.    The United States Code of Federal Regulations contains more than thirty pages addressing only seasonal alien temporary workers. 8 CFR § 214.2(h)(1), et seq., sets forth the procedures governing the representations by contract with the United States Department of Labor

---

[6]    Notably, although the Secretary of the Department of Homeland Security may, by 8 U.S.C. sec. 1184(c)(14)(B), delegate to the Secretary of Labor these investigative and enforcement duties and rights, the Department of Homeland Security has, to date, chosen not to do so. Rather, the Department of Homeland Security, in a clear indication of its desire to maintain its exclusive authority over this area of immigration regulation, has solely retained the rights of investigation and enforcement.

binding upon petitioners such as Dreamland seeking H-2B workers, <u>including wages and however other terms and conditions of employment</u>.

42.     The Secretary of Labor and thereafter the Secretary of the Department of Homeland Security and their federal designees, have both the power and jurisdiction to approve H-2B contracts and thereafter enforce and investigate each and every instance in which the petitioning employer has failed to meet the statutorily required contractual conditions for obtaining the seasonal alien laborers. Indeed, under § 214.2(h)(11)(B), the Director may revoke a petition at any time, even after its expiration, based upon the petitioner's statement of facts contained in the petition being "not true and correct" or if the petitioner has "violated the terms and conditions of the approved petition" or any of the other standards set forth therein.

43.     Moreover, each and every false statement to the federal authorities subjects each petitioner to felony prosecution for false statements, 18 U.S.C. § 1001; mail fraud, 18 U.S.C. § 1341; or even RICO, 18 U.S.C. § 1961. Thus the exhaustive and inclusive H-2B federal regime is comprehensive, including civil and criminal penalties for any who run afoul of the form ETA-750 contract between petitioners such as Dreamland and the United States.

44.     Plaintiffs respectfully submit that there is a preemption precluding the New York State Attorney General from prosecuting Plaintiffs for any claimed violations of the contract between Dreamland and the United States Department of Labor. Even were there no statutory preemptions, such as that set forth in 8 U.S.C. § 1324(a)(h)(2), case law would compel it. Otherwise each of fifty (50) attorneys general would be free to prosecute ETA-750 issues as each saw fit.

14

**E.  The Prosecution of Plaintiffs by the New York State Attorney General Continues**

45.    From the retention of Spector Gadon & Rosen, on June 2, 2008 in response to the

original office subpoenas propounded by the New York State Attorney General to Plaintiffs on

May 23, 2008, Plaintiffs through their undersigned counsel have been cooperating with the New

York State Attorney General.  In addition to supplying 10,665 documents responsive to the

subpoenas, all with express reservations of rights, counsel as well has repeatedly in oral and

written communications to the New York State Attorney General provided the statutes

establishing the amusement enterprise exemption and the statutes and authorities, together with

analyses, manifesting beyond peradventure, that the subject matter of the prosecution is pre-

empted by the United States statutes and regulations and applicable case law, as well as

manifesting that the breach of contract question on which the New York State Attorney General

hinges his investigation is itself a federal question, whose answer is committed exclusively to the

United States Department of Labor and Homeland Security, with enforcement by the United

States Attorney General.  See, e.g., counsel's letter of July 8, 2008 to Chief and Assistant

Attorney General's Balletta, Birnbaum, Marblestone, and Elmore attached hereto as Exhibit "B".

46.    The New York State Attorney General, representing it has already found

violations, has responded to the analyses and citations to authority, such as those set forth in

Exhibit "B", without any analysis at all, stating simply "We have already addressed the

substantive arguments that you raise."  Instead of heeding the Federal Government's clear,

exclusive jurisdiction, the New York State Attorney General has propounded an additional

subpoena dated July 8 to each of the plaintiffs, demanding documents and testimony pertaining

15

to the Federal Form ETA-750's, this time covering the period from July 8, 2002 through December 31, 2005.[7]

### F. Plaintiffs are Threatened by State Actions

47.    The State Attorney General has already represented that he has found violations as a result of his investigation. Despite preemption and the fact that the state's investigation hinges upon the interpretations by the United States Departments of Labor and Homeland Security of a contract entered into between Dreamland and the United States Department of Labor, the State Attorney General is not only proceeding with, but also expanding his investigation and prosecution of Plaintiffs, in spite of the fact that he lacks the right or power to investigate, much less prosecute any issue regarding Dreamland's breach of its contract with the United States Department of Labor, much less notions of persistent fraud in connection with the entry into and performance under that contract.

48.    Plaintiffs have been and will continue to be harmed thereby, unless this Honorable Court grants them the relief to which they are entitled.

### COUNT I – DECLARATORY JUDGMENT

49.    The averments set forth in paragraphs 1 - 45 supra, are incorporated by reference as though fully set forth.

50.    As is set forth hereinbefore, the New York State Attorney General claims it has has found violations and is continuing to investigate and prosecute Plaintiffs for serious and substantial civil and criminal allegations of fraud, all predicated solely upon the Attorney

---

[7] \    The unusual inception date of July 8, 2002 set forth in the additional office subpoena dated July 8, 2008 is premised upon the State Attorney General's contention that under New York law he has the power to recover full wages, benefits and wage supplements accruing during the preceding six years for Dreamland's failure to pay the H-2B prevailing wages as indicated on Dreamland's ETA-750s, which "repeated and persistent failure" and "illegality" the State Attorney General claims falls within his jurisdiction.

16

General's contention that Dreamland violated its Federal Form ETA-750 contracts with the United States Department of Labor and signed the contract with the intent to do so.

51.     Dreamland has not breached any of the terms and conditions of its Form ETA-750 contracts with the United States Department of Labor. Assuming, *arguendo*, it had so violated, it is crystal clear that the determination whether there is a breach, the procedures to attach to such determination, and the remedies to be applied in the event of such a breach lie wholly within the realm of the Federal Government and beyond the reach or power or jurisdiction of the New York State Attorney General, due to preemption.

52.     Moreover, the precise question whether the conduct of Dreamland in paying wages to the H-2B employees breached or did not breach the Dreamland contracts with the United States Department of Labor may be determined only by the United States Departments of Labor and/or Homeland Security.

53.     Yet, despite preemption and the overriding federal question, the State Attorney General claims to have found violations and vows to continue and has indeed expanded his prosecution of Plaintiffs.

54.     As set forth, supra, these facts constitute an actual controversy within the jurisdiction of this Honorable Court. In this regard, the controversy is actual, immediate and real, based upon the threat of litigation and the reasonable apprehension of Plaintiffs to the threat of litigation in view of the representations of the State Attorney General.

55.     Plaintiffs have thus established a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

511587-1

56. Moreover, where the substantial controversy involves the threat of prosecution by an agency of the government, persons such as Plaintiffs need not expose themselves to liability before bringing suit to challenge the basis of the threat.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter an Order decreeing:

(1) That preemption blocks the New York State Attorney General from prosecuting any claim based in whole or in part on the construction or interpretation of the contracts between Dreamland and the United States Department of Labor, such as those attached as Exhibit "A" to this complaint;

(2) That the determination whether there is a breach by Dreamland of any or each of the provisions of the Form ETA-750 contracts with the United States Department of Labor lies solely within the departments and agencies of the United States; and

(3) That any other relief deemed necessary, proper or equitable be awarded.

## COUNT II- INJUNCTION

57. The averments set forth in paragraphs 1 - 53 supra, are incorporated by reference as though fully set forth.

58. As is set forth hereinbefore, the New York State Attorney General is purporting to prosecute an action, the substance of which has been pre-empted by the United States, so that he lacks any right or power to proceed in the matter.

59. As is set forth hereinbefore, even were the Attorney General somehow entitled to proceed with his prosecution of the matter under investigation despite preemption, nonetheless his investigation hinges solely upon the interpretation of a contract between Dreamland and the

18

United States Department of Labor, thereby presenting a federal question over which the State Attorney General has no jurisdiction and respecting which he looks standing.

60.    Thus, the State Attorney General has no power or jurisdiction or legal right to continue with this investigation and prosecution of any Plaintiff herein.

61.    Nonetheless, the Attorney General continues to do so, even expanding the temporal scope of his prosecution of Plaintiffs.

62.    Plaintiffs have been and continue to be harmed by the legal and unlawful actions of the New York State Attorney General.

63.    Plaintiffs submit that they lack an adequate remedy at law, in that the disruption to their business and lives from the prosecution by the State Attorney General can never be remedied, and they are unlikely to ever recover the substantial costs they have borne and will continue to bear in responding to the unlawful and improper prosecution of them by the State Attorney General.

64.    Based upon the facts as set forth hereinbefore, Plaintiffs respectfully submit that, absent granting them the injunctive relief sought, they are likely to suffer irreparable harm before a decision on the merits can be rendered.

65.    Plaintiffs respectfully submit that granting them the injunctive relief they seek eliminates the substantial hardship they are currently incurring, while imposing limited hardship upon the New York State Attorney General, particularly given the showing made herein that he lacks the power, jurisdiction and standing to prosecute Plaintiffs for his creative but unfounded manufacturing of state law, civil and criminal offenses, based solely on an allegation that Dreamland breached its contracts with the United States Department of Labor, pursuant to which it obtained H-2B employees.

19

66.    Plaintiffs respectfully submit that based on what has been set forth hereinbefore, they have established a substantial likelihood of success on the merits.

67.    Plaintiffs respectfully submit that based on what has been set forth herein - before, the public interest would be furthered by granting the sought relief for each of the following reasons:

(1) the public interest is furthered by precluding prosecutorial agencies from initiating and pursuing proceedings over which they have no jurisdiction;

(2) the public interest is furthered by maintaining and enforcing the constitutional limitations imposed upon the powers of states and their attorney generals, whenever the subject matter at issue has been pre-empted or presents a federal question whose resolution is vested solely within the Federal Government; and

(3) as set forth hereinbefore, the determination whether contracts between persons such as Dreamland who seek seasonal, alien workers under the federal H-2B program have breached or complied with the provisions of the contract each signs with the United States Department of Labor cannot be subject to the caprice, whim, or analysis of each of the fifty state attorneys general, but rather, must be determined by the Federal Government, the only governmental entity with whom each applicant for H-2B employees must contract.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter a preliminary injunction decreeing:

(1)    That preemption blocks the New York State Attorney General is enforced from prosecuting any claim based in whole or in part on the construction or interpretation of the contracts between Dreamland and the United States Department of Labor, attached as Exhibit "A" to this complaint; and

511587-1

20

(2)    The determination whether there is a breach by Dreamland of any or each of the provisions of the Form ETA-750 contract with the United States Department of Labor including these attached as Exhibit "A", lies solely within the jurisdiction and power of the departments and agencies of the United States.

Respectfully submitted,

**SPECTOR GADON & ROSEN, PC**

By: _David Picker_

David B. Picker, Esquire [DP. 9658]
1635 Market Street, 7th Floor

Bruce L. Thall, Esquire
Heather M. Eichenbaum, Esquire
1635 Market Street, 7th Floor
Philadelphia, PA 191103
215-241-8888/ FAX-215-241-8844

Philadelphia, PA 19103
215-241-8888 / FAX- 215-241-8844

By: _____

Edward Finkelstein, Esquire [EF-2805]
TARTER, KRINSKY & DROGIN P.C.
1350 Broadway
New York, New York 10018
212-216-8000 / FAX- 212-216-8001
*Local Counsel For Plaintiffs*

21

# EXHIBIT "A"

**U.S. Department of Labor**    **Employment and Training Administration**
Chicago National Processing Center
844 N. Rush Street
12th Floor
Chicago, IL 60611



### FINAL DETERMINATION

January 20, 2006

| | |
|---|---|
| DREAMLAND AMUSEMENTS | ETA Case Number:  C-06020-07301 |
| c/o Joe A, Nichols | State Case #  20050036260 |
| Law Office of Joe A. Nichols, P. A. | Number of Openings:  40 |
| 1033 W. First Street, Suite B | |
| Sanford, FL 32771 | Occupation:  Circus Laborer |
| | Period of Certification:  January 05, 2006 - November 01, 2006 |

In reply refer to:    Mary Glusak

The Department of Labor has made a final determination on your application for certification of temporary alien employment pursuant to Title 20, Code of Federal Regulations, Part 655.

<u>The Application for Alien Employment Certification, Form ETA 750A, has been certified and is enclosed.</u> All enclosures are required to be submitted to the U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, at:

> U.S. Department of Homeland Security
> U.S. Citizenship and Immigration Services
> Vermont Service Center
> 75 Lower Weldon St.
> Saint Albans, VT 05479

for consideration with your petition (Form I-129).

The employer is advised if filing for H-2B visas for carnival laborers next year, he must file his application under the guidelines of GAL 1-95 and not the guidelines for entertainers.

Sincerely,


Marie Gonzalez
Certifying Officer

CC: DREAMLAND AMUSEMENTS

Attachments: Form ETA 750A

OMB Approval No. 44-R1301

U.S. DEPARTMENT OF LABOR 
Employment and Training Administration

**APPLICATION
FOR
ALIEN EMPLOYMENT CERTIFICATION**

IMPORTANT: READ CAREFULLY BEFORE COMPLETING THIS FORM
*PRINT legibly in ink or use a typewriter. If you need more space to answer questions on this form, use a separate sheet. Identify each answer with the number of the corresponding question. SIGN AND DATE each sheet in original signature.*

To knowingly furnish any false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by $10,000 fine or 5 years in the penitentiary, or both (18 U.S.C. 1001)

**PART A. OFFER OF EMPLOYMENT**

| 1. Name of Alien *(Family name in capital letter, First, Middle, Maiden)* |
|---|
| Multiple Aliens   (40) |

| 2. Present Address of Alien *(Number, Street, City and Town, State ZIP Code or Province, Country)* | 3. Type of Visa *(If in U.S.)* |
|---|---|
| Not in USA. | |

The following information is submitted as evidence of an offer of employment.

| 4. Name of Employer *(Full name of organization)* | 5. Telephone *(Area Code and Number)* |
|---|---|
| DREAMLAND AMUSEMENTS | 516-901-2988 |

| 6. Address *(Number, Street, City or Town, Country, State, Zip Code)* |
|---|
| 2 Olympia Lane, Stony Brook, NY. 11790 |

| 7. Address Where Alien Will Work *(if different from item 6)* |
|---|
| Traveling Carnival on US Tour |

| 8. Nature of Employer's Business Activity | 9. Name of Job Title | 10. Total Hours Per Week | | 11. Work Schedule *(Hourly)* | 12. Rate of Pay | |
|---|---|---|---|---|---|---|
| | | a. Basic | b. Overtime | | a. Basic | b. Overtime |
| Traveling Entertainment Carnival | Carnival Laborers | 40 | none | 10:00 a.m. 7:00 p.m. | $ 310.80 per week | $ none per hour |

| 13. Describe Fully the Job to be Performed *(Duties)* |
|---|
| Working with carnival rides and seats, unloading and loading rides, seats, and tents, moving heavy equipment as directed, setting up and taking down rides, seats, and tents. |

| 14. State in detail the MINIMUM education, training, and experience for a worker to perform satisfactory the job duties described in item 13 above. | | | | 15. Other Special Requirements |
|---|---|---|---|---|

| EDU-CATION *(Enter number of years)* | Grade School | High School | College | College Degree Required *(specify)* | | |
|---|---|---|---|---|---|---|
| | 0 | 0 | 0 | n/a | | |
| | | | | Major Field of Study | | |
| | | | | n/a | | |

| TRAIN-ING | No. Yrs. | | No. Mos. | Type of Training | |
|---|---|---|---|---|---|
| | 0 | | 0 | n/a | |

| EXPERI-ENCE | Job Offered | | Related Occupation Number | | Related Occupation *(specify)* |
|---|---|---|---|---|---|
| | Yrs. | Mos. | Yrs. | Mos. | n/a |
| | 0 | 0 | 0 | 0 | |

| 16. Occupational Title of Person Who Will Be Alien's Immediate Supervisor | 17. Number of Employees Alien Will Supervise |
|---|---|
| Supervisor | 0 |

ENDORSEMENTS *(Make no entry in section - for government use only)*

| | Date Forms Received |
|---|---|
| L.O. | NOV 1 5 2005 |
| R.O. | N.O. |
| Ind. Code 7999 | Occ. Code 769.687010 |
| | Occ. Title Carnival Laborer |

1. Qualified workers cannot be found in the United States
2. Division of Foreign Labor Certification Policies have been observed.
3. This certification is valid from 1/5/06 through 11/1/06

1/20/06    *Maria C. Gonzalez*
Date        (Certifying Officer)

Replaces MA 7-50A, B and C (Apr. 1970 edition) which is obsolete.

C-06020-07301

ETA 750 (Oct. 1979)

| 18. COMPLETE ITEMS ONLY IF JOB IS TEMPORARY | | 19. IF JOB IS UNIONIZED (Complete) |
|---|---|---|
| a. No. of Openings To Be Filled By Aliens Under Job Offer | b. Exact Dates You Expect To Employ Alien | a. Number b. Name of Local |
| 40 | From 01/05/2006 | CORRECTION APPROVED BY REGIONAL OFFICE |
| | 11-01-2006  10/31/2006 | 1-20-0 |

**20. STATEMENT FOR LIVE-AT-WORK JOB OFFERS** (Complete for Private Household Job ONLY)

| a. Description of Residence | b. No. Persons Residing at Place of Employment | | | | c. Will free board and private room not shared with anyone be provided? ("X" one) |
|---|---|---|---|---|---|
| ("X" one) ☐ House ☐ Apartment | Number of Rooms | Adults | | | ☐ YES  ☐ NO |
| | | | BOYS | Children | Ages |
| | | | GIRLS | | |

**21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS.** (Specify Sources of Recruitment by Name)

Will advertise per instructions from Dept. of Labor office.

**22.** Applications require various types of documentation. Please read PART II of the Instructions to assure that appropriate supporting documentation is included with your application.

**23. EMPLOYER CERTIFICATIONS**

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.*

a. I have enough funds available to pay the wage or salary offered the alien.

b. The wage offered equals or exceeds the prevailing wage and I guarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c. The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly or monthly basis.

d. I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e. The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f. The job opportunity is not:

(1) Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.

(2) At issue in a labor dispute involving a work stoppage.

g. The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law.

h. The job opportunity has been and is clearly open to any qualified U.S. worker.

**24. DECLARATIONS**

DECLARATION OF EMPLOYER ▶ *Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.*

| SIGNATURE | DATE 07/13/2005 |
|---|---|
| NAME (Type or Print) Bob DeStefano | TITLE Owner |

AUTHORIZATION OF AGENT OF EMPLOYER ▶ *I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent.*

| SIGNATURE OF EMPLOYER | DATE 07/13/2005 |
|---|---|
| NAME OF AGENT (Type or Print) Joe A. Nichols | ADDRESS OF AGENT (Number, Street, City, State, ZIP Code) Law Office of Joe A. Nichols, P.A. 1053 W. First Street, Ste. 5, Sanford, FL. 32771 |

**U.S. Department of Labor**

**Employment and Training Administration**
Chicago National Processing Center
844 N. Rush Street
12th Floor
Chicago, IL 60611



### FINAL DETERMINATION

November 07, 2006

DREAMLAND AMUSEMENTS INC
c/o MALCOLM SEHEULT
15210 WATERLINE ROAD
BRADENTON, FL 34212

| | |
|---|---|
| ETA Case Number: | C-06311-14820 |
| State Case #: | 20060002710 |
| Number of Openings: | 45 |
| Occupation: | Ride Operator |
| Period of Certification: | January 17, 2007 - November 06, 2007 |

In reply refer to:    Mary Glusak

The Department of Labor has made a final determination on your application for certification of temporary alien employment pursuant to Title 20, Code of Federal Regulations, Part 655.

The Application for Alien Employment Certification, Form ETA 750A, has been certified and is enclosed. All enclosures are required to be submitted to the U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, at:

> U.S. Department of Homeland Security
> U.S. Citizenship and Immigration Services
> Vermont Service Center
> 75 Lower Welden St.
> Saint Albans, VT 05479

for consideration with your petition (Form I-129).

Sincerely,


Marie Gonzalez
Certifying Officer

CC: DREAMLAND AMUSEMENTS INC

Attachments: Form ETA 750A

U.S. DEPARTMENT OF LABOR
Employment and Training Administration

**APPLICATION
FOR
ALIEN EMPLOYMENT CERTIFICATION**

OMB Approved No. 44-R1301

IMPORTANT: READ CAREFULLY BEFORE COMPLETING THIS FORM
PRINT legibly in ink or use a typewriter. If you must make space to answer questions in this item, use a separate sheet. Identify each answer with the number of the corresponding question. SIGN AND DATE each sheet in original signature.
To knowingly furnish any false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by $10,000 fine or 5 years in the penitentiary, or both (18 U.S.C. 1001)

PART A. OFFER OF EMPLOYMENT

1. Name of Alien (Family name in capital letter, First, Middle, Maiden)
**45 unknown temporary workers**

2. Present Address of Alien (Number, Street, City and Town, State ZIP code or Province, Country)
**not in the U.S.A.**

3. Type of Visa (if in U.S.)
**n/a**

The following information is submitted as an offer of employment.

4. Name of Employer (Full name of Organization)
**Dreamland Amusements Inc.**

NOV 07 2006
RECEIVED

6. Telephone
**(888) 666-3247**

5. Address (Number, Street, City and Town, State ZIP code)
**2 Olympia Lane, Stoney Brook, New York 11790**

7. Address Where Alien Will Work (if different from item 5)
**see attached Route Schedule**

8. Nature of Employer's Business
**carnival/amusement business**

9. Name of Job Title
**ride operator**

10. Total Hours Per Week
a. Basic **40.**   b. Overtime **0**

11. Work Schedule
11:00 a.m.
07:00 p.m.

12. Rate of Pay
a. Basic $ ___
b. Overtime $ 0.00 per hour

13. Describe Fully the Job to be Performed (Duties)
**Ride Operator- workers will operate various carnival rides and will assemble and disassemble the rides at each location. Worker shall collect tickets for the rides. Ability to lift in excess of 50 lbs.**

CORRECTION APPROVED BY
NATIONAL PROCESSING CENTER
____ ON 11-7-06
DATE

14. State in detail the MINIMUM education, training, and experience for a worker to perform satisfactorily the job duties described in Item 13 above.

| EDU-CATION (Enter number of years) | Grade **0** | High **0** | College **0** | College Degree Required (specify) **n/a** Major Field of Study **n/a** |
| TRAIN-ING | No./Yrs. **0** | Mos. **0** | | Type of Training **n/a** |
| EXPERI-ENCE | Job Offered **0** | No. Related Occupation **0** | Yrs. Mos. **0** | Related Occupation (specify) **none** |

15. Other Special Requirements

**workers will be trained on location**

16. Occupational Title of Person Who Will Be Alien's Immediate Supervisor ➤ **owner or ride supervisor**

17. Number of Alien Will Supervise **0**

18. ENDORSEMENTS (Make no entry in section - for Government use only)

Date Forms Received

L.O.
R.O. SEP 27 2006

19. Qualified workers cannot be found in the United States
20. Violation of Foreign Labor Certification Policies
has been discussed.
21. This certification is valid from **1/17/07** through **11/6/07**

**11/9/06**
(Date)

____ (Certifying Official)

Occ. ____
R.O. ____

7200 39 2642010
Ride Operator

Replaces MA 7-50A, B and C (Apr. 1970 edition) which is obsolete.    ETA 750 (Oct. 1979)

0021·14820

| 18. COMPLETE ITEMS ONLY IF JOB IS TEMPORARY | | | 19. IF JOB IS UNIONIZED (Complete) | | |
|---|---|---|---|---|---|
| b. No. of Open-ings To Be Filled By Aliens Under Job Offer | b. Exact Dates You Expect To Employ Alien | | b. Number of Local | b. Name of Local | |
| | From | To | | n/a | |
| 45 | 01/17/07 | 11/06/07 | n/a | c. City and State | |
| | | | | n/a | |

| 20. STATEMENT FOR LIVE-AT-WORK JOB OFFERS (Complete for Private Household ONLY) | | | | | | |
|---|---|---|---|---|---|---|
| a. Description of Residence | b. No. Persons residing at Place of Employment | | | | c. Will free board and private room not charged with any-one be provided? | ("X" one) |
| ("X" one)  ☐ House  ☐ Apartment | Number of Rooms | Adults | Children | Ages | | ☐ YES  ☐ NO |
| | | | BOYS | | | |
| | | | GIRLS | | | |

**21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS.** (Specify Sources of Recruitment by Name)

advertised for workers in local papers and magazines, but unable to find a high response to
seasonal need. Our company must rely on contract or temporary workers to fill this position
although this is difficult due to the transient nature of this occupation-i.e. constant travel from
one location to another

**22.** Applications require various types of documentation. Please read Part II of the Instructions to assure that appropriate supporting documentation is included with your application.

**23. EMPLOYER CERTIFICATIONS**

By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment:

a. I have enough funds available to pay the wage or salary offered the alien.

b. The wage offered equals or exceeds the pre-vailing wage and I guarantee that, if a labor certi-fication is granted, the wage paid to the alien when the alien begins work will equal or exceed the pre-vailing wage which is applicable at the time the alien begins work.

c. The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly, or monthly basis.

d. I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e. The job opportunity does not involve unlawful discri-mination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f. The job opportunity is not:

(1) Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.

(2) At issue in a labor dispute involving a work stoppage.

g. The job opportunity's terms, conditions and occupa-tional environment are not contrary to Federal, State or local law.

h. The job opportunity has been and is clearly open to any qualified U.S. worker.

**24. DECLARATIONS**

DECLARATION OF EMPLOYER ➤ Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.

| SIGNATURE | DATE |
|---|---|
| *[signature]* | September 12, 2006 |

| NAME (Type or Print) | TITLE |
|---|---|
| Bob Destefano | Owner |

AUTHORIZATION OF AGENT OF EMPLOYER ➤ I HEREBY DESIGNATE the agent below to represent me for the purpose of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent.

| SIGNATURE OF EMPLOYER | DATE |
|---|---|
| *[signature]* | *September 12, 2006* |

| NAME OF AGENT (Type or Print) | ADDRESS OF AGENT (Number, Street, City, State, ZIP code) |
|---|---|
| Malcolm Seheult | 15210 Watering Hole, Bradenton, Florida, 34212 |

U.S. Department of Labor    **Employment and Training Administration**
Chicago National Processing Center
844 N. Rush Street
12th Floor
Chicago, IL 60611



### FINAL DETERMINATION

November 01, 2007

DREAMLAND AMUSEMENT, INC.          ETA Case Number:  C-07303-28899
c/o JKJ WORKFORCE, TESS HARRISON
32755 FM 106                        State Case Number:  20070004340
RIO HONDO, TX 78583               Number of Openings:  55
                                         Occupation:  Ride Operator
                              Period of Certification:  December 26, 2007 - November 09,
                                                        2008

The Department of Labor has made a final determination on your application for certification of temporary alien employment pursuant to Title 20, Code of Federal Regulations, Part 655.

<u>The Application for Alien Employment Certification, Form ETA 750A, has been certified and is enclosed.</u>

Upon receipt of this notification, you will need to submit the appropriate Form I-129 which is required in conjunction with an H-2B temporary labor certification application to the following address:

> U.S. Department of Homeland Security
> U.S. Citizenship and Immigration Services (USCIS)
> California Service Center
> Attn: I-129
> P. O. Box 10129
> Laguna Niguel, CA 92607-1012

The USCIS I-129 form can be obtained at http://www.immigration.gov.

Sincerely,

Marie Gonzalez
Certifying Officer

CC: DREAMLAND AMUSEMENT, INC.

Attachments: Form ETA 750A

U.S. DEPARTMENT OF LABOR
Employment and Training Administration

**APPLICATION
FOR
ALIEN EMPLOYMENT CERTIFICATION**

OMB Approval No. 44-R1391

IMPORTANT: READ CAREFULLY BEFORE COMPLETING THIS FORM

PRINT legibly in ink or use a typewriter. If you need more space to answer questions in this item, use a separate sheet. Identify each answer with the number of the corresponding question. SIGN AND DATE each sheet in original signature.

To knowingly furnish any false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by $10,000 fine or 5 years in the penitentiary, or both (18 U.S.C. 1001).

**PART A. OFFER OF EMPLOYMENT**

| 1. Name of Alien (Family name in capital letter, First, Middle, Maiden) |
|---|
| 55 Unnamed Aliens |

| 2. Present Address of Alien (Number, Street, City and Town, State ZIP code or Province, Country) | 3. Type of Visa (if in U.S.) |
|---|---|
| N/A | N/A |

The following information is submitted as an offer of employment.

| 4. Name of Employer (Full Name of Organization) | 5. Telephone |
|---|---|
| Dreamland Amusements, Inc. | (516) 901-2988 |

OCT 3 0 2007

| 6. Address (Number, Street, City and Town, State ZIP code) |
|---|
| 2 Olympia Lane, Stony Brook, NY 11790 |

| 7. Address Where Alien Will Work (if different from item 6) |
|---|
| As per the attached itinerary. |

| 8. Nature of Employer's Business Activity | 9. Name of Job Title | 10. Total Hours Per Week | | 11. Work Schedule | 12. Rate of Pay | |
|---|---|---|---|---|---|---|
| | | a. Basic | b. Overtime | | a. Basic | b. Overtime |
| Traveling Carnival | Amusement Attendant Carnival [39-3091] | 38 | 0 | 11:30 a.m. to 08:30 p.m. | $ 8.13 per Hour | $ 12.20 per hour |

| 13. Describe Fully the Job to be Performed (Duties) |
|---|
| Preforms variety of attending duties at amusement or recreation facility. May schedule use of recreation facilities, maintain and provide equipment to participants of sporting events or recreational pursuits, or operate amusement concessions and rides. |

| 14. State in detail the MINIMUM education, training, and experience for a worker to perform satisfactorily the job duties described in item 13 above. | | | | 15. Other Special Requirements |
|---|---|---|---|---|
| EDUCATION (Enter number of years) | Grade School 0 | High School 0 | College 0 | |
| | College Degree Required (specify) N/A | | | |
| | Major Field of Study N/A | | | |
| TRAINING | No. Yrs. 0 | No. Mos. 0 | Training N/A | Travel with Carnival. |
| EXPERIENCE | Job Offered Yrs. 0 Mos. 0 | Related Occupation Yrs. 0 Mos. 0 | Related Occupation (specify) N/A | |

| 16. Occupational Title of Person Who Will Be Alien's Immediate Supervisor | 17. Number of Employees Alien Will Supervise |
|---|---|
| ➤ Supervisor | ➤ 0 |

ENDORSEMENTS (Make no entry in section - for Government use only)

Date Forms Received

| L.O. | SEP 2 6 2007 | N.O. | |
|---|---|---|---|
| R.O. | | N.O. | |
| | 7009 | Occ. Code 3A2663010 |
| | | Occ. Title Ride operate |

qualified workers cannot be found in the United States
vision of Foreign Labor Certification Policies
...ve been observed.
...his certification is valid from 1/2/07 through 1/1/08

11/1/07

Replaces MA 7-50A, 7-50B, 7-50C (Apr. 1970 edition) which are obsolete.

ETA 750 (Oct. 1979)

07303-28899

| 18. COMPLETE ITEMS ONLY IF JOB IS TEMPORARY | | | 19. IF JOB IS UNIONIZED (Complete) | | |
|---|---|---|---|---|---|
| a. No. of Openings To Be Filled By Aliens Under Job Offer | b. Exact Dates You Expect To Employ Alien | | a. Number of Local | b. Name of Local | N/A |
| | From | To | | | |
| 55 | 12/26/07 | 11/09/08 | N/A | c. City and State | N/A |

**20. STATEMENT FOR LIVE-AT-WORK JOB OFFERS (Complete for Private Household ONLY)**

| a. Description of Residence | | b. No. Persons residing at Place of Employment | | | c. Will free board and private room not shared with anyone be provided? | ("X" one) |
|---|---|---|---|---|---|---|
| ("X" one) ☐ House ☐ Apartment | Number of Rooms | Adults | Children | Ages | | ☐ YES ☑ NO |
| | | BOYS | | | | |
| | | GIRLS | | | | |

**21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS. (Specify Sources of Recruitment by Name)**

We spread the word of employment by word of mouth.  We are able to fill some temporary positions with local workers, but we have a chronic shortage of at least 40 to 50 positions that we are not able to fill.

**22.** Applications require various types of documentation. Please read Part II of the instructions to assure that appropriate supporting documentation is included with your application.

**23. EMPLOYER CERTIFICATIONS**

By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.

a. I have enough funds available to pay the wage or salary offered the alien.

b. The wage offered equals or exceeds the prevailing wage and I guarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c. The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly, or monthly basis.

d. I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e. The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f. The job opportunity is not:
(1) Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.
(2) At issue in a labor dispute involving a work stoppage.

g. The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law.

h. The job opportunity has been and is clearly open to any qualified U.S. worker.

**24. DECLARATIONS**

DECLARATION OF EMPLOYER ➤ Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.

SIGNATURE *Kathryn L. DeStefano*   DATE 08/08/07

NAME (Type or Print) Kathryn L. DeStefano   TITLE President

AUTHORIZATION OF AGENT OF EMPLOYER ➤ I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent.

SIGNATURE OF EMPLOYER *Kathryn L. DeStefano*   DATE 08/08/07

NAME OF AGENT (Type or Print) JKJ Workforce, Tess Harrison,   ADDRESS OF AGENT (Number, Street, City, State, ZIP Code) 32775 FM 106, Rio Honda, TX 78583

# EXHIBIT "B"

# SPECTOR GADON & ROSEN, P.C.

ATTORNEYS AT LAW
SEVEN PENN CENTER
1635 MARKET STREET
SEVENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
[215] 241-8888
FAX: [215] 241-8844
WWW.LAWSGR.COM

NEW JERSEY OFFICE:
1000 LENOLA ROAD
P.O. BOX 1001
MOORESTOWN, NJ 08057
[856] 778-8100
FAX: [856] 722-5344

FLORIDA OFFICE:
360 CENTRAL AVENUE
SUITE 1550
ST. PETERSBURG, FL 33701
[727] 896-4600
FAX: [727] 896-4604

*Bruce Thall*
DIRECT DIAL NUMBER
[215] 241-8802

E-MAIL
bthall@lawsgr.com

July 8, 2008

**Via Email @oag.state.ny.us**
Andrew Elmore, Esquire
Judith Marblestone, Esquire
Julian Birnbaum, Esquire
Richard Balletta, Esquire
Assistant Attorney General
State of New York
Office of the Attorney General
120 Broadway
New York City, NY 10271

> **Re:**  Response to Your Settlement Proposal and
> Counter Proposal of Dreamland

Dear Andrew:

The enclosed constitutes the substantive response of our clients to the settlement offer promulgated by the Office of the Attorney General of the State of New York, together with an explanation of the predicates on which it is founded.

Dreamland itself conducts its mobile carnival business, generally partnering with charitable, non-profit organizations as part of their fund-raising efforts, along the East Coast of the United States, in 2008 operating in Georgia, North Carolina, Connecticut, New Hampshire, Vermont, New Jersey, Pennsylvania, and New York State. Your Office purports to have the power to challenge my clients' performance under the totality of Dreamland's contract with the United States Department of Labor, even though only a small percentage of its business is conducted at locations in New York.

We have previously provided to you the authorities disclosing that our clients are an amusement enterprise, so that they are exempt from the wages and hours and overtime strictures of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and specifically section 13 thereunder, and the complementing federal regulations, codified at 29 C.F.R. 779.385. Similarly, we have previously provided to you 12 New York Codes Rules and Regulations 142-2.2 (and 142-3.2), which include the FLSA exemption of our clients from the wages and hours strictures, through adopting the exemptions set forth in the Fair Labor Standards Act, including the exemption for amusement enterprises.

508078

SPECTOR GADON & ROSEN, P.C.
ATTORNEYS AT LAW

July 8, 2008
Page -2-

As a result, no employee of our clients has any claim of entitlement to wages, hours or overtime work standards as set forth in federal or New York Code, regardless of whether the worker is a natural born citizen or an alien.[1]

At our meeting, you disclosed that the New York Office of the Attorney General is not proceeding under wages, hours or overtime as set forth in the FLSA or New York Code. Rather, your theory is based upon a contract between our clients and the United States Department of Labor. In this regard, you assert that our clients have engaged in repeated or persistent fraud or illegality in the conducting of its carnival business, and specifically with regard to federal Department of Labor forms ETA-750 (Applications for Alien Employment Certification). You contend that in signing those United States Department of Labor form contracts for each of three years, 2006, 2007, and 2008, Dreamland alone,[2] and not our other clients, contracted under penalty of perjury to the United States to pay United States Department of Labor prevailing wages to non-immigrant, H-2B seasonal employees obtained by others for our clients for their mobile carnival; further, you contend that our clients breached the contracts, and that the breach of the contract with the United States Department of Labor gives the New York Office of the Attorney General jurisdiction over what you deem to be the fraudulent misrepresentations, pursuant to New York Executive Law § 63(12), even though the contract was exclusively entered into with and approved by the United States Department of Labor.

The federal forms ETA-750 contain columns for estimated hours per week, estimated overtime hours, estimated weekly wages, and estimated weekly overtime at boxes 10 and 12. Only estimates can be made on signing the form, because on application to the United States Department of Labor, the final schedule of carnival locations and dates, and hours consumed on each date have not been determined. The estimates are not a guarantee of the number of hours that each H-2B worker will be asked to perform during each week.

Were there any questions regarding these facts or their interpretation, the United States Department of Labor is the sole entity which can answer them.

It is difficult to conceive how anyone could view the affixation of a signature by Dreamland to constitute a guarantee of specified hours of work per week. Moreover, precisely because the FLSA and New York Analog exempt American citizens who work for Dreamland

---

[1]     You also averred that my clients violated Civil Rights statutes because, inter alia, the porto-johns they lease for use at carnival sites are not sufficiently clean and because workers, including H-2B aliens, are forced to work in inclement weather. The short answers are sue the lessors and buy yourself a rain slicker at Family Dollar. The power of your Office to bring Civil Rights claims is not otherwise addressed in this response.

[2]     The United States Department of Labor forms ETA-750 were submitted by Dreamland Amusements, only, and not by Toy Circus or Crossroads. In fact, none of the latter have any H-2B non-agricultural, seasonal employees.

**SPECTOR GADON & ROSEN, P.C.**
ATTORNEYS AT LAW

July 8, 2008
Page -3-

from wages and hours strictures, your construction of the United States Department of Labor forms ETA-750 would create the anomalous situation of alien workers being guaranteed more money for displacing American workers than the American workers would receive for performing those services. Such a conundrum ignores and undercuts the express policy of the United States in creating its H-2B programs in the first instance. See, e.g., 8 U.S.C. § 1101(a)(4)(ii)(B).

Putting facts and logic aside however, your Office lacks the right or power to claim jurisdiction over or standing to pursue the averments that our clients have engaged in repeated or persistent fraud or illegality through your contention that they failed to pay prevailing wages per contract wit the United States Department of Labor to the H-2B seasonal employees, as set forth below.[3]

## PREEMPTION AND THE SUPREMACY CLAUSE

Resisting the temptation to refer you to treatises on Federal Preemption and the Supremacy Clause, suffice it to say for purposes of your investigation that the powers of Congress over Commerce and Immigration, as set forth in Article I, Section 8, Clauses 3 and 4 of the Constitution, are exclusive and paramount, and hold sway over states, as required by Article VI, Clause 2, known as the Supremacy Clause. The paramount and exclusive jurisdiction is even more pointed following the aftermath of the plane hijackings that occurred on September 11, 2001, and the resulting plethora of federal enactments governing aliens and the conduct of their entry into the United States by the federal government as part of its comprehensive immigration program.

Every aspect of immigration, including that pertaining to seasonal workers, is specifically set forth at length in phone book sized volumes within the United States Code and the Code of Federal Regulation.

### Federal Statutes and Federal Regulations

8 U.S.C. § 1101(a)(H)(ii)(b) sets out Congress's power to enact laws governing aliens residing in a foreign country which they have no intention of abandoning who come to the United States "to perform temporary service or labor if unemployed persons capable of performing such service or labor cannot be found in this country." Exercising that power, the Secretary of Homeland Security, the Attorney General of the United States, and the Secretary of

---

[3]    Whether the United States Department of Justice could prosecute such claims as false statements under 18 U.S.C. § 1001, or as mail fraud under 18 U.S.C. § 1341, or under RICO pursuant to 18 U.S.C. § 1961 is unclear in view of primacy of the regulatory scheme involving the Departments of Homeland Security, Labor, Agriculture and Justice. E.g., *Hoffman Plastics Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002). What is clear is that the New York Office of Attorney General has no such power.

SPECTOR GADON & ROSEN, P.C.
ATTORNEYS AT LAW

July 8, 2008
Page -4-

the Department of Labor have been exclusively vested with the "administration and enforcement of the chapter and all other laws relating to the immigration and naturalization of aliens," as set forth therein. See 8 U.S.C. § 1102(a). The powers so vested are virtually co-extensive with the power to regulate immigration. See, e.g., 8 U.S.C. § 1103, including (g) thereunder.

A sub-set of that broad grant of power is found within 8 U.S.C. § 1184, headed "Admission of Non-Immigrants." Under that statute, subsection (a), hinges admission of any alien as a non-immigrant "for such time and other such conditions" as the Executive Branch may prescribe. Within that Section are provisions imposing fraud prevention and detection fees upon employers filing false forms ETA-750 and other petitions, 8 U.S.C. § 1184(c)(13)(A), and (B). The statute also empowers the Secretary of the Department of Homeland Security to hold hearings and, after notice and an opportunity to be heard, impose fines and penalties upon an employer who submits a false or fraudulent application in order to obtain, *inter alia*, H-2B employees. 8 U.S.C. § 1184(c)(14)(A).

The Code of Federal Regulations contains more than 30 pages addressing only seasonal alien temporary workers. 8 C.F.R. § 214.2(h)(1), *et seq.*, extending for 30 pages within the Code of Federal Regulations, sets forth the procedure governing and representations by contract with the United States Department of Labor binding upon petitioner seeking H-2B workers, including wages and other terms and conditions of employment. The Secretary of Labor wields both the jurisdiction and power to address instances in which the petitioning employer has failed to meet the statutorily required contractual conditions for obtaining the seasonal alien laborers. Under § 214.2(h)(11)(B), the Director may revoke a petition at any time, even after its expiration, based upon the petitioner's statements of facts contained in the position being "not true and correct," or that petitioner had "violated terms and conditions of the approved petition" or other standards set forth therein.

No wonder there is preemption. The statute itself provides for preemption. Indeed, 8 U.S.C. § 1324(a)(h)(2) reads in its entirety:

> The provisions of the section preempt any state or local law imposing civil or criminal sanctions (other than through licensing and similar laws) upon those who employ, or recruit or refer for a fee for employment, unauthorized aliens.

Even were there no statutory preemption, nonetheless the law would compel it.

SPECTOR GADON & ROSEN, P.C.
ATTORNEYS AT LAW

July 8, 2008
Page -5-

---

### CASE LAW

Not surprisingly, the case law interpreting the scope and breath of the federal statutory and regulatory components governing immigration and including seasonal workers has denied to all others the jurisdictional power or standing to raise claims otherwise within the four corners of the Congressional enactments and Federal Code provisions. Indeed, in *Hoffman Plastic Compounds, Inc. v. National Labor Relations Board*, 535 U.S. 137, 147-48 (2002), the Supreme Court denied to a federal entity -- the National Labor Relations Board -- the authority to construe its enabling legislation to include giving back pay awards to aliens unauthorized to work in view of the overarching primacy of Title 8 of the United States Code.

Thus, it is not surprising that every Court which has considered the issue has determined that the comprehensive federal scheme preempts any state regulation, even if non-conflicting or parallel, and that there is no private right of enforcement. See, e.g., *Hines v. Davidowitz*, 312 U.S. 52, 66-67 (1941) (striking down a Pennsylvania alien registration statute on grounds of federal pre-emption, observing "where the federal government in the exercise of its superior authority in this field, has enacted a complete scheme of regulation ... states cannot, inconsistently with the purpose of Congress, conflict or interfere with, curtail or complement, the federal law, or enforce additional or excilarary regulations."); *Takahashi v. Fish & Game Comm'n*, 334 U.S. 410, 419 (1948)("states can neither add to nor take from the conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in the United States or the several states."); accord *Gade v. Nat'l Solid Waste Management Assoc.*, 505 U.S. 88, 108 (1992); *Perry v. Thomas*, 482 U.S. 483 (1987); *DeCanas v. Bico*, 424 U.S. 351, 355 (1976); *Spina v. Department of Homeland Sec.*, 470 F.3d 116, 127-28 (2nd Cir. 2006)(using federal law to construe applicability, if any, of Connecticut statute to federal sentencing enhancement guidelines because, *inter alia*, "the immigration laws contain no provision indicating that they are to be interpreted in accordance with state law."); *Chavez v. Freshpict Foods, Inc.*, 456 F.2d 890, 893-96 (10th Cir. 1972); *Arizona Contractors Ass'n, Inc. v. Candelaria*, 534 F.Supp.2d 1036 (D. Ariz. 2008); *Lozano v. City of Hazleton*, 496 F.Supp.2d 477, 517-528 (M.D.Pa. 2007); *Shah v. Wilco Systems, Inc.*, 126 F.Supp.2d 641, 648-49 (S.D.N.Y. 2000); *United States v. Richard Dattner Architects*, 972 F.Supp. 738, 742 (S.D.N.Y. 1997); *Chavez v. Freshpict Foods, Inc.*, 322 F.Supp. 146 (D.Colo. 1971); *Younus v. Shabat*, 336 F.Supp. 1137, 1140 (N.D.Ill. 1971).

And, without a private cause of action, there is no "parens patriae" jurisdiction permitting your Office to become involved in the matters you state are under investigation. The remedies are distinctly federal. See, e.g., *Castellanos- Contreras v. Decadur Hotels, LLC*, 488 F.Supp.2d 565 (E.D. La. 2007). Put another way, there is not a single case that holds that a state has the power or standing to pursue a person or entity for alleged false statements to the United States Department of Labor to obtain seasonal workers.

**SPECTOR GADON & ROSEN, P.C.**
ATTORNEYS AT LAW

July 8, 2008
Page -6-

_____   _____

From the Supremacy Clause set forth in Article VI, Clause 2, the powers over commerce and immigration vested in Congress pursuant to Article I, Clause 8, and the authorities set forth, *supra*, it is painfully obvious that the New York Office of the Attorney General lacks any power with respect to the matter that it contends is under investigation. The substance and breadth of such investigation reside solely and exclusively within the federal government.

That being the case, it is our considered view that your proceeding with your investigation will do nothing other than force our clients to bear substantial legal costs and fees while resulting in an opinion holding that your Office lacks jurisdiction over the matter under investigation.

It is because of the costs and fees, however, that I am authorized to submit to you a formal response to your settlement proposal. I am authorized to represent that our clients are willing to enter into a consent decree, based on no admission of wrongdoing, that results in an order enforceable by you for breach, if such decree will close your investigation and, therefore, end the costs attendant to our clients' unwilling participation in these proceedings. In addition, our client will pay the sum of $35,000, in acknowledgement of the costs and expenses you have incurred in connection with your investigation, albeit one over which you lack jurisdiction.

I would propose that the consent agreement include a weekly wage rate for the periods of time within which our clients' mobile carnival is set up in New York. I would not presume to suggest what other reasonable conditions you deem important or appropriate; however, as I have advised you since the inception of our representation, our clients are more than willing to agree to any reasonable terms and conditions of a consent order.

Alternatively, we encourage you to submit the fruits of your investigation to the United States Department of Labor. That Department has the jurisdiction and standing to address whatever issue you deem important.

I look forward to your response.

Sincerely,

Bruce L. Thall

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN THE APPLICATION OF ANDREW M. CUOMO,
ATTORNEY GENERAL OF THE STATE OF NEW
YORK,

                                    Petitioner,

for an Order under C.P.L.R. § 2308(b) to enforce
compliance with subpoenas

                --against--

DREAMLAND AMUSEMENTS INC.; TOY CIRCUS,
INC.; CROSSROADS TRUCKING CORP.; ROBERT F.
DESTEFANO, JR.; KATHRYN L. DESTEFANO; and
any other owners and corporate officers of Dreamland
Amusements Inc., Toy Circus, Inc., and/or Crossroads
Trucking Corp.,

                              Respondents.

Index No.

---

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S
## MOTION TO COMPEL RESPONDENTS TO COMPLY WITH SUBPOENAS

                        ANDREW M. CUOMO
                          Attorney General of the
                          State of New York
                        120 Broadway
                        New York, New York 10271
                        Attorney for Petitioner

                        Dated:  July 29, 2008

ALPHONSO B. DAVID, Deputy Bureau Chief for Civil Rights
SPENCER FREEDMAN, Counsel for Civil Rights

JULIAN R. BIRNBAUM
ANDREW J. ELMORE
SETH KUPFERBERG
JUDITH MARBLESTONE
Assistant Attorneys General
   Of Counsel

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 3

ARGUMENT ............................................................................................................................... 7

    RESPONDENTS MAY NOT UNILATERALLY IGNORE
    THE ATTORNEY GENERAL'S SUBPOENAS ...................................................................... 7

        A.    A Motion to Quash Is the Exclusive Vehicle for
              Challenging a Subpoena ........................................................................................... 7

        B.    The Investigatory Subpoenas Seek Information Reasonably
              Related to Violations of Executive Law § 63(12) ...................................................... 8

        C.    There Is No Basis for Federal Preemption Here .......................................................... 10

        D.    Respondents' Prior Informal Assertions Cannot Be Used
              as a Basis for Non-Compliance with the Subpoenas .................................................. 14

CONCLUSION ............................................................................................................................ 16

# TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGE**

Anheuser-Busch, Inc. v. Abrams,
    71 N.Y.2d 327 (1988)................................................................................................8, 9

Balbuena v. IDR Realty LLC,
    6 N.Y.3d 338 (2006)...............................................................................................12, 13

Browning-Ferris Indus. v. Kelco Disposal,
    492 U.S. 257 (1989)....................................................................................... ..............15

Brunswick Hosp. Center, Inc. v. Hynes,
    52 N.Y.2d 333 (1981)...........................................................................................7, 8, 14

Chase Manhattan Bank, Nat'l Ass'n v. Federal Chandros, Inc.,
    148 A.D.2d 567 (2d Dep't 1989).................................................................................15

Cox v. Nap Construction Co., Inc.,
    10 N.Y.3d 592 (2008)..................................................................................................12

De Canas v. Bica,
    424 U.S. 351 (1976)....................................................................................................12

English v. General Elec. Co.,
    496 U.S. 72 (1990)......................................................................................................13

First Energy Leasing Corp. v. Attorney General,
    68 N.Y.2d 59 (1986)...................................................................................................14

Gutterman v. Lefkowitz,
    92 Misc. 2d 583 (Sup. Ct. N.Y. Cty. 1977) .................................................................14

In re Grobin,
    352 U.S. 330 (1957)...............................................................................................14, 15

In re Sundram,
    164 A.D.2d 189 (3d Dep't 1990).............................................................................14, 15

Kanterman v. Attorney-General,
    76 Misc. 2d 743 (Sup. Ct. N.Y. Cty. 1973) ................................................................15

Table of Authorities (cont'd)

CASES                                                                                                    PAGE

La Belle Creole Intl., S.A. v. Attorney General,
    10 N.Y.2d 192 (1961) ............................................................................................. 8, 10

Matter of Forrence Orchards, Inc. v. Ross,
    85 A.D.2d 44 (3d Dep't 1982),
    appeal dismissed 57 N.Y.2d 673 (1982) ............................................................ 12

Matter of New York State Comm'n on Judicial Conduct v. Doe,
    61 N.Y.2d 56 (1984) ............................................................................................. 8

Ngan Gung Restaurant, Inc. v. People,
    183 B.R. 689 (Bankr. S.D.N.Y. 1995) ............................................................... 9

People v. Frink America, Inc.,
    2 A.D.3d 1379 (4th Dep't 2003) ......................................................................... 9

People v. Mikuszewski,
    73 N.Y.2d 407 (1989) ......................................................................................... 11

People v. Sommer,
    77 Misc. 2d 840 (Nassau Cty. Ct. 1975) .......................................................... 15

Perez-Farias v. Global Horizons, Inc.,
    2008 U.S. Dist. LEXIS 27588 (E.D. Wash. Mar. 27, 2008) ...................... 12, 13

Sanborn v. Goldstein,
    118 N.Y.S.2d 63 (Sup. Ct. N.Y. Cty. 1952) ................................................... 15

State v. Scottish-American Ass'n, Inc.,
    52 A.D.2d 528 (1st Dep't 1976) ......................................................................... 9

State v. Winter,
    121 A.D.2d 287 (1st Dep't 1986) ....................................................................... 9

Vera v. Saks & Co.,
    335 F.3d 109 (2d Cir. 2003) ............................................................................. 13

Table of Authorities (cont'd)

**NEW YORK STATUTES**                                                                PAGE

C.P.L.R. § 2308(b) ...................................................................................................... 1, 2, 16

Executive Law § 63(12) ................................................................................................ passim

Executive Law § 290 et seq. .......................................................................................... 4

Labor Law Article 6 ....................................................................................................... 4

Labor Law Article 19 ..................................................................................................... 4


**NEW YORK RULES AND REGULATIONS**

12 N.Y.C.R.R. Part 142 ................................................................................................. 4

10 N.Y.C.R.R. Subpart 7-3 ........................................................................................... 4


**NEW YORK CITY CODES**

New York City Administrative Code § 8-101 et seq. ...................................................... 4


**FEDERAL RULES AND REGULATIONS**

20 C.F.R. § 655.2 .......................................................................................................... 11

## PRELIMINARY STATEMENT

The Attorney General of the State of New York, submits this Memorandum of Law in support of its motion under C.P.L.R. § 2308(b) to compel compliance with subpoenas validly issued pursuant to Executive Law § 63(12) as part of the Attorney General's investigation into allegations of repeated and consistent fraud and illegality by respondents Dreamland Amusements Inc., Toy Circus, Inc. and Crossroads Trucking Corp. (collectively referred to as "Dreamland") and their principals, Robert F. DeStefano, Jr. and Kathryn L. DeStefano (collectively referred to as "the DeStefanos").[1]

The subpoenas seek documents and testimony regarding alleged labor and civil rights violations, including underpayment and misrepresentation of employees' wages; discrimination in terms and conditions of employment; and unsanitary, substandard lodging conditions for employees. While Respondents initially and repeatedly assured the Attorney General that they would comply with the subpoenas, they have recently engaged in a series of dilatory and evasive tactics, which culminated in the eleventh-hour filing of a meritless federal lawsuit seeking to enjoin enforcement of the subpoenas. Respondents filed that federal suit one day before they were scheduled to testify, and only after obtaining three adjournments of that hearing date and being denied a fourth request. Notably, Respondents did not even seek emergency relief from the federal court, thus demonstrating that the filing was merely another delay tactic. The Attorney General will soon file a motion to dismiss the federal suit on several grounds, including that a federal court must abstain in cases seeking to enjoin ongoing state enforcement

---

[1] Dreamland Amusements Inc., Toy Circus, Inc., Crossroads Trucking Corp., Robert F. DeStefano, Jr., and Kathryn L. DeStefano are collectively referred to as "Respondents."

proceedings and that Dreamland's arguments regarding federal preemption are entirely without merit.

By this motion, the Attorney General asks this Court to enforce the Attorney General's validly issued subpoenas in accordance with Executive Law § 63(12) and C.P.L.R. § 2308(b).   Respondents have no legitimate basis for refusing to comply with the Attorney General's subpoenas.   The Attorney General's authority to investigate potential labor and civil rights violations, as well as fraud, in New York State is clear, and the subpoenas at issue seek information that is reasonably related to the Attorney General's ongoing investigation of Dreamland.

Respondents will likely assert, as they have argued in their federal lawsuit, that federal immigration law preempts certain wage and labor claims the Attorney General may ultimately bring, because some of Respondents' employees are seasonal workers from Mexico hired under the H-2B visa program.  But these assertions regarding possible defenses to liability are premature at the investigatory stage and do not entitle Respondents to unilaterally refuse to comply with validly issued subpoenas.   In any event, Respondents' preemption arguments are unfounded.  Moreover, Respondents have never suggested that any potential claims based on discrimination in working conditions would be preempted by federal law.  Those claims alone are sufficient to support the Attorney General's subpoenas.   Nor do or could Respondents claim that federal immigration law preempts the general wage and hour provisions of New York's Labor Law, which apply to all covered employees without regard to immigration status.

For these reasons, and others explained below, this Court should order Respondents to comply with the Attorney General's subpoenas.

## STATEMENT OF FACTS

Dreamland is a traveling carnival company — owned and or operated by Kathryn DeStefano and Robert DeStefano — that employs individuals to transport and operate fairs in locations in New York for as much as one half of the approximately nine months they operate each year.[2] Dreamland has operated fairs in around six counties in New York in 2008 alone, and has similarly operated multiple fairs in New York in prior years. See accompanying Affidavit of Assistant Attorney General Andrew J. Elmore, sworn to July 28, 2008 ("Elmore Aff."), ¶¶ 10-12, 14. On or around May 2007, the Attorney General's office began receiving complaints stating that Respondents were engaged in unlawful employment practices (Id. ¶ 13).

A preliminary investigation by the Attorney General indicates that Dreamland Amusements Inc. and the DeStefanos made misrepresentations to the State of New York. Specifically, they represented to New York State — in each year since at least 2005 — that they would pay a prevailing wage to their workforce and comply with federal, state and local laws, including but not limited to labor and anti-discrimination laws (Elmore Aff. ¶¶ 15-23). However, employee complaints and other information received by the Attorney General suggest that Respondents do not abide by New York's minimum wage, overtime, and/or record-keeping requirements, nor have Respondents paid the H-2B prevailing

---

[2] Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp. are New York Corporations with their principal place of business located at 2 Olympia Lane, Stony Brook, New York 11790, which also appears to be the DeStefanos' home address (Elmore Aff. ¶¶ 10-11). Since at least January 2006, Kathryn L. DeStefano and Robert F. DeStefano, Jr. appear to have been the owners, officers, and/or operators of Dreamland Amusements, Inc., Toy Circus, Inc., and Crossroads Trucking Corp (Id. ¶ 10). The Attorney General's preliminary investigation has revealed that Dreamland Amusements Inc., Toy Circus, Inc., and Crossroads Trucking Corp. jointly operate the traveling carnival business known as Dreamland and, for all intents and purposes, these corporate entities appear to operate as a single enterprise (Id. ¶ 12).

wage, the wage rate that Dreamland must pay pursuant to Articles 6 and 19 of the Labor Law (Id. ¶¶ 24-26).[3]

The Attorney General's investigation also revealed allegations that Respondents discriminated against H2-B employees, who are mainly Latino, foreign-born workers from Mexico, by subjecting such employees to inferior work and housing conditions forcing the workers, for example, to live in severely unhygienic and overcrowded housing (Elmore Aff. ¶ 27).

Evidence obtained during the Attorney General's investigation suggests that Respondents have engaged and continue to engage in repeated and persistent fraudulent and illegal conduct within the meaning of Executive Law § 63(12) by, including but not limited to:

(a) systematically failing to pay full wages, denying employees overtime compensation, and ignoring record-keeping requirements in violation of Labor Law Articles 6 and 19 and 12 N.Y.C.R.R. Part 142;

(b) subjecting H-2B workers to discriminatory terms and conditions of employment based on race, color, alienage and/or national origin in violation of Executive Law § 290 et seq.; and/or New York City Administrative Code § 8-101 et seq.;

(c) violating regulations promulgated under the New York State Sanitary Code, 10 N.Y.C.R.R. Subpart 7-3; and,

---

[3] The H-2B prevailing wage is intended to, inter alia, ensure that the wages and other terms and conditions of employment of H-2B workers will not adversely affect the wages and working conditions of similarly employed U.S. workers (Elmore Aff. ¶ 17).

(d) fraudulently misrepresenting to the New York State Department of Labor that Dreamland Amusements Inc. would, inter alia, pay a prevailing wage and adhere to federal, state and local laws.

Pursuant to its investigation, on May 27, 2008 the Attorney General served subpoenas ad testificandum and subpoenas duces tecum dated May 23, 2008 on both Robert and Katheryn DeStefano and on May 28, 2008 served subpoenas duces tecum dated May 23, 2008 on Dreamland Amusements Inc., Toy Circus, Inc., and Crossroad Trucking Corp (Elmore Aff. ¶ 29). On July 8, 2008 the Attorney General served a supplemental subpoena duces tecum on Respondents, service of which was accepted by their counsel (Id. ¶ 32). All the subpoenas required testimony and production of documents relating to, inter alia, payroll records, time records, documents identifying employee names and dates of employment, employment policies, procedures and practices, articles of incorporation, tax returns, documents filed with New York State and federal government entities regarding wages and other terms and conditions of employment, and vehicle information (Id. ¶ 33).

Respondents have unilaterally refused to comply with the Attorney General's subpoenas. Respondents' initial assurances of compliance changed dramatically when the Attorney General requested the DeStefanos to appear for hearings, pursuant to the subpoenas, to give testimony with respect to the ongoing investigation (Elmore Aff. ¶¶ 34-52). The Respondents demanded and the Attorney General agreed to three separate adjournments of the subpoena hearings to accommodate the DeStefanos' alleged unavailability and document production schedule (Id. ¶¶ 38, 40, 45). Counsel for Respondents offered shifting rationales for delaying the hearings. First, counsel refused

to permit his clients to testify (Id. ¶ 41). Days later, Respondents' counsel denied taking that position and expressed a willingness to permit Respondents' testimony in a hearing in which they would assert a privilege against self-incrimination to specific questions (Id. ¶ 44).

However, the following day, Respondents' counsel refused to produce his clients for the subpoena hearings (Elmore Aff. ¶ 46). When the Attorney General issued a final return date for subpoena hearings of July 15, 2008, Respondents' counsel first asked for a fourth postponement (Id. ¶ 50). When the Attorney General denied that request, he refused to state whether Respondents would attend, failing to inform this office until shortly before 4:00 p.m. the day before the hearing that Respondents would refuse to testify or to produce additional documents absent a judicial order compelling them to do so (Id. ¶ 51). The Attorney General had earlier advised Respondents through their counsel that their obligation to provide testimony was continuing, and that noncompliance with the subpoenas would result in a motion to compel compliance (Id. ¶¶ 43, 45).

Although Respondents' true intent was undeniably to avoid compliance with the Attorney General's subpoenas, Respondents did not file a motion to quash the subpoenas. Instead, Respondents filed a federal lawsuit – one day before the subpoena hearing was scheduled seeking to enjoin the Attorney General from proceeding with certain enforcement claims based on the alleged ground of federal preemption (Elmore Aff. ¶¶ 51-52).[4] The preemption argument which should be raised, if at all, as a defense to an

---

[4] Tellingly, the federal complaint does not even mention objections to the hearing procedures that Respondents' counsel previously raised, but rather rests on a meritless preemption argument first raised on July 8, 2008 in response to a settlement offer by the Attorney General (Elmore Aff. ¶ 51).

enforcement action, if any, brought by the Attorney General — is meritless for the reasons explained in this Memorandum of Law.  Respondents did not seek emergency relief in the federal lawsuit despite the imminent passage of their deadline for compliance with the subpoenas (Id. ¶ 51).

Given the Respondents' dilatory tactics and refusal to appear or produce additional documents, it is clear that Respondents will not comply with the subpoenas for testimony and further production of documents without a court order.  Accordingly, the Attorney General respectfully seeks that this Court compel compliance with the subpoenas.  No previous application has been made for the relief sought in this motion to compel.

**ARGUMENT**

**RESPONDENTS MAY NOT UNILATERALLY IGNORE THE ATTORNEY GENERAL'S SUBPOENAS**

**A.      A Motion to Quash Is the Exclusive Vehicle for Challenging a Subpoena Which Respondents Have Waived.**

Executive Law § 63(12) authorizes the Attorney General to "take proof" and "issue subpoenas" in connection with applications to enjoin any persistent fraud or illegality.  Here, Respondents have not filed a motion to quash, the "exclusive vehicle to challenge the validity of a subpoena or the jurisdiction of an issuing authority," and therefore have no valid grounds for disobeying the Attorney General's investigatory subpoenas.  See Brunswick Hosp. Center, Inc. v. Hynes, 52 N.Y.2d 333, 339 (1981) (noting that a motion to quash "must be made promptly, generally before the return date of the subpoena").  Furthermore, by partially complying with the subpoenas before filing

7

a motion to quash, Respondents have effectively waived their right to move to challenge the validity of the subpoenas or the jurisdiction of the Attorney General. Id.

**B.     The Investigatory Subpoenas Seek Information Reasonably Related to Violations of Executive Law § 63(12).**

Even if Respondents had filed a motion to quash, they could not make the showing required to succeed on such a motion. When issuing a subpoena in the course of an investigation pursuant to Executive Law § 63(12), the Attorney General enjoys a presumption that he is acting in good faith, and must show only that the materials sought bear a reasonable relation to the subject matter under investigation and the public purpose to be achieved. See Anheuser-Busch, Inc. v. Abrams, 71 N.Y.2d 327, 331-32 (1988). Accordingly, an application to quash a subpoena will be granted "only where the futility of the process to uncover anything legitimate is inevitable or obvious or where the information sought is utterly irrelevant to any proper inquiry." Anheuser-Busch, 71 N.Y.2d at 331-32 (quotation marks and alterations omitted); accord La Belle Creole Intl., S.A. v. Attorney General, 10 N.Y.2d 192, 196 (1961). Thus, to sustain a subpoena under § 63(12), the Attorney General does not have to outline all potential theories of liability nor demonstrate that all theories will prevail. Requiring such a showing would negate the very purpose of an investigatory subpoena, which is to seek information on potential claims and identify possible grounds for an enforcement action. Cf. Matter of New York State Comm'n on Judicial Conduct v. Doe, 61 N.Y.2d 56, 61 (1984).

As discussed above, the Attorney General's investigation concerns alleged labor law and civil rights violations committed by Respondents. Such matters lie at the core of the Attorney General's investigative authority under Executive Law § 63(12). It is well established that violation of federal, state, or local law constitutes "illegality" within the

meaning of § 63(12) and is actionable when persistent or repeated.  See, e.g., People v. Frink America, Inc., 2 A.D.3d 1379, 1380-81 (4th Dep't 2003) (Executive Law § 63(12) "provide[s] the Attorney General with standing 'to seek redress and additional remedies for recognized wrongs' based on the violation of other statutes" (citations omitted) such as the Labor Law); State v. Winter, 121 A.D.2d 287, 288 (1st Dep't 1986) ("Attorney General . . . clearly authorized, under Executive Law § 63(12), to commence a proceeding where repeated fraud or illegality regarding the [New York City] rent laws is involved"); State v. Scottish-American Ass'n, Inc., 52 A.D.2d 528, 528 (1st Dep't 1976) (Attorney General had standing under Executive Law § 63(12) to enforce Federal Aviation Act and regulations which did not preempt or preclude State action); Ngan Gung Restaurant, Inc. v. People, 183 B.R. 689, 690-91 (Bankr. S.D.N.Y. 1995) (Attorney General's investigation of and subsequent proceeding against employer for failure to pay proper overtime and withholding of tips in violation of the Labor Law authorized under Executive Law § 63(12)).

There is no possible basis for the Respondents to contend that the subpoenas "are utterly irrelevant to any proper inquiry" or that the subpoenas' "futility to uncover anything legitimate is inevitable or obvious."    Anheuser-Busch, 71 N.Y.2d at 331-32 (quotation marks and alterations omitted).  The factual basis for the Attorney General's investigation is detailed in the accompanying affidavit of Andrew Elmore and summarized above.  In short, since May 2007 the Attorney General has received a number of complaints against Respondents concerning labor and civil rights violations, and the Attorney General's preliminary investigation has uncovered documents and other information corroborating the existence of such violations.

While Respondents apparently contest some of the legal theories that they predict the Attorney General will ultimately rely upon, those arguments cannot show that the Attorney General's investigation is obviously and inevitable futile, as would be required to excuse compliance with the subpoenas on a motion to quash, if they had actually filed such a motion.  In particular, Respondents have not so much as suggested that the Attorney General's discrimination claims are preempted.  Nor have they asserted that the Attorney General is barred from enforcing state wage payment, minimum wage or overtime requirements.  Thus, the evidence sought in the subpoenas relates to claims that the Attorney General has undeniable authority to pursue.  As the Court of Appeals has long recognized, investigations would "be paralyzed if [general] arguments as to materiality or relevance" were permissible grounds for challenging an investigatory subpoena issued under Executive Law § 63(12).  La Belle Creole Intl., S.A., 10 N.Y.2d at 196-97.  That principle is even more compelling here, where Respondents have failed to seek appropriate judicial relief by filing a motion to quash, and instead claim that they can ignore a subpoena indefinitely - and unilaterally - because of an alleged preemption defense to claims they predict the Attorney General will assert.  No authority sanctions this course of conduct, and accordingly, this Court should compel Respondents to comply promptly with the Attorney General's investigatory subpoenas ad testificandum and duces tecum.

**C.    There Is No Basis for Federal Preemption Here.**

Even if Respondents' possible defenses to liability based on federal preemption were relevant to the issue whether they must comply with the Attorney General's investigatory subpoenas, it would not matter because their preemption arguments are

baseless. Respondents appear to rely primarily on the fact that a significant percentage of its employees are foreign nationals authorized to work under H-2B visas. The Attorney General is empowered to enforce the Labor Law as well as to enjoin fraudulent conduct, and does so frequently, regardless of the immigration status of aggrieved individuals. The fact that some of Dreamland's employees are and were authorized to work under H-2B visas is irrelevant to the determination of Dreamland's underpayment of wages.

Similarly, Dreamland Amusements Inc. and the DeStefanos filed applications with the NYS DOL certifying under penalty of perjury that they would pay a prevailing wage and comply with federal, state, and local laws, including but not limited to labor and anti-discrimination laws (referred to as "ETA 750s") (Elmore Aff. ¶¶ 19-23). That these representations were made in the context of an application for authorization to employ H-2B guest workers is irrelevant – Executive Law § 63(12) prohibits the underlying fraudulent conduct, regardless of the forum in which it occurs or the form by which it is transmitted. It is axiomatic that a state has a sovereign interest in deterring false representations made to it, whether or not the representation to the state is made as a result of a federal requirement to do so. See, e.g., People v. Mikuszewski, 73 N.Y.2d 407, 415-16 (1989) (upholding Penal Law § 175.35 false filing of an instrument charge brought by Attorney General for misrepresentation to state agency regarding federally-required minority business participation requirements in federally funded construction projects).`

---

` In order to apply for an H-2B visa, employers, like Dreamland, must first file an Application for Alien Employment Certification (referred to as an "ETA 750") with the State Workforce Agency (in this case, the New York State Department of Labor ("NYS DOL")), serving the area of proposed employment (Elmore Aff. ¶ 16). See 20 C.F.R. § 655.2. The NYS DOL must, among other responsibilities, determine the prevailing wage that employers guarantee under penalty of perjury will be no less than the wage paid if a

In any event, federal immigration law does not preempt an Attorney General investigation into underpayment of wages to be paid employees under Executive Law § 63(12) and the Labor Law. Nor is the Attorney General preempted from seeking documents and testimony regarding evidence of the applicable wage rates and other terms and conditions of employment, whatever the context, in investigating allegations of fraud or illegality. The Attorney General has a good faith belief based on ETA 750s that Dreamland Amusements Inc. and the DeStefanos filed with state and federal government entities that Dreamland Amusements Inc. and the DeStefanos made certifications under penalty of perjury regarding wages and other terms and conditions of employment but did not comply with these representations after receiving labor certification and approval necessary to employ H-2B workers. In other words, the Attorney General's preliminary investigation provides a good faith basis to believe that Respondents engaged in repeated fraudulent acts.

There is a presumption against preemption, which is especially strong with regard to laws that affect the states' historic police powers to regulate the employment relationship, such as New York's wage payment, minimum wage, and overtime laws. See, e.g., De Canas v. Bica, 424 U.S. 351, 356-57 (1976); Cox v. Nap Construction Co., Inc., 10 N.Y.3d 592 (2008); Balbuena v. IDR Realty LLC, 6 N.Y.3d 338, 359 (2006); Matter of Forrence Orchards, Inc. v. Ross, 85 A.D.2d 44, 44-45 (3d Dep't 1982), appeal dismissed 57 N.Y.2d 673 (1982); Perez-Farias v. Global Horizons, Inc., 2008 U.S. Dist.

labor certification is granted (Id. ¶¶ 16-21). Only then will the United States Department of Labor ("US DOL") provide a labor certification, which is filed along with the employer's petition for an H-2B visa submitted to the United States Citizenship and Immigration Services ("US CIS") of the U.S. Department of Homeland Security for a determination whether the employer's petition to employ individuals under an H-2B visa is approved (Id. ¶ 18).

LEXIS 27588, *40-*42 (E.D. Wash. Mar. 27, 2008). Further, the instant motion is not preempted because (1) Congress did not pass "explicit statutory language" expressly preempting investigation pursuant to and enforcement of state labor and employment laws that cover all workers regardless of immigration status, including but not limited to H-2B employees; (2) this investigation does not regulate "a field that Congress intended the Federal Government to occupy exclusively," and (3) there is no conflict between this investigation's scope of protecting Respondents' employees and Congress's intent to authorize the admission of H-2B employees in a manner that does not harm U.S. workers. See English v. General Elec. Co., 496 U.S. 72, 78-79 (1990); Perez-Farias, 2008 U.S. Dist. LEXIS 27588, *40-*42; Balbuena, 6 N.Y.3d at 356-59.

In this investigation, the Attorney General does not seek to enforce federal immigration laws or federal criminal laws prohibiting false filing of immigration documents. A ruling that the prevailing wage rates that Dreamland Amusement Inc. expressly promised to pay on its ETA 750s constitutes the lawful wage under Article 6 of the Labor Law for Dreamland employees and that Dreamland must adhere to the certifications that it would comply with state and local laws would require no determination regarding the propriety of having certified the ETA 750s, having approved the H-2B visas, or any other aspect of immigration law. Accordingly, preemption is not even implicated. Cf. Vera v. Saks & Co., 335 F.3d 109, 115 (2d Cir. 2003) (Despite express preemption of state regulation of labor disputes, a state claim is not preempted if its application required mere referral to a Collective Bargaining Agreement for "'information such as rate of pay and other economic benefits that might be helpful in

determining the damages to which a worker prevailing in a state-law suit is entitled.'"
(citation omitted)).

### D.    Respondents' Prior Informal Assertions Cannot Be Used as a Basis for Non-Compliance with the Subpoenas.

In a last ditch attempt to avoid their obligations to comply with the law, Respondents may attempt to revive arguments previously asserted in informal communications with the Attorney General; specifically, suggesting that Respondents have a right to counsel in a subpoena hearing, a right to obtain a copy of the transcript from a subpoena hearing, and a right to excuse non-compliance with a subpoena for fear of criminal prosecution. Those arguments, if raised, should be rejected, because they were not properly raised in a motion to quash, which is "the exclusive vehicle for challenging the validity of subpoena." See Brunswick Hosp. Center, Inc., 52 N.Y.2d at 339. Further, as a matter of law, there are no such rights associated with a subpoena hearing conducted in an investigation under Executive Law § 63(12).

Subpoena hearings held pursuant to Executive Law § 63(12) are investigatory rather than adjudicatory and hence do not implicate the right to counsel or right to a transcript. See In re Grobin, 352 U.S. 330, 335 (1957) (A hearing is adjudicative in nature if the purpose of the hearing is to question the witness rather than to reach an enforceable determination regarding whether to punish the witness.).[6] Further, there is no

_____

[6] See also First Energy Leasing Corp. v. Attorney General, 68 N.Y.2d 59, 64-65 (1986) (holding that where a statute grants the Attorney General power to issue subpoenas and conduct confidential hearings that such hearings are "investigative rather than adjudicative in nature," and do not require the presence of counsel); In re Sundram, 164 A.D.2d 189, 190-91 (3d Dep't 1990) (No right to counsel in state commission hearing to investigate death of patient because commission "is investigatory in nature as it has no adjudicative function[.]"); Gutterman v. Lefkowitz, 92 Misc. 2d 583, 584 (Sup. Ct. N.Y. Cty. 1977) (No right to transcript at a subpoena hearing pursuant to General Business Law); Kanterman v. Attorney-General, 76 Misc. 2d 743, 746 (Sup. Ct. N.Y. Cty. 1973)

right to counsel in investigatory hearings, even if criminal liability may be a possibility at a subsequent proceeding. See id. at 333 (where investigatory hearing may elicit "evidence [that] may possibly lay a witness open to criminal charges," in that hearing the witness's "protection is the privilege against self-incrimination[,]" not the right to counsel). Finally, possible criminal liability does not excuse non-compliance with an investigatory subpoena. Corporate respondents, of course, have no Fifth Amendment privilege against self-incrimination. See Browning-Ferris Indus. v. Kelco Disposal, 492 U.S. 257, 286 (1989). While the individual respondents may be able to assert a claim of privilege against self-incrimination, they must properly do so by appearing to testify and invoking the privilege in response to specific questions. A mere "blanket refusal to answer questions based upon the Fifth Amendment privilege against self-incrimination cannot be sustained absent unique circumstances." Chase Manhattan Bank, Nat'l Ass'n v. Federal Chandros, Inc., 148 A.D.2d 567, 568 (2d Dep't 1989). There are no unique circumstances, nor have Respondents offered any circumstances, that would justify their blanket advance refusal to testify or to produce documents.

Accordingly, Respondents must produce documents responsive to the subpoenas duces tecum and appear and testify in response to the subpoenas, even if the DeStefanos'

(No right to counsel or transcript in subpoena hearing commenced by Attorney General pursuant to General Business Law because hearing was "investigative rather than adjudicative in nature[.]"); Sanborn v. Goldstein, 118 N.Y.S.2d 63, 64 (Sup. Ct. N.Y. Cty. 1952) (No right to transcript in Attorney General General Business Law subpoena hearing.).

See also In re Sundram, 164 A.D.2d at 191 ("That disciplinary or criminal proceedings may result from the Commission's investigatory function is insufficient reason to impose a right to counsel[.]"); People v. Sommer, 77 Misc. 2d 840, 843-44 (Nassau Cty. Ct. 1975).

testimony consists of asserting the personal privilege against self-incrimination in response to specific questions relevant to this investigation.

## CONCLUSION

For all of the reasons stated above, the Attorney General respectfully requests that the Court grant his motion to compel Respondents' testimony and production of documents pursuant to the abovementioned subpoenas ad testificandum and duces tecum pursuant to C.P.L.R. § 2308(b), and such other relief as is just and proper.

Dated: New York, New York
      July 29, 2008

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the
 State of New York
Attorney for Petitioner

By: _____

ANDREW J. ELMORE
Assistant Attorney General
Office of the Attorney General
 of the State of New York
120 Broadway, 3rd Floor
New York, New York 10271
(212) 416-6280

ALPHONSO B. DAVID, Deputy Bureau Chief for Civil Rights
SPENCER FREEDMAN, Counsel for Civil Rights

JULIAN R. BIRNBAUM
SETH KUPFERBERG
JUDITH MARBLESTONE
Assistant Attorneys General
  Of Counsel

Reproduced on Recycled Paper

16

# EXHIBIT C

**NEW YORK
COUNTY CLERK'S OFFICE**

JUL 29 2008

**NOT COMPARED
WITH COPY FILE**

At a Term of the Supreme Court of
the State of New York, held in and
for the County of New York, at the
County Courthouse at 60 Centre
Street, on the 30 day of
July, 2008

Present: Hon.    *ROBLS*      , Justice

IN THE APPLICATION OF ANDREW M. CUOMO,
ATTORNEY GENERAL OF THE STATE OF NEW
YORK,

                            Petitioner,

for an Order under C.P.L.R. § 2308(b) to enforce
compliance with subpoenas

         --against--

DREAMLAND AMUSEMENTS INC.; TOY CIRCUS,
INC.; CROSSROADS TRUCKING CORP.; ROBERT F.
DESTEFANO, JR.; KATHRYN L. DESTEFANO; and
any other owners and corporate officers of Dreamland
Amusements Inc., Toy Circus, Inc., and/or Crossroads
Trucking Corp.,

                         Respondents.

Index No. 401816/08

**ORDER TO SHOW CAUSE**

Upon the annexed Affidavit of Andrew J. Elmore sworn to on July 29, 2008, and the

exhibits annexed thereto, let the respondents show cause at a term of this Court, to be held at the

Part 6 Part, Room 345, at the Supreme Court Building, 60 Centre St, New York,

on the 12 day of Aug, 2008 at 9:30 a.m. 10:30 a.m. or as soon thereafter as counsel can be heard,

why an order should not be made, pursuant to the provisions of C.P.L.R. § 2308(b) to compel the

respondents to comply with the subpoenas ad testificandum and duces tecum issued by the

Attorney General of the State of New York to appear, testify, and produce documents in

connection with the Attorney General's investigation pursuant to Executive Law § 63(12) of the

allegedly illegal and fraudulent business practices of the respondents in the conducting of their businesses, on the ground that the respondents have not fully complied with such subpoenas; and to compel the respondents to pay costs in the amount of fifty dollars, a penalty of fifty dollars, and damages as per C.P.L.R. § 2308(b); and for such other and further relief as to the Court may seem just and proper.

Sufficient cause appearing therefor, let service of a copy of this order and the papers on which it is based upon the attorney for Respondents, Bruce Thall, Spector Gadon & Rosen P.C., Seven Penn Center, 1635 Market St., 7th Fl., Philadelphia, PA 19103, by overnight mail on or before the 1st day of Aug , 2008, be deemed sufficient service thereof.

Enter

_____
J. S. C.

JOAN B. LOBIS, J.S.C.

Oral
Argument
Required